J. DAVID NICK, Esq. (SB#157687)
EDITTE LERMAN, Esq. (SB#241471)
45060 Ukiah Street
P.O. Box 802
Mendocino, CA 95460
Tel: (707) 937-1711
Fax: (707) 937-2207

Attorneys for Plaintiff
ZACHARIAH JUDSON RUTLEDGE

E-filing

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

ZACHARIAH JUDSON RUTLEDGE,

PLAINTIFF,

vs.

COUNTY OF SONOMA,
MICHAEL POTTS, RUSSEL L.
DAVIDSON, JAMES PATRICK CASEY,
CHRISTINE M. COOK, DETECTIVE
BEAU R. MARTIN, SONOMA
COUNTY SHERIFF'S DEPARTMENT;
and DOES 1 through 40,

Defendants.

CASE NO.: C 07 4274 EMC

COMPLAINT FOR DAMAGES
FOR VIOLATION OF CIVIL RIGHTS;
INTENTIONAL/NEGLIGENT
INFLICTION OF EMOTIONAL
DISTRESS; ASSAULT AND; BATTERY
FALSE ARREST AND IMPRISONMENT;
UNLAWFUL SEARCH; SLANDER AND
LIBEL; AND VIOLATION OF THE
CALIFORNIA UNRUH CIVIL RIGHTS
ACT

DEMAND FOR JURY TRIAL

**GENERAL ALLEGATIONS**

1.      This action arises under the Civil Rights Act of 1871 (42 U.S.C. Sections 1983 and 1988) and the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. This Court has jurisdiction of the federal claims under 28 U.S.C. Section 1331, 1332, 1343(3) 1343(4), 2201, and 2202. This court has pendent jurisdiction over the state claims.

2.　　This action also arises under the California Tort Claims Act (Cal. Gov Code §§ 810 et seq), and the California Unruh Civil Rights Act (California Civil Code[1] § 51 et seq and CC § 52 et seq ).

3.　　Plaintiff, ZACHARIAH JUDSON RUTLEDGE (hereinafter "PLAINTIFF") is and was at all times mentioned herein a citizen of the United States, the State of California and a resident of the County of Sonoma.

4.　　Defendant COUNTY OF SONOMA (hereinafter "COUNTY") is a political subdivision of the State of California.

5.　　Defendant SENIOR CRIMINALIST MICHAEL POTTS (hereinafter "POTTS"), and DOES 1 through 10, were in performing the acts alleged herein, acting as agents of the California Department of Justice Bureau of Forensic Services (hereinafter "DOJ"), employed by DOJ or were acting individually, outside the course and scope of their employment; and in performing all of the acts alleged herein, defendants acted under color of the statutes, ordinances, regulations, customs and usages of the DOJ, and pursuant to the official policy, custom and practice of DOJ.

6.　　Defendants DETECTIVE RUSSEL L. DAVIDSON (hereinafter "DAVIDSON"), DETICTIVE BEAU R. MARTIN (hereinafter "MARTIN") and DOES 11 - 20 are employed by the Sheriff's Department assigned to the Sonoma COUNTY Sheriff's Department the time PLAINTIFF was arrested and incarcerated and are sued herein in their individual capacities. Said defendants, in performing the acts alleged herein acted under color of state law and pursuant to the official policy, custom and practice of Sonoma COUNTY Sheriff's Department.

---

[1] California Civil Code is hereinafter "CC".

7. Defendants MICHAEL POTTS (hereinafter "POTTS"), and DOES 1 through 10, were in performing the acts alleged herein, also acting as agents of the Sonoma COUNTY Sheriff's Department, or were acting individually, outside the course and scope of their duty; and in performing all of the acts alleged herein, defendants acted under color of the statutes, ordinances, regulations, customs and usages of the Sonoma COUNTY Sheriff's Department, and pursuant to the official policy, custom and practice of the Sonoma COUNTY Sheriff's Department.

