**J. DAVID NICK, Esq. (**SB#157687)
**EDITTE LERMAN, Esq. (**SB#241471)
45060 Ukiah Street
P.O. Box 802
Mendocino, CA 95460
Tel: (707) 937-1711
Fax: (707) 937-2207

Attorneys for Plaintiff
ZACHARIAH JUDSON RUTLEDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

\* \* \* \* \* \*

| | |
|---|---|
| ZACHARIAH JUDSON RUTLEDGE, | CASE NO.: CV 07-04274 EMC |
| Plaintiff, | **EX PARTE APPLICATION FOR ADDITIONAL TIME FOR SERVICE OF PROCESS AND FOR CONTINUANCE OF THE CASE MANAGEMENT CONFERENCE** |
| vs. | |
| COUNTY OF SONOMA, MICHAEL POTTS, RUSSEL L. DAVIDSON, JAMES PATRICK CASEY, CHRISTINE M. COOK, DETECTIVE BEAU R. MARTIN, SONOMA COUNTY SHERIFF'S DEPARTMENT; SONOMA COUNTY DISTRICT ATTORNEY'S OFFICE; and DOES 1 through 40. | (Case Management Conference set for) Date: January 23, 2008 Time: 1:30 p.m. Dept.: Courtroom C, 15th Floor Hon. Edward M. Chen Magistrate Judge |
| Defendants. | |

**EX PARTE APPLICATION TO EXTEND PERIOD OF TIME FOR SERVICE
OF PROCESS BEYOND 120 DAYS AND TO CONTINUE
CASE MANAGEMENT CONFERENCE: DECLARATION OF COUNSEL**

1. I, Editte Lerman, am an attorney licensed to practice law in the State of California and am the counsel for plaintiff, Zachariah Rutledge, in this action. Except as otherwise stated, I have personal knowledge of every fact stated in this declaration and, if called as a witness, could and would testify competently thereto.

2. I am a resident of the State of California, residing or employed in Mendocino, California. I am over the age of 18 years and am not a party to the above-entitled action. My business address is 45060 Ukiah Street, P.O. Box 802, Mendocino, CA 95460.

**ARRANGEMENTS FOR SERVICE OF PAPERS HAVE BEEN MADE FOR ALL
DEFENDANTS EXCEPT ONE**

3. This immediate case involves complex series of facts, contained in part within approximately 10,000 pages of documents connected an underlying criminal action, which spanned over a four-year period of time. Due the complexity of the case the plaintiff filed the complaint on August 20, 2007 with the intent to file a first amended complaint prior to service. The first amended complaint was filed on December 21, 2007.

4. On December 31, 2007, ten days after the First Amended Complaint (Document 7) was filed, a copy of the summons, complaint, and first amended complaint was submitted, via first class mail, to the Sonoma County Counsel's Office, with a request to accept service of the papers.

5. On January 10, 2008, Sonoma County Counsel contacted Plaintiff's lead counsel, J. David Nick, stating that they have assigned a Deputy County Counsel to accept service in this

1   matter. However, Sonoma County Counsel stated that they will not accept service for defendant
2   Michael Potts.
3        6.    On January 11, 2008 copies of the Summons, complaint, first amended complaint
4   and ADR package were mailed to Private Investigator, Chris Reynolds, for service and delivery
5   to all defendants except Michael Potts.
6        7.    Mr. Reynolds has also been assigned the task of locating Michel Potts for service
7   of the papers.
8        8.    Plaintiff anticipates that service of process of the complaint and summon will be
9   complete by February 29, 2008 at the latest.

**DEFENDANTS WERE INFORMED THE LAWSUIT HAS BEEN FILED**

12        9.    On Thursday, August 23, 2007 the defendant's became aware that the suit has
13   been filed, when "Sonoma County officials declined to comment Thursday [on this immediate
14   case]," (Henry K. Lee, _Man acquitted in Monte Rio shootings sues Sonoma County_, San
15   Francisco Chronicle, Aug. 24. 2007) in regards to the reference newspaper article about the
16   lawsuit, which was published on Friday August 24, 2007.

**NO PREJUDICE TO DEFENDANT**

21        10.    An extension of time for service of the complaint and summons would not
22   prejudice the defendants. On March 6, 2007, the defendant's were placed on notice of the
23   claims alleged in the complaint pursuant to the California Tort Claims Act. The defendant's
24   rejected the claim on June 26, 2007.

## PLAINTIFF WOULD BE SEVERELY PREJUDICED IF COMPLAINT WERE DISMISSED

11. The plaintiff would be severely prejudices if the complaint were dismissed due the tight constraints contained within the six-month statute of limitations connected with the California Tort Claims Act, at California Government Code Section 945.6(a)(1). If the matter was dismissed, the Plaintiff will be prevented from gaining jurisdiction pursuant to the six-month statute of limitations.

12. For the forgoing reasons Plaintiff requests that period of time for service of process be extended beyond 120 days, to February 29, 2008 or a date thereafter, and that the case management conference be continued to a date in accordance to the process of service due date.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration is executed on January 13, 2008 at Mendocino, California.

_____

Editte Lerman

## POINTS AND AUTHORITIES

A grant additional time to complete service if plaintiff demonstrates good cause for failing to serve defendant within the 120-day period. (*Fed. R. Civ. P.* 4(m).)

A trial court may extend the time permitted to effect service even if the 120-day period has already lapsed. *Mendez v. Elliot* (4th Cir. 1995) 45 F.3d 75, 78-79

Here, the defendant has shown: (1) that defendants were on notice of the claim and the lawsuit; (2) that there was no prejudice to defendant; (3) plaintiff would be severely prejudiced if complaint were dismissed; and (4) that the plaintiff was diligent in preparing and filing the

first amended complaint and the subsequent initiation of the service of the papers, therefore the plaintiff has shown good cause or failing to serve defendants within the 120-day period.

*Local Rule 16-9 and 16-10* requires hat both parties must file either a Joint or Separate Case Management Statement and attend the Initial Case Management Conference. Here, the defendant's have not yet been served, therefore plaintiff requests a continuance of the case management conference to a date in accordance to the date of service of summons and the complaint.

## CONCLUSION

Since, the plaintiff has demonstrated good cause for failing to serve defendant within the 120-day period there is good cause, the Court must grant additional time (to February 29, 2008, or a date thereafter) to complete service, and should continue the case management conference to a date in accordance to the deadline for completion of service.

Respectfully submitted,

_____
Editte Lerman
Attorney for Plaintiff
Zachariah Rutledge

Page 5 of 6
*Ex Parte* Application to Extend Time for Service and to Continue Case Management Conference

1
2
3
4                                    ORDER

5      Satisfactory proof having been made and good cause appearing,

6      IT IS ORDERED THAT:

7      Plaintiff's application for additional time to complete service, and to continue the
8 case management conference is granted;

9      The time limit for service of the summons and complaint is extended to February 29,
10 2008; and the Case Management Conference is continued to _____ ___, 2008.

11
12

13 Dated: January ___, 2008.

14 _____
   Edward M. Chen
15 UNITED STATES DISTRICT COURT
   MAGISTRATE JUDGE
16
17
18
19
20
21
22
23
24
25
26