1  **J. DAVID NICK, Esq.** (SB#157687)
   **EDITTE LERMAN, Esq.** (SB#241471)
2  45060 Ukiah Street
   P.O. Box 802
3  Mendocino, CA 95460
   Tel: (707) 937-1711
4  Fax: (707) 937-2207

5  Attorneys for Plaintiff
   ZACHARIAH JUDSON RUTLEDGE
6

7

8
                    UNITED STATES DISTRICT COURT
9              FOR THE NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
10
                              * * * * * *
11
12  ZACHARIAH JUDSON RUTLEDGE,         )   CASE NO.: CV 07-04274 EMC
                                       )
13          Plaintiff,                 )   **EX PARTE APPLICATION
                                       )   FOR ADDITIONAL TIME FOR
                                       )   SERVICE OF PROCESS AND
14          vs.                        )   FOR CONTINUANCE OF THE CASE** ; ORDER
                                       )   **MANAGEMENT CONFERENCE**
15  COUNTY OF SONOMA,                  )
    MICHAEL POTTS, RUSSEL L.           )   (Case Management Conference set for)
16  DAVIDSON, JAMES PATRICK CASEY,     )   Date: January 23, 2008
    CHRISTINE M. COOK, DETECTIVE       )   Time: 1:30 p.m.
17  BEAU R. MARTIN, SONOMA             )   Dept.: Courtroom C, 15th Floor
    COUNTY SHERIFF'S DEPARTMENT;       )   Hon. Edward M. Chen Magistrate Judge
18  SONOMA COUNTY DISTRICT             )
    ATTORNEY'S OFFICE; and DOES 1      )
19  through 40.                        )
                                       )
20          Defendants.                )
                                       )
21

22

23

24

25

26                              Page 1 of 6
       *Ex Parte* Application to Extend Time for Service and to Continue Case Management Conference

**EX PARTE APPLICATION TO EXTEND PERIOD OF TIME FOR SERVICE OF PROCESS BEYOND 120 DAYS AND TO CONTINUE CASE MANAGEMENT CONFERENCE: DECLARATION OF COUNSEL**

1. I, Editte Lerman, am an attorney licensed to practice law in the State of California and am the counsel for plaintiff, Zachariah Rutledge, in this action. Except as otherwise stated, I have personal knowledge of every fact stated in this declaration and, if called as a witness, could and would testify competently thereto.

2. I am a resident of the State of California, residing or employed in Mendocino, California. I am over the age of 18 years and am not a party to the above-entitled action. My business address is 45060 Ukiah Street, P.O. Box 802, Mendocino, CA 95460.

**ARRANGEMENTS FOR SERVICE OF PAPERS HAVE BEEN MADE FOR ALL DEFENDANTS EXCEPT ONE**

3. This immediate case involves complex series of facts, contained in part within approximately 10,000 pages of documents connected an underlying criminal action, which spanned over a four-year period of time. Due the complexity of the case the plaintiff filed the complaint on August 20, 2007 with the intent to file a first amended complaint prior to service. The first amended complaint was filed on December 21, 2007.

4. On December 31, 2007, ten days after the First Amended Complaint (Document 7) was filed, a copy of the summons, complaint, and first amended complaint was submitted, via first class mail, to the Sonoma County Counsel's Office, with a request to accept service of the papers.

5. On January 10, 2008, Sonoma County Counsel contacted Plaintiff's lead counsel, J. David Nick, stating that they have assigned a Deputy County Counsel to accept service in this

1  matter. However, Sonoma County Counsel stated that they will not accept service for defendant
2  Michael Potts.
3       6.    On January 11, 2008 copies of the Summons, complaint, first amended complaint
4  and ADR package were mailed to Private Investigator, Chris Reynolds, for service and delivery
5  to all defendants except Michael Potts.
6       7.    Mr. Reynolds has also been assigned the task of locating Michel Potts for service
7  of the papers.
8       8.    Plaintiff anticipates that service of process of the complaint and summon will be
9  complete by February 29, 2008 at the latest.
10
11  **DEFENDANTS WERE INFORMED THE LAWSUIT HAS BEEN FILED**
12       9.    On Thursday, August 23, 2007 the defendant's became aware that the suit has
13  been filed, when "Sonoma County officials declined to comment Thursday [on this immediate
14  case]," (Henry K. Lee, *Man acquitted in Monte Rio shootings sues Sonoma County*, San
15  Francisco Chronicle, Aug. 24. 2007) in regards to the reference newspaper article about the
16  lawsuit, which was published on Friday August 24, 2007.
17
18
19
20  **NO PREJUDICE TO DEFENDANT**
21       10.    An extension of time for service of the complaint and summons would not
22  prejudice the defendants. On March 6, 2007, the defendant's were placed on notice of the
23  claims alleged in the complaint pursuant to the California Tort Claims Act. The defendant's
24  rejected the claim on June 26, 2007.
25
26

## PLAINTIFF WOULD BE SEVERELY PREJUDICED
## IF COMPLAINT WERE DISMISSED

11. The plaintiff would be severely prejudices if the complaint were dismissed due the tight constraints contained within the six-month statute of limitations connected with the California Tort Claims Act, at California Government Code Section 945.6(a)(1). If the matter was dismissed, the Plaintiff will be prevented from gaining jurisdiction pursuant to the six-month statute of limitations.

12. For the forgoing reasons Plaintiff requests that period of time for service of process be extended beyond 120 days, to February 29, 2008 or a date thereafter, and that the case management conference be continued to a date in accordance to the process of service due date.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration is executed on January 13, 2008 at Mendocino, California.

_____

Editte Lerman

## POINTS AND AUTHORITIES

A grant additional time to complete service if plaintiff demonstrates good cause for failing to serve defendant within the 120-day period. (*Fed. R. Civ. P.* 4(m).)

A trial court may extend the time permitted to effect service even if the 120-day period has already lapsed. *Mendez v. Elliot* (4th Cir. 1995) 45 F.3d 75, 78-79

Here, the defendant has shown: (1) that defendants were on notice of the claim and the lawsuit; (2) that there was no prejudice to defendant; (3) plaintiff would be severely prejudiced if complaint were dismissed; and (4) that the plaintiff was diligent in preparing and filing the

1 first amended complaint and the subsequent initiation of the service of the papers, therefore the
2 plaintiff has shown good cause or failing to serve defendants within the 120-day period.
3     <u>Local Rule 16-9 and 16-10</u> requires hat both parties must file either a Joint or Separate
4 Case Management Statement and attend the Initial Case Management Conference.  Here, the
5 defendant's have not yet been served, therefore plaintiff requests a continuance of the case
6 management conference to a date in accordance to the date of service of summons and the
7 complaint.

**CONCLUSION**

9     Since, the plaintiff has demonstrated good cause for failing to serve defendant within the
10 120-day period there is good cause, the Court must grant additional time (to February 29, 2008,
11 or a date thereafter) to complete service, and should continue the case management conference
12 to a date in accordance to the deadline for completion of service.

14     Respectfully submitted,

16     _____
    Editte Lerman
    Attorney for Plaintiff
17     Zachariah Rutledge

## ORDER

Satisfactory proof having been made and good cause appearing,

IT IS ORDERED THAT:

Plaintiff's application for additional time to complete service, and to continue the case management conference is granted;

The time limit for service of the summons and complaint is extended to February 29, 2008; and the Case Management Conference is continued to _____April 2_____, 2008.

Dated: January __14__, 2008.

_____
Edward M. Chen
UNITED STATES DISTRICT
MAGISTRATE JUDGE

*IT IS SO ORDERED AS MODIFIED*
Judge Edward M. Chen
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA