**J. DAVID NICK, Esq. (**SB#157687)
**EDITTE LERMAN, Esq. (**SB#241471)
45060 Ukiah Street
P.O. Box 802
Mendocino, CA 95460
Tel: (707) 937-1711
Fax: (707) 937-2207

Attorneys for Plaintiff
ZACHARIAH JUDSON RUTLEDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

\* \* \* \* \* \*

| | |
|---|---|
| ZACHARIAH JUDSON RUTLEDGE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> COUNTY OF SONOMA, ) <br> MICHAEL POTTS, RUSSEL L. ) <br> DAVIDSON, JAMES PATRICK CASEY, ) <br> CHRISTINE M. COOK, DETECTIVE ) <br> BEAU R. MARTIN, SONOMA ) <br> COUNTY SHERIFF'S DEPARTMENT; ) <br> SONOMA COUNTY DISTRICT ) <br> ATTORNEY'S OFFICE; and DOES 1 ) <br> through 40. ) <br> ) <br> Defendants. ) <br> _____ ) | CASE NO.: CV 07-04274 EMC <br><br> **EX PARTE APPLICATION FOR LEAVE TO CORRECT CAPTION ON FIRST AMENDED COMPLAINT FOR LEAVE TO AMEND SUMMONS**; **(Proposed) ORDER** <br><br> [FCRP 15] <br><br> (Date of completion of service set for) <br> Date: February 29, 2008 |

Page 1 of 5
*Ex Parte* Application for Leave to Correct Caption of First Amended Complaint and to Amend Summons

### EX PARTE APPLICATION FOR LEAVE TO CORRECT CAPTION OF FIRST AMENDED COMPLAINT AND TO AMEND SUMMONS: DECLARATION OF COUNSEL

1.    I, Editte Lerman, am an attorney licensed to practice law in the State of California and am the counsel for plaintiff, Zachariah Rutledge, in this action. Except as otherwise stated, I have personal knowledge of every fact stated in this declaration and, if called as a witness, could and would testify competently thereto.

2.    I am a resident of the State of California, residing or employed in Mendocino, California. I am over the age of 18 years and am not a party to the above-entitled action. My business address is 45060 Ukiah Street, P.O. Box 802, Mendocino, CA 95460.

### PLAINTIFF ERRORED IN FAILING TO ADD NAMES OF TWO DEFENDANTS IN CAPTION OF FIRST AMENDED COMPLAINT

3.    On December 21, 2007 Plaintiff filed the first amended complaint. Three additional defendants were named, who were originally identified as DOES 1-3 on the first Complaint. The names of the identified defendants erroneously omitted from the caption are J. MICHAEL MULLINS and STEPHAN R. PASSALACQUA. The names of defendants is also omitted on the summons.

### NONE OF THE DEFENDANTS HAVE BEEN SERVED AND COUNSEL FOR ALL DEFENDANTS EXCEPT JACOBS AND POTTS REFUSED TO WAIVE SERVICE OF SUMMONS

4.    On January 14, 2008 Plaintiff was contacted by Bonnie A. Freeman, Esq. Ms. Freeman informed Plaintiff that she has been authorized to accept service for all of the defendants except, Messrs. Potts and Jacobs. On January 15, 2008, a Notice of Lawsuit and Request for Waiver of Service of Summons was sent to Ms. Freeman for the defendants she represents. On January

17, 2008, Ms. Freeman contacted my office and informed me that she will not waive service of summons due to the defect in caption of the summons and the first amended complaint in that they do not name all parties.

On January 14, 2008 Plaintiff also sent a Notice of Lawsuit and Request for Waiver of Service of Summons to the California Attorney General for service of defendant Michael Potts.

As of the date of the filing of this application, the California Attorney General has not made contact with the plaintiff.   The remaining defendant, Greg Jacobs, has not been located, contacted, or served by Plaintiff.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration is executed on January 22, 2008 at Mendocino, California.

--------------/s/---------------------
Editte Lerman

### POINTS AND AUTHORITIES

Federal Rules of Civil Procedure 15 - Amended and Supplemental Pleadings provides in part,

(a) Amendments Before Trial.

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course:

(A) before being served with a responsive pleading;

(2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
(*Fed. R. Civ. P.* 15(a)(1)-(2).)

Although the full name of each individual or entity named as a party in the action should be set forth accurately in the complaint or in some other pleading in which a claim for relief is first stated against that party, this requirement is interpreted liberally. In the absence of prejudice, the court will overlook, or permit a party to amend, errors and omissions in the naming of parties. (*Yeseta v. Baima*, 837 F.2d 380, 382-383 (9th Cir. 1988); *Blanchard v. Terry & Wright, Inc.*, 331 F.2d 467, 469 (6th Cir. 1964))

Here, the summons and complaint have not been served and the defendant's have refused to waive the service of the summons, and the deadline for service of the summons and complaint has been set to February 29, 2008 (See Document 9).  Therefore, the defendants cannot be prejudiced by leave to amend, errors and omissions in the naming of parties.

**CONCLUSION**

The Court should grant the plaintiff leave to amend to correct the errors and omissions in the naming of parties in the First amended Complaint and leave to amend the Summons.


Dated:  January 22, 2008

Respectfully submitted,


------------------/s/------------------
Editte Lerman
Attorney for Plaintiff
Zachariah Rutledge

1
2
3
4
5
6
7                                              ORDER

8        Satisfactory proof having been made and good cause appearing,

9        IT IS ORDERED THAT:

10       Plaintiff's application for leave to amend Summons and the First Amended
11   Complaint is granted.   Plaintiff is ordered to serve a copy of this order upon all defendants.

12

13   Dated: January __23, 2008.

14   _____
     Edward M. Chen
15   UNITED STATES DISTRICT COURT
     MAGISTRATE JUDGE
16
17
18
19
20
21
22
23
24
25
26                                        Page 5 of 5
        *Ex Parte* Application for Leave to Correct Caption of First Amended Complaint and to Amend Summons

*[Stamp: IT IS SO ORDERED AS MODIFIED — Judge Edward M. Chen, United States District Court, Northern District of California]*