**J. DAVID NICK, Esq. (**SB#157687)
**EDITTE  LERMAN, Esq. (**SB#241471)
45060 Ukiah Street
P.O. Box 802
Mendocino, CA 95460
Tel: (707) 937-1711
Fax: (707) 937-2207

Attorneys for Plaintiff
ZACHARIAH JUDSON RUTLEDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

* * * * * *

| | |
|---|---|
| ZACHARIAH JUDSON RUTLEDGE, | CASE NO.:  CV 07-04274 EMC |
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR DAMAGES FOR: VIOLATION OF CIVIL RIGHTS INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS; ASSAULT AND BATTERY; FALSE ARREST AND IMPRISONMENT; UNLAWFUL SEARCH AND SEIZURE; SLANDER AND LIBEL; AND FOR DAMAGES UNDER THE CALIFORNIA UNRUH CIVIL RIGHTS ACT AND THE CALIFORNIA TORT CLAIMS ACT** |
| vs. | |
| COUNTY OF SONOMA, MICHAEL POTTS, RUSSEL L. DAVIDSON, JAMES PATRICK CASEY, CHRISTINE M. COOK, BEAU R. MARTIN, J. MICHAEL MULLINS, STEPHAN R. PASSALACQUA, GREG JACOBS, SONOMA COUNTY SHERIFF'S DEPARTMENT, SONOMA COUNTY DISTRICT ATTORNEY'S OFFICE, and DOES 1 through 40. | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.    In the underlying criminal case, People v. Rutledge, Sonoma County Superior Court
case number MCR-443363 and related case no. SCR32528 (hereinafter "underlying criminal

matter"), Plaintiff, Zachariah Rutledge was acquitted of all charges connected to a 1998 murder of two Russian River-area men, ending a four-year legal battle. During the investigation and prosecution of the double murder trial the police and prosecutors engaged in a campaign of misconduct, which included misleading the magistrate, falsification, fabrication and concealment of evidence. At one point, the underlying criminal matter was dismissed after a state criminalist admitted that he gave false testimony about the prosecution's key evidence and laboratory tests during a preliminary hearing. Nonetheless, prosecutors re-filed the charges and the case reached trial. Jurors took less than two days to return a verdict of not guilty on two counts of murder and one count of burglary.

2.      This case also addresses the defendants' actions involving an ongoing conspiracy and practice of withholding and concealing exculpatory evidence in criminal matters, in a wholesale violation of the constitutional rights of the plaintiff. Defendants have engaged in, and continue to engage in, an ongoing pattern of callous, malicious and oppressive disregard for the rights of all citizens, as set forth specifically below. In committing the despicable acts alleged herein, Defendants have deprived the plaintiff of his constitutional rights under the color of authority and law.

## **GENERAL ALLEGATIONS**

3.      This action arises under the Civil Rights Act of 1871, 42 U.S.C. Sections 1983, 1985 and 1988, and the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States. This Court has jurisdiction of the federal claims under 28 U.S.C. Section 1331, 1332, 1343(3) 1343(4), 2201, and 2202. This court has pendent jurisdiction over the state claims.

4.      This action also arises under the California Tort Claims Act (California Government

Code[1] Gov Code §§ 810 et seq), the California Unruh Civil Rights Act (California Civil Code[2] § 51 et seq and CCC § 52 et seq) and Article I, Sections 13, 15 and 17 of the California Constitution[3].

5.    Plaintiff, ZACHARIAH JUDSON RUTLEDGE (hereinafter "PLAINTIFF") was at all times mentioned herein a citizen of the United States, the State of California and a resident of the County of Sonoma.

6.    Defendant, COUNTY OF SONOMA (hereinafter "COUNTY") is a political subdivision of the State of California.

7.    Defendants, COUNTY OF SONOMA, DISTRICT ATTORNEY'S OFFICE OF SONOMA COUNTY, and SONOMA COUNTY SHERIFF'S DEPARTMENT, acting through its agents and employees, hereinafter named, under the color of law, statute, ordinance, regulation, custom or usage, and with the apparent authority of the COUNTY OF SONOMA, DISTRICT ATTORNEY'S OFFICE OF SONOMA COUNTY, and SONOMA COUNTY SHERIFF'S DEPARTMENT, violated PLAINTIFF's Fourth, Fifth, Sixth and Fourteenth Amendment rights under the United States Constitution, in violation of 42 U.S.C. §§ 1983, 1985 and his rights under Article I, Sections 13, 15 and 17 of the Cal Const.

8.    The acts of the defendants that constitute deprivation of PLAINTIFF's civil rights and are the basis of the claims in this action include, in part:

   a. Denial of Fourth and Fourteenth Amendment rights:

---

[1] California Government Code is hereinafter "CGC".

[2] California Civil Code is hereinafter "CCC".

[3] California Constitution is hereinafter "Cal Const".

**SECOND AMENDED COMPLAINT**

i. By unlawfully and wrongfully seizing PLAINTIFF's person without probable cause, causing his unlawful detention and incarceration on serious charges based on facts that they knew or should have known were false;

ii. By unlawfully and wrongfully seizing PLAINTIFF's person in clear violation of due process.

b. Denial of Fifth and Fourteenth Amendment rights:

i. By knowingly and willfully submitting false data and evidnce regarding an investigation that led to PLAINTIFF's arrest;

ii. By knowingly and willfully uttering false testimony at PLAINTIFF's preliminary hearing that led to PLAINTIFF's holding order on murder charges;

iii. By conspiring to suborn perjured police and forensic criminalist testimony;

iv. By knowingly, willfully, and wrongfully concealing information that would have assisted PLAINTIFF in his defense against serious criminal charges.

c. Denial of PLAINTIFF's Sixth and Fourteenth Amendment rights:

i. By failing to timely disclose "Brady" material, exculpatory evidence, to PLAINTIFF's defense counsel;

ii. By concealing discoverable information from PLAINTIFF's defense counsel;

iii. By permitting and encouraging known perjured testimony to be produced at PLAINTIFF's preliminary hearing and trial in the underlying criminal matter.

9.     Defendant, SENIOR CRIMINALIST MICHAEL POTTS (hereinafter "POTTS"), and DOES 1 through 10, and are sued herein in their individual and official capacities, were, in performing the acts alleged herein, acting as agents of the California Department of Justice Bureau of Forensic Services (hereinafter "DOJ"), employed by DOJ, in an individual and/or official capacity, in the course and scope of their employment, and in performing all of the acts alleged herein, defendants acted under color of the statutes, ordinances, regulations, customs and usages of the DOJ, and under the official policy, custom and practice of DOJ.

