**J. DAVID NICK, Esq. (**SB#157687)
**EDITTE LERMAN, Esq. (**SB#241471)
45060 Ukiah Street
P.O. Box 802
Mendocino, CA 95460
Tel: (707) 937-1711
Fax: (707) 937-2207

Attorneys for Plaintiff
ZACHARIAH JUDSON RUTLEDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

* * * * * *

| | |
|---|---|
| ZACHARIAH JUDSON RUTLEDGE, ) | CASE NO.: CV 07-04274 EMC |
| ) | |
| Plaintiff, ) | **WAIVER OF SERVICE OF SUMMONS** |
| ) | |
| vs. ) | |
| ) | |
| COUNTY OF SONOMA, MICHAEL ) POTTS, RUSSEL L. DAVIDSON, ) JAMES PATRICK CASEY, CHRISTINE ) M. COOK, BEAU R. MARTIN, ) J. MICHAEL MULLINS, STEPHAN R. ) PASSALACQUA, GREG JACOBS, ) SONOMA COUNTY SHERIFF'S ) DEPARTMENT, SONOMA COUNTY ) DISTRICT ATTORNEY'S OFFICE, ) and DOES 1 through 40. ) ) ) Defendants. ) _____) | |

1  TO: J. DAVID NICK and E.D. LERMAN, attorneys for Plaintiff, Zachariah Rutledge,

2  I acknowledge receipt of your request that I waive service of a summons in the above

3  captioned action, Rutledge v. Sonoma County et al, which is case number CV 07-04274 EMC

4  in the United States District Court for the Northern District of California, on behalf of the

5  following defendants:

6      COUNTY OF SONOMA,
    RUSSEL L. DAVIDSON,
7      BEAU R. MARTIN,
    J. MICHAEL MULLINS,
8      STEPHAN R. PASSALACQUA,
    CHRISTINE M. COOK,
9      JAMES PATRICK CASEY,
    GREG JACOBS,
10      SONOMA COUNTY SHERIFF'S DEPARTMENT, and
    SONOMA COUNTY DISTRICT ATTORNEY'S OFFICE.

11  I have also received a copy of the complaint, first amended complaint, second amended

12  complaint, ECF Registration Information Handout, Order Setting Initial Case Management

13  Conference and ADR Deadlines, Welcome to the U.S. District Court, San Francisco Office

14  Hours, and Notice of Assignment of Case to a United States Magistrate Judge for Trial, in the

15  action, and two copies of this instrument, and a means by which I can return the signed waiver

16  to you without cost to me.

17  I agree to save the cost of service of a summons and an additional copy of the complaint

18  in this lawsuit by not requiring that the entity on whose behalf I am acting be served with

19  judicial process in the manner provided by Rule 4.

20  All of the aforementioned defendants will retain all defenses or objections to the lawsuit

21  or to the jurisdiction or venue of the court except for objections based on a defect in the

22  summons or in the service of the summons.

23  I understand that a judgment may be entered against all of the aforementioned

24  defendants if an answer or motion under Rule 12 is not served upon you within 60 plus 5 days

25

26  Page 2 of 3
WAIVER OF SERVICE OF SUMMONS

1  after January 29, 2008, or within 90 days after that date if the request was sent outside the
2  United States.

3

4  Date: 1/31/08

5

6  Bonnie A. Freeman, Esq.
7  SENNEFF, FREEMAN & BLUESTONE, LLP
   50 Old Courthouse Square, Ste 401
8  P.O. Box 3729
   Santa Rosa, CA 95402

---

DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

 Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
 It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.
 A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

Page 3 of 3
WAIVER OF SERVICE OF SUMMONS