8. Defendants DEPUTY DISTRICT ATTORNEY JAMES PATRICK CASEY (hereinafter "CASEY"), ASSISTANT DISTRICT ATTORNEY CHRISTINE M. COOK (hereinafter "COOK"), and DOES 21 - 30 are employed by the District Attorney's Office of Sonoma COUNTY (hereinafter "D.A's OFFICE"), or were acting individually, outside the course and scope of their employment; and, in performing all of the acts alleged herein, defendants acted under color of the statutes, ordinances, regulations, customs and usages of the D.A's OFFICE, and pursuant to the official policy, custom and practice of the D.A's OFFICE.

9. Defendant DEPUTY DISTRICT ATTORNEY JAMES PATRICK CASEY, was in performing the acts alleged herein, also acting as an agent of the Sonoma COUNTY Sheriff's Department, or were acting individually, outside the course and scope of their duty; and in performing all of the acts alleged herein, defendants acted under color of the statutes, ordinances, regulations, customs and usages of the Sonoma COUNTY Sheriff's Department, and pursuant to the official policy, custom and practice of the Sonoma COUNTY Sheriff's Department.

10. The true names and capacities of Defendants DOES 1 through 30 are unknown to the PLAINTIFF. Each of these fictitiously named parties has acted as agent of or in concert with the named defendants in the matters referred to herein and is responsible in some manner for the

damages suffered by PLAINTIFF. PLAINTIFF will amend this complaint to add the names and capacities of such defendants when ascertained.

## STATEMENT OF FACTS

11. On or about August 3, 2000, POTTS authored a forensic laboratory report, which included stated facts that were false in order to connect PLAINTIFF to a double murder, which occurred on or about October 23, 1998. The false facts were included in the report with malice and reckless disregard of the truth.

12. On or about May 8, 2002 CASEY, Commanded DAVIDSON to draft a Declaration in Support of Warrant of Arrest Made Under Section 2015.5 C.C.P. which was dated May, 8, 2002. CASEY also ordered DAVIDSON to arrest PLAINTIFF.

13. On or about May 8, 2002 DAVIDSON drafted a Declaration in Support of Warrant of Arrest Made Under Section 2015.5 C.C.P. which was dated May, 8, 2002, under the direct supervision of CASEY.

14. CASEY, POTTS, and DAVIDISON conspired to present a false affidavit containing false evidence to the magistrate through the Declaration in Support of Warrant of Arrest Made Under Section 2015.5 C.C.P. which was dated May 8, 2002.

15. CASEY and DAVIDSON conspired to omit known exculpatory evidence from the Declaration in Support of Warrant of Arrest Made Under Section 2015.5 C.C.P. which was dated May, 8, 2002, in an effort to deceive and mislead the magistrate into issuing the requested Arrest Warrant attached to PLAINTIFF.

16. DAVIDSON omitted exculpatory evidence from the Declaration in Support of Warrant of Arrest Made Under Section 2015.5 C.C.P. which was dated May, 8, 2002, in an effort to deceive and mislead the magistrate into issuing the requested Arrest Warrant attached to PLAINTIFF.

17. On or about May 8, 2002, CASEY made the decision to arrest PLAINTIFF.

18. On or about May 8, 2002, under the direction and supervision of CASEY, MARTIN drafted a Search Warrant Affidavit, which included a statement of probable cause to search PLAINTIFF's residence. The Search Warrant Affidavit failed to support probable cause to search PLAINTIFF's residence.

19. On or about May 8, 2002 CASEY, DAVIDSON and DOES 11-20 arrested PLAINTIFF.

20. On or About May 8, 2002 CASEY, DAVIDSON and DOES 11-20 imprisoned PLAINTIFF.

21. On or about May 8, 2002 CASEY, DAVIDSON and DOES 11-20 unlawfully searched PLAINTIFF's residence, pursuant to an invalid search warrant. CASEY, DAVIDSON and DOES 11-20 possessed knowledge that said search warrant was not valid, at the time of the search.