10.     Defendants, DETECTIVE RUSSEL L. DAVIDSON (hereinafter "DAVIDSON"),

**SECOND AMENDED COMPLAINT**

DETECTIVE BEAU R. MARTIN (hereinafter "MARTIN") and DOES 11 - 20 were employed by the SONOMA COUNTY SHERIFF'S DEPARTMENT at the time PLAINTIFF was arrested and incarcerated and are sued herein in their individual and official capacities, as they were acting according to individual and/or official capacities, in the course and scope of their duty, and in performing all of the acts alleged herein, defendants acted under color of state law and under the official policy, custom and practice of SONOMA COUNTY SHERIFF'S DEPARTMENT.

11.    Defendants, MICHAEL POTTS (hereinafter "POTTS") and DOES 1 through 10, sued herein in their individual and official capacities, were, in performing the acts alleged herein, acting as agents of THE SONOMA COUNTY SHERIFF'S DEPARTMENT, and acting according to individual and/or official capacities, in the course and scope of their duty, and in performing all of the acts alleged herein, defendants acted under color of the statutes, ordinances, regulations, customs and usages of the SONOMA COUNTY SHERIFF'S DEPARTMENT, and under the official policy, custom and practice of the SONOMA COUNTY SHERIFF'S DEPARTMENT.

12.    Defendants, DISTRICT ATTORNEY J. MICHAEL MULLINS (hereinafter "MULLINS"), DISTRICT ATTORNEY STEPHAN R. PASSALACQUA (hereinafter "PASSALACQUA"), DEPUTY DISTRICT ATTORNEY JAMES PATRICK CASEY (hereinafter "CASEY"), DEPUTY DISTRICT ATTORNEY GREG JACOBS (hereinafter "JACOBS"), ASSISTANT DISTRICT ATTORNEY CHRISTINE M. COOK (hereinafter "COOK"), and DOES 21 – 30, are sued herein in their individual and official capacities, were employed by the DISTRICT ATTORNEY'S OFFICE OF SONOMA COUNTY[4] (hereinafter "D.A.'s OFFICE"), or were acting according to individual and/or official capacities, within and

---

[4] DISTRICT ATTORNEY'S OFFICE OF SONOMA COUNTY is hereinafter "D.A.'s OFFICE".

outside, the course and scope of their employment, and, in performing all of the acts alleged herein, defendants acted under color of the statutes, ordinances, regulations, customs and usages of the D.A.'s OFFICE, and under the official policy, custom and practice of the D.A.'s OFFICE.

13.     Defendants, DISTRICT ATTORNEY J. MICHAEL MULLINS and DISTRICT ATTORNEY STEPHAN R. PASSALACQUA, are sued herein in their individual and official capacities, were in performing the acts alleged herein, also acting as an agents of the DISTRICT ATTORNEY'S OFFICE OF SONOMA COUNTY, in a supervisor capacity, were acting according to individual and/or official capacities, in the course and scope of their employment, in performing the acts alleged herein that are connected to their supervisory duties within the D.A.'s OFFICE, and acted under color of the statutes, ordinances, regulations, customs and usages of the D.A.'s OFFICE, and under the official policy, custom and practice of the D.A.'s OFFICE.

14.     Defendants, DEPUTY DISTRICT ATTORNEY JAMES PATRICK CASEY and DEPUTY DISTRICT ATTORNEY GREG JACOBS, are sued herein in their individual and official capacities, were in performing the acts alleged herein, also acting as agents of the DISTRICT ATTORNEY'S OFFICE OF SONOMA COUNTY, in an investigative capacity, and were acting according to individual and/or official capacities, in the course and scope of their duty and employment, and acting outside the scope of their duty, in performing the acts alleged herein that are connected to their investigative duties within the D.A.'s OFFICE, defendants acted under color of the statutes, ordinances, regulations, customs and usages of the D.A.'s OFFICE, and under the official policy, custom and practice of the D.A.'s.

15.     Defendants, DEPUTY DISTRICT ATTORNEY JAMES PATRICK CASEY and DEPUTY DISTRICT ATTORNEY GREG JACOBS, are sued herein in their individual and

**SECOND AMENDED COMPLAINT**

official capacities, were in performing the acts alleged herein, also acting as agents of the SONOMA COUNTY SHERIFF'S DEPARTMENT, and were acting in an investigative capacity, according to individual and/or official capacities, in the course and scope of their duty; and in performing all of the acts alleged herein, defendants acted under color of the statutes, ordinances, regulations, customs and usages of the SONOMA COUNTY SHERIFF'S DEPARTMENT, and under the official policy, custom and practice of the SONOMA COUNTY SHERIFF'S DEPARTMENT.

16.    The true names and capacities of Defendants DOES 1 through 30 are unknown to the PLAINTIFF.  Each of these fictitiously named parties has acted as agent of or in concert with the named defendants in the matters referred to herein and is responsible in some manner for the damages suffered by PLAINTIFF.  PLAINTIFF will amend this complaint to add the names and capacities of such defendants when ascertained.

## **FACTUAL ALLEGATIONS**

17.    On, or about, August 3, 2000, POTTS authored a forensic laboratory report, which included stated facts that were false for the purposes of connecting PLAINTIFF to a double murder, which occurred on, or about, October 23, 1998.  The false facts were included in the forensic laboratory report with malice and reckless disregard of the truth.

18.    On, or about, May 8, 2002, CASEY, commanded DAVIDSON to draft a Declaration in Support of Warrant of Arrest, which was dated May 8, 2002.

19.    On, or about, May 8, 2002, CASEY ordered DAVIDSON to arrest PLAINTIFF.

20.    On, or about, May 8, 2002 DAVIDSON drafted a Declaration in Support of Warrant of Arrest, which was dated May 8, 2002, under the direct supervision of CASEY.

21.    CASEY, POTTS, and DAVIDISON agreed to present a false affidavit containing false evidence to the magistrate through the Declaration in Support of Warrant of Arrest that was dated May 8, 2002.

22.    CASEY and DAVIDSON agreed to omit known exculpatory evidence from the Declaration in Support of Warrant of Arrest that was dated May 8, 2002, in an effort to deceive and mislead the magistrate into issuing the requested Arrest Warrant attached to PLAINTIFF.

23.    DAVIDSON omitted exculpatory evidence from the Declaration in Support of Warrant of Arrest Made that was dated May 8, 2002, in an effort to deceive and mislead the magistrate into issuing the requested Arrest Warrant attached to PLAINTIFF.

24.    On, or about, May 8, 2002, CASEY made the decision to arrest PLAINTIFF.

25.    On, or about, May 8, 2002, under the direction and supervision of CASEY, MARTIN drafted a Search Warrant Affidavit, which included a statement of probable cause to search PLAINTIFF's residence.  The Search Warrant Affidavit failed to support probable cause to search PLAINTIFF's residence.