22. At no time during PLAINTIFF's arrest did any of the officers have probable cause to arrest PLAINTIFF.

23. PLAINTIFF did not consent to his detention or his arrest, nor did he resist in any manner.

24. On or about, September 29, 2006 PLAINTIFF was found not guilty of all counts by a jury of his peers and was released.

25. On or about October 10, 2006 COOK, issued statements to a radio broadcast, where she provided public statements which were presented to the public as facts, and in her words, "to set the record the record strait on a few points." COOK stated that PLAINTIFF was not found innocent, and that PLAINTFF miserably failed the polygraph test connected to the double murder investigation. COOK made further statements of fact, which imply that PLAINTIFF was a murder, and that the PLAINTIFF is guilty of murder.

26. On or about October 27, 2006 PLAINTIFF demanded in writing that COOK retract all false statements made by COOK on or about October 10, 2006.

27. PLAINTIFF filed timely claims for damages with both COUNTY and the State of California, which possess jurisdiction over all defendants. Said claims were subsequently denied and this complaint is filed within a six-month period after the denials.

//
//
//

**FIRST CAUSE OF ACTION -
VIOLATION OF CONSTITUTIONAL RIGHTS
(DEFENDANTS COUNTY OF SONOMA, CASEY, DAVIDSON, POTTS)**

28. PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 through 27 above.

29. As a direct and proximate result of defendants' unlawful actions as alleged herein, PLAINTIFF was deprived of his Fourth Amendment Right to be free from unreasonable search and seizure and to be free from excessive force and to be free from cruel an unusual punishment as a pre-trial detainee, and his Fifth Amendment right to due process of the law as applied to the states under the Fourteenth Amendment.

30. As a further direct and proximate result of defendants' unlawful actions as alleged herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him to compensation under 42 U.S.C. Section 1983 according to proof, as well as reasonable attorneys fees incurred in pursuing these claims under 42 U.S.C. Section 1988.

**SECOND CAUSE OF ACTION
INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(ALL DEFENDANTS)**

31. PLAINTIFF refers to and incorporates herein Paragraphs 1 through 30 above.

32. Defendants' conduct was not only outrageous it was intentional and malicious, or at the least grossly negligent, exhibiting a reckless disregard for PLAINTIFF's rights, causing PLAINTIFF to suffer humiliation, mental anguish, stress and emotional and physical distress and PLAINTIFF was injured in mind and body all to his damage in amounts according to proof

33. As a further proximate result of the aforementioned acts of defendants, PLAINTIFF was required to and did employ physicians to examine, treat and care for PLAINTIFF, and incurred additional medical expenses in amounts not yet ascertained. PLAINTIFF has been informed and believes and thereon alleges that he will incur additional medical expenses in the future, the exact amounts of which are currently unknown.

34. By reason of the aforementioned abusive acts of defendants, PLAINTIFF was prevented from attending to his usual business and thereby lost earnings and revenues in amounts not yet ascertained. PLAINTIFF is informed and believes and thereon alleges that he will be deprived from attending to his usual business for a period in the future which cannot yet be ascertained, and will thereby sustain further loss of earning in amounts according to proof.

35. The aforementioned acts of defendants were willful, wanton, malicious and oppressive and justify the awarding of exemplary and punitive damages in amounts according to proof at trial.

**FOURTH CAUSE OF ACTION**
**FALSE ARREST AND FALSE IMPRISONMENT**
**(DEFENDANTS COUNTY OF SONOMA, CASEY, DAVIDSON, POTTS)**

36. PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 35 above.

37. As herein alleged, PLAINTIFF was falsely arrested by defendants, COUNTY, CASEY, DAVIDSON and POTTS, and unlawfully held captive against his will and falsely imprisoned maliciously and without valid warrant or any order of commitment or any other legal authority of any kind by COUNTY, CASEY, DAVIDSON. PLAINTIFF was arrested and imprisoned

pursuant to an invalid arrest warrant, which was issued without probable cause pursuant to a falsified affidavit.