26.    On, or about, May 8, 2002 CASEY, DAVIDSON and DOES 11-20 arrested PLAINTIFF.

**SECOND AMENDED COMPLAINT**

27.    On, or about, May 8, 2002 CASEY, DAVIDSON and DOES 11-20 imprisoned PLAINTIFF.

28.    On, or about, May 8, 2002 CASEY, DAVIDSON and DOES 11-20 unlawfully searched PLAINTIFF's residence, pursuant to an invalid search warrant. CASEY, DAVIDSON and DOES 11-20 possessed knowledge that the search warrant was not valid at the time of the search.

29.    At no time during PLAINTIFF's arrest did any of the officers have probable cause to arrest PLAINTIFF.

30.    PLAINTIFF did not consent to his detention or his arrest, nor did he resist in any manner.

31.    PLAINTIFF did not consent to a search of his residence at any time.

32.    POTTS provided assistant district attorney JACOBS information, wherein POTTS admitted to presenting false testimony at the preliminary examination of the underlying criminal matter.

33.    During the prosecution of the underlying criminal matter JACOBS knew of the existence of exculpatory evidence and that it was in the possession of the prosecutorial team. The PLAINTIFF requested the exculpatory evidence from the prosecutor during the prosecution of the underlying criminal matter.  JACOBS interfered with the disclosure of the exculpatory evidence and knowingly withheld the exculpatory evidence.  JACOBS continued to withhold

1   the exculpatory evidence despite having been urged by the Department of Justice (DOJ)

2   that full disclosure be made.

3

4   34.     During the prosecution of the underlying criminal matter CASEY had knowledge of the

5   existence of exculpatory evidence that was in the possession of the prosecutorial team. The

6   PLAINTIFF requested the exculpatory evidence from the prosecutor during the prosecution of

7   the underlying criminal matter.  CASEY knowingly withheld the exculpatory evidence.

8

9   35.     CASEY and JACOBS entered into an agreement to withhold the exculpatory

10  evidence during the prosecution of the underlying criminal matter.

11

12  36.     DISTRICT ATTORNEY'S OFFICE OF SONOMA COUNTY has presented a history

13  and pattern of practice of withholding exculpatory evidence, which was addressed by the

14  Sonoma County Grand Jury.

15

16  37.     MULLINS, in a supervisory capacity, failed to establish procedures and regulations to

17  ensure communication of all relevant information on each case to every lawyer who deals with

18  a criminal matter; failed to supervise or train assistant district attorneys to disclose exculpatory

19  evidence; and failed to supervise or train assistant district attorneys to refrain from the use of

20  perjured testimony while engaging in the prosecution of criminal matters.

21

22  38.     MULLINS, in a supervisory capacity, enacted and/or maintained policies within

23  DISTRICT ATTORNEY'S OFFICE OF SONOMA COUNTY that established discovery

24  procedures that interfered with the disclosure of exculpatory evidence to defendants in a

25  criminal action.

26

**SECOND AMENDED COMPLAINT**

39.    PASSALACQUA, in a supervisory capacity, failed to establish procedures and regulations within the DISTRICT ATTORNEY'S OFFICE OF SONOMA COUNTY to ensure communication of all relevant information on each case to every lawyer who deals with it; failed to supervise or train assistant and deputy district attorneys on the disclosure of exculpatory evidence during the prosecution of criminal cases; and failed to supervise or train assistant district attorneys to refrain from the use of perjured testimony while engaging in the prosecution of criminal matters, which perpetuated the DISTRICT ATTORNEY'S OFFICE OF SONOMA COUNTY's policy to conceal exculpatory evidence from a defendant in a criminal matter being prosecuted by the DISTRICT ATTORNEY'S OFFICE OF SONOMA COUNTY.

40.    MULLINS and PASSALACQUA, in their supervisory capacity, maintained policies within the DISTRICT ATTORNEY'S OFFICE OF SONOMA COUNTY which established discovery procedures that interfered with the disclosure of exculpatory evidence to defendants in a criminal action.

41.    Defendants, COUNTY OF SONOMA, DISTRICT ATTORNEY'S OFFICE OF SONOMA COUNTY, and SONOMA COUNTY SHERIFF'S DEPARTMENT, failed to supervise or properly train the individual defendants, each of them, and through their lack of proper supervision and training permitted these individuals to commit some or all of the acts complained of in the preceding paragraphs.

42.    Defendants, COUNTY OF SONOMA, DISTRICT ATTORNEY'S OFFICE OF SONOMA COUNTY, and SONOMA COUNTY SHERIFF'S DEPARTMENT, violated the PLAINTIFF's civil rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, as follows:

a. In failing to prevent the individual defendants, each of them, from using falsified evidence and withholding exculpatory evidence in criminal matter, after learning that these officers and agents had falsified evidence, and withheld exculpatory evidence from criminal defendants;

b. In failing to timely notify the PLAINTIFF that these officers and agents had falsified evidence, the individual defendants, each of them, withheld exculpatory evidence from PLAINTIFF, and had knowledge of the problem or should have known the problem existed;

c. In failing to notify the PLAINTIFF's attorney that defendants, each of them, were falsifying evidence and their case files.

43.    The DISTRICT ATTORNEY'S OFFICE OF SONOMA COUNTY, and SONOMA COUNTY SHERIFF'S DEPARTMENT are agencies of the COUNTY OF SONOMA and functions under the umbrella of the Sonoma county government. Therefore, the acts and policies of the police department are, in effect, the acts and policies of the COUNTY OF SONOMA.

44.    As a result of the actions of the defendants, each of them, PLAINTIFF was arrested, held for approximately four years in jail without bail, was forced to stand trial, and was found to be not guilty of all counts by a jury of his peers and was released on September 29, 2006.

45.    While PLAINTIFF was in the custody of the SONOMA COUNTY SHERIFF'S DEPARTMENT and the COUNTY OF SONOMA, PLAINTIFF suffered injury and illness. PLAINTIFF requested medical care to treat the illness and injury.  PLAINTIFF was denied

**SECOND AMENDED COMPLAINT**

1    adequate medical care, resulting in injury to his health, strength, and activity, sustaining injury

2    to his nervous system, skeletal system, and person, all of which injuries have caused, and

3    continue to cause PLAINTIFF great mental and physical pain and suffering.  PLAINTIFF is

4    informed and believes and thereon alleges that such injuries will result in some permanent

5    disability to him.