38. As a proximate result of the acts of defendants as alleged, PLAINTIFF suffered physical and emotional injuries all of which have caused, and continue to cause, PLAINTIFF great mental, physical and nervous pain and suffering. PLAINTIFF is informed and believes and thereon alleges that these injuries will result in some permanent disability to him. As a result of these injuries, PLAINTIFF has suffered general damages in amounts not yet ascertained.

39. As a further proximate result of defendants' acts, PLAINTIFF has been damaged in that he has been required to expend money and incur obligations for legal services, medical services, drugs, and sundries reasonably required in the treatment and relief of the injuries herein alleged in amounts not yet ascertained.

40. As a further proximate result of the acts of defendants, PLAINTIFF has incurred, and will continue to incur, legal, medical and related expenses. The full amount of these expenses is not known to PLAINTIFF at this time.

41. As a further proximate result of the acts of defendant, PLAINTIFF was prevented from attending to his usual occupation and thereby lost earnings to his damage in amounts not yet ascertained.

42. As a further proximate result of defendants' actions, PLAINTIFF's present and future earning capacity has been greatly impaired in amounts not yet ascertained.

43. The aforementioned acts of defendants in falsely arresting and imprisoning PLAINTIFF were willful and malicious and were intended to oppress and cause injury to PLAINTIFF. PLAINTIFF is therefore entitled to an award of punitive damages.

### FIFTH CAUSE OF ACTION
### VIOLATION OF STATE OF CALIFORNIA CONSTITUTION ARTICLE I SECTION 13 BY PRESENTING FALSE AFFIDAVIT IN SUPPORT OF ARREST
### (DEFENDANTS CASEY AND DAVIDSON)

44. PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 43 above.

45. On or about May 8, 2002 defendant's CASEY and DAVIDSON executed an arrest warrant for the arrest of PLAINTIFF. The arrest warrant was obtained in violation of State Constitution Article I Section 13 in that DAVIDSON under the orders and direction of CASEY, presented to a magistrate a false affidavit in support of the arrest warrant that contained materially false information, which without its inclusion in the supporting affidavit the warrant would not have issued. Said false statements were made in conscious disregard for the truth and or were deliberately made by DAVIDSON knowing said statements to be false.

46. As a proximate result of the acts of defendants as alleged, PLAINTIFF suffered physical and emotional injuries all of which have caused, and continue to cause, PLAINTIFF great mental, physical and nervous pain and suffering. PLAINTIFF is informed and believes and thereon alleges that these injuries will result in some permanent disability to him. As a result of these injuries, PLAINTIFF has suffered general damages in amounts not yet ascertained.

47. As a further proximate result of defendants' acts, PLAINTIFF has been damaged in that he has been required to expend money and incur obligations for legal services, medical services, drugs, and sundries reasonably required in the treatment and relief of the injuries herein alleged in amounts not yet ascertained.

48. As a further proximate result of the acts of defendants, PLAINTIFF has incurred, and will continue to incur, legal, medical and related expenses. The full amount of these expenses is not known to PLAINTIFF at this time.

49. As a further proximate result of the acts of defendant, PLAINTIFF was prevented from attending to his usual occupation and thereby lost earnings to his damage in amounts not yet ascertained.

50. As a further proximate result of defendants' actions, PLAINTIFF's present and future earning capacity has been greatly impaired in amounts not yet ascertained.

51. The aforementioned acts of defendants in falsely arresting and imprisoning PLAINTIFF pursuant to the arrest warrant obtained by the false affidavit were willful and malicious and were intended to oppress and cause injury to PLAINTIFF. PLAINTIFF is therefore entitled to an award of punitive damages.

**SIXTH CAUSE OF ACTION**
**DEFAMATION, SLANDER AND LIBEL**
**(DEFENDANT COOK)**

52. PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 51 above.

53. On or about October 10, 2006, defendant COOK committed acts, outside the scope of her official duties, which consisted of issuing a false and unprivileged publication which exposed PLAINTIFF to hatred, contempt, ridicule, disgrace, which caused PLAINTIFF to be shunned, avoided and injured his occupation.