6

7    46.    On, or about, October 10, 2006, COOK issued statements to a radio broadcast, where

8    she provided public statements which were presented to the public as facts, which in her words

9    were "to set the record straight on a few points."  COOK stated that PLAINTIFF was not found

10   innocent, and that PLAINTIFF miserably failed the polygraph test connected to the double

11   murder investigation.  COOK made further statements of fact, which stated that PLAINTIFF

12   was a murderer and that the PLAINTIFF was guilty of murder.

13

14   47.    On, or about, October 27, 2006, PLAINTIFF demanded in writing that COOK retract all

15   false statements made by COOK, on or about, October 10, 2006.

16

17   48.    COOK failed to retract said statements.

18

19   49.    PLAINTIFF filed timely claims for damages with both COUNTY and the State of

20   California, which possess jurisdiction over all defendants.   Said claims were subsequently

21   denied and the complaint filed in this case was filed within a six-month period after the denials.

22

23   50.    As a result solely of the acts of the defendants, PLAINTIFF was denied fundamental

24   rights, was deprived of liberty, and was forced to answer criminal charges of the most heinous

25   nature.

26

**SECOND AMENDED COMPLAINT**

51.     In addition, PLAINTIFF was forced to undergo the mental anguish and strain of these proceedings and will bear lasting and permanent mental scars of the ordeal, in addition to a permanent scar to his standing in the community.

52.     The acts of the defendants, each of them, were wanton, willful, unlawful, malicious, vicious, and without regard for the system of justice in these United States.

**FIRST CAUSE OF ACTION**
**(Common Count)**
**VIOLATION OF CONSTITUTIONAL RIGHTS,**
**Entitling relief under 42 U.S.C. Sections 1983 and 1985**
**(ALL DEFENDANTS)**

53.     PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 through 52 above.

54.     As a direct and proximate result of defendants' unlawful actions as alleged herein, PLAINTIFF was deprived, under a color of law, without due process of law, of his Fourth Amendment Right to be free from unreasonable search and seizure, to be free from excessive force and to be free from cruel an unusual punishment as a pre-trial detainee, and deprived of his Fifth Amendment right to due process of the law as applied to the States under the Fourteenth Amendment.

55.     As a further direct and proximate result of defendants' unlawful actions, which were willful, wanton, malicious and oppressive or negligent as alleged herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him to compensation under 42

1   U.S.C. Sections 1983 and 1985 according to proof, as well as reasonable attorneys fees incurred

2   in pursuing these claims under 42 U.S.C. Section 1988.

3

4                              **SECOND CAUSE OF ACTION**
                                      **(Common Count)**
5                      **VIOLATION OF CONSTITUTIONAL RIGHTS,**
           **Entitling relief under CGC § 810 et seq, CCC § 51 et seq and CCC § 52 et seq**
6                                   **(ALL DEFENDANTS)**

7   56.    PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 through 55

8   above.

9

10  57.    As a direct and proximate result of defendants' unlawful actions as alleged herein,

11  PLAINTIFF was deprived, without due process of law, of his Fourth Amendment Right to be

12  free from unreasonable search and seizure, to be free from excessive force and to be free from

13  cruel an unusual punishment as a pre-trial detainee, and deprived of his Fifth Amendment right

14  to due process of the law as applied to the States under the Fourteenth Amendment.

15

16  58.    As a direct and proximate result of defendants' unlawful actions as alleged herein,

17  PLAINTIFF was also deprived, without due process of law, of his right, to be free from

18  unreasonable search and seizure under California Constitution, Article I, Section 13, to be free

19  from excessive force, and to be free from cruel an unusual punishment as a pre-trial detainee

20  under Cal Const, Article I, Section 17, and his right to due process of the law as applied to the

21  State of California under Cal Const, Article I, Section 15.

22

23  59.    As a proximate result of the acts of defendants, defendants interfered by threats,

24  intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the

25

26

1 | exercise or enjoyment of PLAINTIFF's rights secured by the Constitution or laws of the United

2 | States, or of the rights secured by the Constitution or laws of the State of California.

3

4 | 60.    As a further direct and proximate result of defendants' unlawful actions as alleged

5 | herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him

6 | to compensation, and punitive damages under the California Tort Claims Act, CGC § 810 et seq

7 | and the California Unruh Civil Rights Act, CCC § 51 et seq. and CCC § 52 et seq.

8

**THIRD CAUSE OF ACTION**
**INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**Entitling relief under CGC § 810 et seq**
**(ALL DEFENDANTS)**

12 | 61.    PLAINTIFF refers to and incorporates herein Paragraphs 1 through 60 above.

13

14 | 62.    Defendants' conduct was outrageous, intentional and malicious, or at the least grossly

15 | negligent, exhibiting a reckless disregard for PLAINTIFF's rights.

16

17 | 63.    As a proximate result of the acts of defendants, PLAINTIFF suffered severe emotional

18 | distress in the form of humiliation, mental anguish, anxiety, emotional distress, and alienation

19 | and physical distress.

20

21 | 64.    As a direct and proximate result of defendant's conduct, PLAINTIFF was injured in

22 | mind and body and has suffered general damages in an amount to be determined by proof at

23 | trial.

24

25 | 65.    As a further proximate result of the aforementioned acts of defendants, PLAINTIFF was

26 | required to and did employ physicians to examine, treat and care for PLAINTIFF, and incurred

1    additional medical expenses in amounts not yet ascertained.  PLAINTIFF has been informed

2    and believes and thereon alleges that he will incur additional medical expenses in the future, the

3    exact amounts of which are currently unknown.

4

5    66.    By reason of the aforementioned despicable acts of defendants, PLAINTIFF was

6    prevented from attending to his usual business and thereby lost earnings and revenues in

7    amounts not yet ascertained.  PLAINTIFF is informed and believes and thereon alleges that he

8    will be deprived from attending to his usual business for a period in the future which cannot yet

9    be ascertained, and will thereby sustain further loss of earning in amounts according to proof.

10

11   67.    As a further direct and proximate result of defendants' unlawful actions as alleged

12   herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him

13   to compensation, and punitive damages under the California Tort Claims Act, CGC § 810 et seq

14   and the California Unruh Civil Rights Act, CCC § 51 et seq. and CCC § 52 et seq.

15

16                             **FOURTH CAUSE OF ACTION**
                                    **FALSE ARREST**
17              **Entitling relief under 42 U.S.C. Sections 1983 and 1985**
           **(DEFENDANTS COUNTY OF SONOMA, CASEY, DAVIDSON, POTTS)**

18

19   68.    PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 67

20   above.

21

22   69.    As herein alleged, PLAINTIFF was falsely arrested by defendants, COUNTY, CASEY,

23   DAVIDSON and POTTS, under color of law, and unlawfully held captive against his will

24   without valid warrant or any valid order of commitment or any other legal authority of any kind

25   by COUNTY, CASEY, DAVIDSON and POTTS.  PLAINTIFF was arrested pursuant to an

26

invalid arrest warrant, which was issued without probable cause pursuant to a falsified affidavit in violation of PLAINTIFF's civil rights.