54. The false and unprivileged publication made by COOK concerning PLAINTIFF was made with her knowledge that it was false or with reckless disregard of whether it was false or not.

55. On or about October 27, 2006 PLAINTIFF demanded defendant COOK to retract and correct the false and unprivileged publication made by COOK concerning PLAINTIFF.

56. Defendant COOK failed to correct the false and unprivileged publication concerning the PLAINTIFF.

57. Defendant COOK made the false and unprivileged publication concerning the PLAINTIFF in the deliberate and successful attempt to destroy PLAINTIFF's present and future employment, reputation and family relationships.

58. Defendant's conduct was not only outrageous, it was intentional and malicious, exhibiting a reckless disregard for PLAINTIFF's rights, causing PLAINTIFF to suffer humiliation, mental anguish, stress and emotional and physical distress and PLAINTIFF was injured financially, and injured in mind and body, all to his damage in amounts according to proof.

59. Defendant's conduct was also intentional and malicious, exhibiting a reckless disregard for PLAINTIFF's rights, causing PLAINTIFF to suffer humiliation, mental anguish, stress and emotional and physical distress. Defendant was therefore guilty of malice, oppression amounting to despicable conduct so as to justify an award of exemplary or punitive damages.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE CALIFORNIA UNRUH CIVIL RIGHTS ACT, CC § 51 et sec and CC § 52 et seq
## (ALL DEFENDANTS)

60. PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 59 above.

61. By the Defendants' acts described above, the defendants have interfered, or attempted to interfere, by threats, intimidation, or coercion, with the PLAINTIFF's exercise or enjoyment of his constitutional or statutory rights.

62. By the Defendants' acts described above, the defendants also interfered with the PLAINTIFF's right to be free from violence or intimidation.

63. Defendants are therefore guilty of malice, oppression amounting to despicable conduct so as to justify for actual and exemplary damages and penalties.

//

//

## EIGHTH CAUSE OF ACTION
## CONSPIRACY PURSUANT TO 42 U.S.C. § 1983
## (ALL DEFENDANTS)

64. PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 63 above.

65. In a combination of two or more persons, defendants acted in concert to commit an individual act, or a lawful act by unlawful means, to inflict a wrong against or injury upon PLAINTIFF. In committing the individual act, or a lawful act by unlawful means, the defendants made an agreement to inflict a wrong against or injury upon PLAINTIFF.

66. As a result of the defendants acts PLAINTFF was deprived of his constitutional right to be free from unlawful searches and seizures, and his right to be free from violence or intimidation.

67. Defendant's conduct was not only outrageous, it was intentional and malicious, exhibiting a reckless disregard for PLAINTIFF's rights, causing PLAINTIFF to suffer humiliation, mental anguish, stress and emotional and physical distress and PLAINTIFF was injured financially, and injured in mind and body, all to his damage in amounts according to proof.

68. Defendant's conduct was also intentional and malicious, exhibiting a reckless disregard for PLAINTIFF's rights, causing PLAINTIFF to suffer humiliation, mental anguish, stress and emotional and physical distress. Defendant was therefore guilty of malice, oppression amounting to despicable conduct so as to justify an award of exemplary or punitive damages.

## DEMAND FOR JURY TRIAL

69.  PLAINTIFF hereby demands a trial by jury on all of the above causes of action.

WHEREFORE, PLAINTIFF prays for the following relief as to all causes of action:

A.  A judgment awarding PLAINTIFF general, special and punitive damages in amounts according to proof;

B.  A judgment awarding PLAINTIFF reasonable attorneys fees;

C.  A judgment awarding PLAINTIFF his costs of suit; and

D.  Such other and further relief as the Court deems proper.

Dated: August 16, 2007

*[signature]*
J. David Nick
Attorney for Plaintiff
**ZACHARIAH JUDSON RUTLEDGE**