70.     As a proximate result of the acts of defendants as alleged, PLAINTIFF suffered physical and emotional injuries all of which have caused, and continue to cause, PLAINTIFF great mental, physical and nervous pain and suffering.  PLAINTIFF is informed and believes and thereon alleges that these injuries will result in some permanent disability to him.  As a result of these injuries, PLAINTIFF has suffered general damages in amounts not yet ascertained.

71.     As a further proximate result of defendants' acts, PLAINTIFF has been damaged in that he has been required to expend money and incur obligations for legal services, medical services, drugs, and sundries reasonably required in the treatment and relief of the injuries herein alleged in amounts not yet ascertained.

72.     As a further proximate result of the acts of defendants, PLAINTIFF has incurred, and will continue to incur, legal, medical and related expenses.  The full amount of the aforementioned expenses are not known to PLAINTIFF at this time.

73.     As a further proximate result of the acts of defendant, PLAINTIFF was prevented from attending to his usual occupation and thereby lost earnings to his damage in amounts not yet ascertained.

74.     As a further proximate result of defendants' actions, PLAINTIFF's present and future earning capacity has been greatly impaired in amounts not yet ascertained.

75.    The aforementioned acts of defendants in falsely arresting and imprisoning PLAINTIFF were willful and malicious, or grossly negligent, and were intended to oppress and cause injury to PLAINTIFF.

76.    As a further direct and proximate result of defendants' unlawful actions, which were willful, wanton, malicious and oppressive or negligent as alleged herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him to compensation under 42 U.S.C. Sections 1983 and 1985 according to proof, as well as reasonable attorneys fees incurred in pursuing these claims under 42 U.S.C. Section 1988.

### FIFTH CAUSE OF ACTION
### FALSE ARREST
**Entitling relief under CGC § 810 et seq, CCC § 51 et seq and CCC § 52 et seq**
**(DEFENDANTS COUNTY OF SONOMA, CASEY, DAVIDSON, POTTS)**

77.    PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 76 above.

78.    As herein alleged, PLAINTIFF was falsely arrested by defendants, COUNTY, CASEY, DAVIDSON and POTTS, and unlawfully held captive against his will, maliciously and without valid warrant or any order of commitment or any other legal authority of any kind by COUNTY, CASEY, DAVIDSON and POTTS.    PLAINTIFF was arrested and imprisoned pursuant to an invalid arrest warrant, which was issued without probable cause pursuant to a falsified affidavit in violation of his rights provided by the Constitution of the United States and the California Constitution.

//

//

79.    As a proximate result of the acts of defendants as alleged, PLAINTIFF suffered physical and emotional injuries all of which have caused, and continue to cause, PLAINTIFF great mental, physical and nervous pain and suffering.  PLAINTIFF is informed and believes and thereon alleges that these injuries will result in some permanent disability to him.  As a result of these injuries, PLAINTIFF has suffered general damages in amounts not yet ascertained.

80.    As a further proximate result of defendants' acts, PLAINTIFF has been damaged in that he has been required to expend money and incur obligations for legal services, medical services, drugs, and sundries reasonably required in the treatment and relief of the injuries herein alleged in amounts not yet ascertained.

81.    As a further proximate result of the acts of defendants, PLAINTIFF has incurred, and will continue to incur, legal, medical and related expenses.  The full amount of the aforementioned expenses are not known to PLAINTIFF at this time.

82.    As a further proximate result of the acts of defendant, PLAINTIFF was prevented from attending to his usual occupation and thereby lost earnings to his damage in amounts not yet ascertained.

83.    As a further proximate result of defendants' actions, PLAINTIFF's present and future earning capacity has been greatly impaired in amounts not yet ascertained.

84.    The aforementioned acts of defendants in falsely arresting and imprisoning PLAINTIFF were willful and malicious, or grossly negligent, and were intended to oppress and cause injury to PLAINTIFF.

1

2    85.    As a further direct and proximate result of defendants' unlawful actions as alleged

3    herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him

4    to compensation, and punitive damages under the California Tort Claims Act, CGC § 810 et seq

5    and the California Unruh Civil Rights Act, CCC § 51 et seq. and CCC § 52 et seq.

6

7                              **SIXTH CAUSE OF ACTION**
                                 **FALSE IMPRISONMENT**
8              **Entitling relief under 42 U.S.C. Sections 1983 and 1985**
            **(DEFENDANTS COUNTY OF SONOMA, CASEY, DAVIDSON, POTTS)**

9

10    86.    PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 85

11    above.

12

13    87.    As herein alleged, PLAINTIFF, under a color of law, was unlawfully held captive

14    against his will and falsely imprisoned maliciously, and without valid warrant or any valid order

15    of commitment or any other legal authority of any kind by defendants, COUNTY, CASEY,

16    DAVIDSON and POTTS. PLAINTIFF was arrested and imprisoned pursuant to an invalid

17    arrest warrant, which was issued without probable cause pursuant to a falsified affidavit in

18    violation of PLAINTIFF's civil rights.

19

20    88.    As a proximate result of the acts of defendants as alleged, PLAINTIFF suffered physical

21    and emotional injuries all of which have caused, and continue to cause, PLAINTIFF great

22    mental, physical and nervous pain and suffering.  PLAINTIFF is informed and believes and

23    thereon alleges that these injuries will result in some permanent disability to him.  As a result of

24    these injuries, PLAINTIFF has suffered general damages in amounts not yet ascertained.

25

26

**SECOND AMENDED COMPLAINT**

89.     As a further proximate result of defendants' acts, PLAINTIFF has been damaged in that he has been required to expend money and incur obligations for legal services, medical services, drugs, and sundries reasonably required in the treatment and relief of the injuries herein alleged in amounts not yet ascertained.

90.     As a further proximate result of the acts of defendants, PLAINTIFF has incurred, and will continue to incur, legal, medical and related expenses.    The full amount of the aforementioned expenses are not known to PLAINTIFF at this time.

91.     As a further proximate result of the acts of defendant, PLAINTIFF was prevented from attending to his usual occupation and thereby lost earnings to his damage in amounts not yet ascertained.

92.     As a further proximate result of defendants' actions, PLAINTIFF's present and future earning capacity has been greatly impaired in amounts not yet ascertained.

93.     The aforementioned acts of defendants in falsely imprisoning PLAINTIFF were willful and malicious, or grossly negligent, and were intended to oppress and cause injury to PLAINTIFF.

94.     As a further direct and proximate result of defendants' unlawful actions, which were willful, wanton, malicious and oppressive or negligent as alleged herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him to compensation under 42 U.S.C. Sections 1983 and 1985 according to proof, as well as reasonable attorneys fees incurred in pursuing these claims under 42 U.S.C. Section 1988.

**SEVENTH CAUSE OF ACTION**
**FALSE IMPRISONMENT**
**Entitling relief under CGC § 810 et seq, CCC § 51 et seq and CCC § 52 et seq**
**(DEFENDANTS COUNTY OF SONOMA, CASEY, DAVIDSON, POTTS)**

95.    PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 94 above.

96.    As herein alleged, PLAINTIFF was falsely arrested by defendants, COUNTY, CASEY, DAVIDSON and POTTS, and unlawfully held captive against his will and falsely imprisoned maliciously and without valid warrant or any order of commitment or any other legal authority of any kind by COUNTY, CASEY, DAVIDSON and POTTS.  PLAINTIFF was arrested and imprisoned pursuant to an invalid arrest warrant, which was issued without probable cause pursuant to a falsified affidavit in violation of his rights provided by the Constitution of the United States and the California Constitution.

97.    As a proximate result of the acts of defendants as alleged, PLAINTIFF suffered physical and emotional injuries all of which have caused, and continue to cause, PLAINTIFF great mental, physical and nervous pain and suffering.  PLAINTIFF is informed and believes and thereon alleges that these injuries will result in some permanent disability to him.  As a result of these injuries, PLAINTIFF has suffered general damages in amounts not yet ascertained.

98.    As a further proximate result of defendants' acts, PLAINTIFF has been damaged in that he has been required to expend money and incur obligations for legal services, medical services, drugs, and sundries reasonably required in the treatment and relief of the injuries herein alleged in amounts not yet ascertained.

**SECOND AMENDED COMPLAINT**

99.    As a further proximate result of the acts of defendants, PLAINTIFF has incurred, and will continue to incur, legal, medical and related expenses.    The full amount of the aforementioned expenses are not known to PLAINTIFF at this time.

100.    As a further proximate result of the acts of defendant, PLAINTIFF was prevented from attending to his usual occupation and thereby lost earnings to his damage in amounts not yet ascertained.

101.    As a further proximate result of defendants' actions, PLAINTIFF's present and future earning capacity has been greatly impaired in amounts not yet ascertained.

102.    The aforementioned acts of defendants in falsely arresting and imprisoning PLAINTIFF were willful and malicious, or grossly negligent, and were intended to oppress and cause injury to PLAINTIFF.

103.    As a further direct and proximate result of defendants' unlawful actions as alleged herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him to compensation, and punitive damages under the California Tort Claims Act, CGC § 810 et seq and the California Unruh Civil Rights Act, CCC § 51 et seq. and CCC § 52 et seq.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF STATE OF CALIFORNIA CONSTITUTION ARTICLE I SECTION 13 BY PRESENTING FALSE AFFIDAVIT IN SUPPORT OF ARREST WARRANT**
**Entitling relief under CGC § 810 et seq, CCC § 51 et seq and CCC § 52 et seq**
**(DEFENDANTS CASEY AND DAVIDSON)**

104.    PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 103 above.

**SECOND AMENDED COMPLAINT**

105.    On or about, May 8, 2002 defendant's CASEY and DAVIDSON executed an arrest warrant for the arrest of PLAINTIFF.  The arrest warrant was obtained in violation of State Constitution Article I Section 13 in that DAVIDSON, under the orders and direction of CASEY, presented to a magistrate a false affidavit in support of the arrest warrant that contained materially false information, which without its inclusion in the supporting affidavit the warrant would not have issued.  Said false statements were made in conscious disregard for the truth and or were intentionally made by DAVIDSON knowing said statements to be false.

106.    As a proximate result of the acts of defendants, defendants interfered by threats, intimidation, or coercion, or attempted to interfere by threats, intimidation, or coercion, with the exercise or enjoyment of PLAINTIFF's rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of the State of California.

107.    As a proximate result of the acts of defendants as alleged, PLAINTIFF suffered physical and emotional injuries all of which have caused, and continue to cause, PLAINTIFF great mental, physical and nervous pain and suffering.  PLAINTIFF is informed and believes and thereon alleges that these injuries will result in some permanent disability to him.  As a result of these injuries, PLAINTIFF has suffered general damages in amounts not yet ascertained.

108.    As a further proximate result of defendants' acts, PLAINTIFF has been damaged in that he has been required to expend money and incur obligations for legal services, medical services, drugs, and sundries reasonably required in the treatment and relief of the injuries herein alleged in amounts not yet ascertained.

109.    As a further proximate result of the acts of defendants, PLAINTIFF has incurred, and will continue to incur, legal, medical and related expenses.  The full amount of these expenses is not known to PLAINTIFF at this time.

110.    As a further proximate result of the acts of defendant, PLAINTIFF was prevented from attending to his usual occupation and thereby lost earnings to his damage in amounts not yet ascertained.

111.    As a further proximate result of defendants' actions, PLAINTIFF's present and future earning capacity has been greatly impaired in amounts not yet ascertained.

112.    The aforementioned acts of defendants in falsely arresting and imprisoning PLAINTIFF pursuant to the arrest warrant obtained by the false affidavit were willful and malicious, or grossly negligent, and were intended to oppress and cause injury to PLAINTIFF.

113.    As a further direct and proximate result of defendants' unlawful actions as alleged herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him to compensation, and punitive damages under the California Tort Claims Act, CGC § 810 et seq and the California Unruh Civil Rights Act, CCC § 51 et seq. and CCC § 52 et seq.

**NINTH CAUSE OF ACTION**
**VIOLATION OF UNITED STATES CONSTITUTION BY PRESENTING FALSE**
**AFFIDAVIT IN SUPPORT OF ARREST WARRANT**
**Entitling relief under 42 U.S.C. Sections 1983**
**(DEFENDANTS CASEY AND DAVIDSON)**

114.    PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 113 above.

115.    On or about, May 8, 2002 defendant's CASEY and DAVIDSON executed an arrest warrant for the arrest of PLAINTIFF.  The arrest warrant was obtained in violation the Fourth Amendment Right to be free from unreasonable search and seizure, and Fifth Amendment right to due process of the law as applied to the States under the Fourteenth Amendment in that DAVIDSON, under the orders and direction of CASEY, presented to a magistrate a false affidavit in support of the arrest warrant that contained materially false information, which without its inclusion in the supporting affidavit the warrant would not have issued.  Said false statements were made in conscious disregard for the truth and or were intentionally made by DAVIDSON knowing said statements to be false.

116.    As a proximate result of the acts of defendants as alleged, PLAINTIFF suffered physical and emotional injuries all of which have caused, and continue to cause, PLAINTIFF great mental, physical and nervous pain and suffering.  PLAINTIFF is informed and believes and thereon alleges that these injuries will result in some permanent disability to him.  As a result of these injuries, PLAINTIFF has suffered general damages in amounts not yet ascertained.

117.    As a further proximate result of defendants' acts, PLAINTIFF has been damaged in that he has been required to expend money and incur obligations for legal services, medical services, drugs, and sundries reasonably required in the treatment and relief of the injuries herein alleged in amounts not yet ascertained.

118.    As a further proximate result of the acts of defendants, PLAINTIFF has incurred, and will continue to incur, legal, medical and related expenses.  The full amount of these expenses is not known to PLAINTIFF at this time.

**SECOND AMENDED COMPLAINT**

119.     As a further proximate result of the acts of defendant, PLAINTIFF was prevented from attending to his usual occupation and thereby lost earnings to his damage in amounts not yet ascertained.

120.     As a further proximate result of defendants' actions, PLAINTIFF's present and future earning capacity has been greatly impaired in amounts not yet ascertained.

121.     The aforementioned acts of defendants in falsely arresting and imprisoning PLAINTIFF pursuant to the arrest warrant obtained by the false affidavit were willful and malicious, or grossly negligent, and were intended to oppress and cause injury to PLAINTIFF.

122.     As a further direct and proximate result of defendants' unlawful actions, which were willful, wanton, malicious and oppressive or negligent as alleged herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him to compensation under 42 U.S.C. Sections 1983 and 1985 according to proof, as well as reasonable attorneys fees incurred in pursuing these claims under 42 U.S.C. Section 1988.

**TENTH CAUSE OF ACTION**
**DEFAMATION, SLANDER AND LIBEL**
**Entitling relief under CGC § 810 et seq**
**(DEFENDANT COOK)**

123.     PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 122 above.

124.     On or about, October 10, 2006, defendant COOK committed acts, outside the scope of her official duties, which consisted of issuing a false and unprivileged publication which

exposed PLAINTIFF to hatred, contempt, ridicule, disgrace, which caused PLAINTIFF to be shunned, avoided and injured his occupation.

125.    The false and unprivileged publication made by COOK concerning PLAINTIFF was made with her knowledge that it was false or with reckless disregard as to whether it was false or not.

126.    On or about, October 27, 2006, PLAINTIFF demanded defendant COOK to retract and correct the false and unprivileged publication made by COOK concerning PLAINTIFF.

127.    Defendant COOK failed to correct the false and unprivileged publication concerning the PLAINTIFF.

128.    Defendant COOK made the false and unprivileged publication concerning the PLAINTIFF in the deliberate and successful attempt to destroy PLAINTIFF's present and future employment, reputation and family relationships.

129.    Defendant's conduct was not only outrageous, it was intentional and malicious, exhibiting a reckless disregard for PLAINTIFF's rights, causing PLAINTIFF to suffer humiliation, mental anguish, stress and emotional and physical distress and PLAINTIFF was injured financially, and injured in mind and body, all to his damage in amounts according to proof.

130.    Defendant's conduct was also intentional and malicious, exhibiting a reckless disregard for PLAINTIFF's rights, causing PLAINTIFF to suffer humiliation, mental anguish, stress and

**SECOND AMENDED COMPLAINT**

1  emotional and physical distress.   Defendant was therefore guilty of malice, oppression

2  amounting to despicable conduct so as to justify an award of exemplary or punitive damages.

3

4  131.   As a further direct and proximate result of defendants' unlawful actions as alleged

5  herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him

6  to compensation, and punitive damages under the California Tort Claims Act, CGC § 810 et seq

7  and CCC §§ 44-48a.

8

9  **ELEVENTH CAUSE OF ACTION**
   **CONSPIRACY PURSUANT TO 42 U.S.C. §§ 1983 and 1985**

10  **(ALL DEFENDANTS)**

11  132.   PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 though 131

12  above.

13

14  133.   In a combination of two or more persons, defendants acted in concert to commit an

15  individual act, or a lawful act by unlawful means, to deprive plaintiff of a protected right and to

16  inflict a wrong against or injury upon PLAINTIFF.   In committing the individual act, or a

17  lawful act by unlawful means, the defendants made an agreement to inflict a wrong against or

18  injury upon PLAINTIFF.

19

20  134.   Defendants further obstructed justice by conspiring to deter, by force, intimidation, or

21  threat, a witness in the Superior Court of California from testifying to a matter pending in the

22  underlying criminal matter, and to prevent a witness from testifying freely, fully, and truthfully,

23  and/or to injure said witness in his person or property on account of his having so attended or

24  testified, or to influence the presentment of the underlying criminal matter at the preliminary

25  hearing and/or subsequent pre-trial hearings and/or trial.

26

**SECOND AMENDED COMPLAINT**

135.    Defendant's further obstructed justice by conspiring for the purpose of impeding, hindering, obstructing, or defeating, the due course of justice in the underlying criminal matter, with intent to deny to the plaintiff his right to due process and the equal protection of the laws.

136.    As a result of the defendants' acts, PLAINTFF was deprived of his constitutional right to be free from unlawful searches and seizures, and his right to be free from violence or intimidation, and deprived of his right to equal protection, and due process.

137.    Defendants' conduct was not only outrageous, it was intentional and malicious, exhibiting a reckless disregard for PLAINTIFF's rights, causing PLAINTIFF to suffer humiliation, mental anguish, stress and emotional and physical distress and PLAINTIFF was injured financially, and injured in mind and body, all to his damage in amounts according to proof.

138.    Defendants' conduct was also intentional and malicious, exhibiting a reckless disregard for PLAINTIFF's rights, causing PLAINTIFF to suffer humiliation, mental anguish, stress and emotional and physical distress.   Defendants were therefore guilty of malice, oppression amounting to despicable conduct entitling him to compensation under 42 U.S.C. Sections 1983 and 1985 according to proof, as well as reasonable attorneys fees incurred in pursuing these claims under 42 U.S.C. Section 1988.

## TWELFTH CAUSE OF ACTION -
## VIOLATION OF CONSTITUTIONAL RIGHTS –TO WIT: DENIAL OF A FAIR TRIAL
### Entitling relief under 42 U.S.C. Sections 1983 and 1985
### (ALL DEFENDANTS)

139.    PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 through 138 above.

140.    As a direct and proximate result of defendants' unlawful actions as alleged herein, PLAINTIFF was, under a color of law, deprived of his due process right to a fair trial, and his Fifth Amendment right to due process of the law as applied to the states under the Fourteenth Amendment.

141.    As a further direct and proximate result of defendants' unlawful actions, which were willful, wanton, malicious and oppressive or negligent as alleged herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him to compensation under 42 U.S.C. Sections 1983 and 1985 according to proof, as well as reasonable attorneys fees incurred in pursuing these claims under 42 U.S.C. Section 1988.

## THIRTEENTH CAUSE OF ACTION -
### VIOLATION OF CONSTITUTIONAL RIGHTS –TO WIT: DENIAL OF A FAIR TRIAL AND DENIAL OF DUE PROCESS
### Entitling relief under CCC § 51 et seq and CCC § 52 et seq and CGC § 810 et seq
### (ALL DEFENDANTS)

142.    PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 through 141 above.

143.    As a direct and proximate result of defendants' unlawful actions as alleged herein, PLAINTIFF was deprived of his due process right to a fair trial, and his Fifth Amendment right to due process of the law as applied to the states under the Fourteenth Amendment.

144.    As a direct and proximate result of defendants' unlawful actions as alleged herein, PLAINTIFF was deprived of his due process right to a fair trial, and his right to due process of the law as provided by the Constitution of the State of California, Article I, Section 15.

145.    As a further direct and proximate result of defendants' unlawful actions as alleged herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him to compensation, and punitive damages under the California Tort Claims Act, CGC § 810 et seq and the California Unruh Civil Rights Act, CCC § 51 et seq. and CCC § 52 et seq.

**FOURTEENTH CAUSE OF ACTION**
**VIOLATION OF CONSTITUTIONAL RIGHTS BY FAILING TO ADEQUATELY**
**TRAIN AND SUPERVISE DEPUTY DISTRICT ATTORNEYS**
**Entitling relief under 42 U.S.C. Sections 1983 and 1985**
**(DEFENDANT MULLINS)**

146.    PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 through 145 above.

147.    Defendant MULLINS had knowledge of the constitutional violations alleged herein, and/or should have known, and had constructive knowledge of the constitutional violations, because the violations were so prevalent that the supervisor should have known of them in the proper exercise of his duties.

148.    Defendant MULLINS failed to rectify the violations, and failed to adequately train or supervise subordinate in order to prevent the constitutional violations.

149.    As a direct and proximate result of defendant's unlawful actions as alleged herein, PLAINTIFF was deprived of his Fourth Amendment Right to be free from unreasonable search and seizure and to be free from excessive force and to be free from cruel an unusual punishment as a pre-trial detainee, and his Fifth Amendment right to due process of the law as applied to the states under the Fourteenth Amendment.

150.    As a further direct and proximate result of defendant's unlawful actions as alleged herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him to compensation under 42 U.S.C. Sections 1983 and 1985 according to proof, as well as reasonable attorneys fees incurred in pursuing these claims under 42 U.S.C. Section 1988.

**FIFTEENTH CAUSE OF ACTION**
**VIOLATION OF CONSTITUTIONAL RIGHTS BY FAILING TO ADEQUATELY TRAIN AND SUPERVISE DEPUTY DISTRICT ATTORNEYS**
**Entitling relief under 42 U.S.C. Sections 1983 and 1985**
**(DEFENDANT PASSALACQUA)**

151.    PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 through 150 above.

152.    Defendant PASSALACQUA had knowledge of the constitutional violations alleged herein, and/or should have known, and had constructive knowledge of the constitutional violations, because the violations were so prevalent that the supervisor should have known of them in the proper exercise of his duties.

153.    Defendant PASSALACQUA failed to rectify the violations, and failed to adequately train or supervise subordinate in order to prevent the constitutional violations.

154.    As a direct and proximate result of defendant's unlawful actions as alleged herein, PLAINTIFF was deprived of his Fourth Amendment Right to be free from unreasonable search and seizure and to be free from excessive force and to be free from cruel an unusual punishment as a pre-trial detainee, and his Fifth Amendment right to due process of the law as applied to the states under the Fourteenth Amendment.

155.    As a further direct and proximate result of defendant's unlawful actions as alleged herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him to compensation under 42 U.S.C. Sections 1983 and 1985 according to proof, as well as reasonable attorneys fees incurred in pursuing these claims under 42 U.S.C. Section 1988.

**SIXTEENTH CAUSE OF ACTION**
**MALICIOUS PROSECUTION**
**Entitling relief under 42 U.S.C. Sections 1983 and 1985, and**
**CCC § 51 et seq and CCC § 52 et seq and CGC § 810 et seq**
**(ALL DEFENDANTS)**

156.    PLAINTIFF refers to and incorporates herein the allegations in Paragraphs 1 through 155 above.

157.    As a direct and proximate result of defendants' unlawful conscience-shocking actions as alleged herein, PLAINTIFF was deprived of liberty without due process of law, in that defendants intentionally or with reckless indifference fabricated, falsified evidence to provide the appearance of probable cause to hold plaintiff on murder charges and withheld evidence that would enable PLAINTFF to prove his innocence.

158.    As a direct and proximate result of defendants' unlawful actions plaintiff suffered four years of detention and great humiliation, ridicule, and mental anguish.

159.    As a further direct and proximate result of defendant's unlawful actions as alleged herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him to compensation under 42 U.S.C. Sections 1983 and 1985 according to proof, as well as reasonable attorneys fees incurred in pursuing these claims under 42 U.S.C. Section 1988.

1   160.    As a further direct and proximate result of defendants' unlawful actions as alleged

2   herein, PLAINTIFF suffered physical and emotional and other monetary damages entitling him

3   to compensation, and punitive damages under the California Tort Claims Act, CGC § 810 et seq

4   and the California Unruh Civil Rights Act, CCC § 51 et seq. and CCC § 52 et seq.

**DEMAND FOR JURY TRIAL**

161.    PLAINTIFF hereby demands a trial by jury on all of the above causes of action.

WHEREFORE, PLAINTIFF prays for the following relief as to all causes of action:

A.    A judgment awarding PLAINTIFF general, damages to plaintiff in an amount
to be determined by the trier of fact as sufficient to compensate the plaintiff for
the injuries described in this complaint;

B.    An award of punitive damages to plaintiff in an amount to be determined by
the trier of fact as sufficient to punish each defendant against whom these
damages are awarded and sufficient to deter similar conduct in the future by
these defendants;

C.    A judgment awarding PLAINTIFF reasonable attorneys fees;

D.    A judgment awarding PLAINTIFF  his costs of suit; and

E.    Such other and further relief as the Court deems proper.

Dated: January 23, 2008

-------------------/s/--------------------
Editte Lerman
Attorney for Plaintiff
ZACHARIAH JUDSON RUTLEDGE