Michael D. Senneff, Esq. (SB 039388)
Bonnie A. Freeman, Esq. (SB 180502)
SENNEFF FREEMAN & BLUESTONE, LLP
50 Old Courthouse Square, Suite 401
P.O. Box 3729
Santa Rosa, CA 95402-3729
Telephone:    707-526-4250
Facsimile:    707-526-0347

Attorneys for Defendants County of Sonoma (also sued as Sonoma County Sheriff's Department and Sonoma County District Attorney's Office), Stephan Passalacqua, J. Michael Mullins, Greg Jacobs, Christine M. Cook, Russel L. Davidson, James Patrick Casey, and Detective Beau M. Martin

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARIAH JUDSON RUTLEDGE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SONOMA, MICHAEL POTTS, et al.,<br><br>　　　　　　Defendants.<br>_____/ | NO. CV 07-04274 CW<br><br>COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT<br>[FRCP Rule 12(b)(6)]<br><br>Date: April 10, 2008<br>Time: 2:00 p.m.<br>Ctrm: 2 |

　　　　　Defendants County of Sonoma (also sued as Sonoma County Sheriff's Department and Sonoma County District Attorney's Office), Stephan Passalacqua, J. Michael Mullins, Greg Jacobs, Christine M. Cook, Russel L. Davidson, James Patrick Casey, and Detective Beau M. Martin (collectively "County Defendants") respectfully submit this memorandum of points and authorities in support of their motion to dismiss various causes of action from the Second Amended Complaint of plaintiff Zachariah Judson Rutledge ("plaintiff").

### I. FACTS AS PLEADED

　　　　　Plaintiff was tried in Sonoma County Superior Court for a double homicide that occurred in 1998. Charges were brought against him on two separate occasions, and on the second occasion, the trial resulted in an acquittal. After the trial, plaintiff filed this civil rights lawsuit, alleging that he was denied

SENNEFF FREEMAN BLUESTONE

NO.: C-07–04274 CW: County Defs' Memo. Of Points and Authorities in Suppt. Of Motion to Dismiss SAC　　　1

various constitutional protections as the prosecution of his criminal case proceeded. He alleges in particular that defendants Russel Davidson, a detective with the Sonoma County Sheriff's Department, and prosecutor James Casey conspired to set forth false statements in the arrest warrant affidavit in 2002 which led to his arrest.[1]

Allegations Against Passalacqua and Mullins:

Defendants Passalacqua and Mullins are the current and former District Attorney for the County of Sonoma, respectively. Plaintiff alleges personal liability against both of these individuals because of their failure to implement policies within the DA's office which were constitutional in nature, and for their failure to supervise the prosecutors in the Rutledge proceedings. (SAC, ¶¶36-40)

Allegations Against Casey and Davidson:

Deputy District Attorney James Casey and Detective Russel Davidson are alleged to have conspired to include false allegations in the arrest warrant affidavit which led to plaintiff's arrest in May 2002. (SAC ¶¶ 19-23.)

Allegations Against Martin:

Detective Beau Martin is alleged to have prepared a search warrant affidavit at the direction of DDA Casey. It is not alleged that the search warrant contained false allegations; it is, however, alleged that the search warrant was not supported by probable cause. (SAC ¶25)

Allegations Against Greg Jacobs:

Assistant District Attorney Greg Jacobs is alleged to have withheld exculpatory evidence in the second prosecution of plaintiff. (SAC 33.) This is an issue well tested by plaintiff in the second prosecution. (RJN Exh. B.)

Allegations Against Christine Cook:

After his acquittal, plaintiff alleges that defendant Christine Cook made statements to the press: "On, or about, October 10, 2006, COOK issued statements to a radio broadcast, where she provided public statements which were presented to the public as facts, which in her words were 'to set the record

---

[1] While plaintiff alleges that the criminal charges were, at first, dismissed, it must be inferred from what is not stated that the charges were re-instated, that plaintiff was held to answer, and that whatever deficiencies plaintiff claimed to have occurred prior to the reinstatement of new charges were insufficient to defeat the new charges when they were brought.

SENNEFF FREEMAN BLUESTONE

NO.: C-07–04274 CW: County Defs' Memo. Of Points and Authorities in Suppt. Of Motion to Dismiss SAC    2

straight on a few points.' COOK stated that plaintiff was not found innocent, and that plaintiff miserably failed the polygraph test connect to the double murder investigation. COOK made further statements of fact, which stated that plaintiff was a murderer and that the plaintiff was guilty of murder." (SAC, ¶46.) <u>Plaintiff does not allege which, if any, of these statements were false</u>. In his charging allegations in the Tenth Cause of Action, plaintiff concludes that "false and unprivileged" publications were made by Cook, but he does not identify which, if any, of the statements contained in his complaint were allegedly false.

## II. PROCEDURAL HISTORY

While not specifically referenced in the Second Amended Complaint, the procedural history of the underlying prosecution provides appropriate background for consideration of the claims made in the SAC, and the issues raised in this motion. As the procedural history is presented here through reference to judicially noticeable facts, it is appropriate for consideration in a Rule 12(b)(6) motion to dismiss. (Schwarzer et al., *Federal Civil Procedure Before Trial* (TRG 2007) Ch. 9 "Attacking the Pleadings," §9:212.15, citing *MGIC Indem. Corp. v. Weisman* (9th Cir. 1986) 803 F.2d 500, 504.)

Plaintiff Rutledge was taken into custody on May 8, 2002, on two counts of homicide, Penal Code §187(a), and one count of burglary, Penal Code §459. He was arraigned on the charges on June 6, 2002. (Request for Judicial Notice ("RJN"), Exh. A, p. 1-2.)

A preliminary hearing was held before Judge Elliot L. Daum on November 14 and 15, 2002, the People being represented by Mr. Casey and plaintiff by his attorney, Deputy Public Defender Anderson Thomas. Plaintiff was held to answer on the charges, which were then formally filed by an Information on November 26, 2002. (RJN Exh. A, pp. 3-7.)

Plaintiff changed counsel in January, 2003, hiring private counsel, J. David Nick, the same attorney of record in the present action. (RJN, Exh. A, p. 7 (1/28/03).)

The matter was initially scheduled for trial on January 20, 2004, rescheduled to February 26, 2004, and rescheduled to March 8, 2004. (RJN Exh. A, pp. 10, 12, 13.) On March 8, Plaintiff filed a non-statutory motion to dismiss urging, amongst other things, that the testimony given at the November, 2002 preliminary hearing by the Department of Justice criminalist, Michael Potts, was misleading and that without such testimony Judge Daum would not have held plaintiff to answer on the charges. (RJN, p. 13 (3/8/04).) After an initial denial of the March 8, 2004 motion to dismiss

SENNEFF FREEMAN BLUESTONE

NO.: C-07–04274 CW: County Defs' Memo. Of Points and Authorities in Suppt. Of Motion to Dismiss SAC    3

1  (RJN Exh. A, p. 20 (4/14/04), it was renewed by plaintiff on May 19, 2004. (RJN, Exh. A, p. 30.)
2  Ultimately, on June 14, 2004, Judge Raima H. Ballinger, who had been handling the matter since
3  January, 2003, granted plaintiff's motion to dismiss, the charges against plaintiff were dismissed that
4  day, and plaintiff was ordered to be released from custody. (RJN, Exh. A, p. 32.)

5  (All of the facts alleged in plaintiff's complaint regarding defendant Michael Potts relate to
6  the proceedings for the initial charges. The facts relating to defendant James Casey, who was not
7  involved with the prosecution at all after January 2003, also relate to the initial prosecution.)

8  Before his release, a new complaint was filed against plaintiff on June 15, 2004, which
9  alleged, as before, two counts of homicide and one count of burglary. (RJN, Exh. B.) Plaintiff filed
10 motions to dismiss on November 8, 2004, which motions were denied by Judge Cerena Wong on
11 February 9, 2005. (RJN, Exh. B, p. 4.) Due to plaintiff's appeal of the underlying denial of his
12 motion to dismiss, the case was stayed pending appeal for a period of months. (RJN, Exh. B, pp. 6,
13 7.) The denial of his motion to dismiss was upheld by the Superior Court Appellate Panel. (RJN,
14 Exh. C.) Plaintiff's appeal of this decision was denied by the First District Court of Appeals on
15 8/31/05. (RJN, Exh. D.)[2]

16 On March 27, 2006, the preliminary hearing on the new charges was commenced before Judge
17 Dean Beaupre. (RJN Exh. B, p. 14.) After several days of testimony, plaintiff was held to answer by
18 Judge Beaupre on 4/21/06 as to all counts (two homicides with enhancements and burglary). (RJN,
19 Exh. B, p. 27.) <u>None of these circumstances involved Potts, Casey, Mullins or Martin.</u>

20 The case was then assigned to Judge Elliot Daum for trial setting and trial. (RJN Exh. B, p.
21 30) Plaintiff filed further motions to dismiss (Id., p. 31 (6/13/06)) which were again denied, this time
22 by Judge Daum. (Id., p. 34 (7/12/06). Jury trial commenced on August 4, 2006. (Id., p. 38.) At the
23 end of presentation of evidence, plaintiff made a motion pursuant to 1118.1 PC to Judge Daum,
24 referred to as a motion for acquittal. (Id, p. 88.)[3] Judge Daum denied the motion, and submitted the

---

[2] Four appeals were taken by plaintiff in the underlying proceeding. (RJN, Exh. D.)

[3] Penal Code §1118.1 provides: "In a case tried before a jury, the court on motion of the defendant or on its own motion, at the close of the evidence on either side and before the case is submitted to the jury for decision, shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading if the evidence then before the court is insufficient to sustain a conviction of such offense or offenses on appeal." The test applied by the trial court in ruling on such a

SENNEFF FREEMAN BLUESTONE

NO.: C-07–04274 CW: County Defs' Memo. Of Points and Authorities in Suppt. Of Motion to Dismiss SAC    4

case to the jury for determination. (Id., p. 88.) On the 33rd day of trial, the jury acquitted plaintiff of all charges. (Id., pp. 92, 93.) Thus, the second prosecution was concluded.

Plaintiff makes no distinction in his SAC between those allegations pertaining to the first prosecution (such as the involvement of Potts, Casey and Martin) and those pertaining to the second prosecution (not reliant on Potts, Casey, or Martin). As the distinctions between the two are not evident on the face of the complaint, they cannot be addressed by this motion and will be a subject revisited (unless clarification through an amended complaint is forthcoming) in motions for summary judgment/partial summary judgment as the case progresses. This motion is therefore restricted to those issues which are evident from the face of the complaint, without distinction between the two prosecutions. It is very difficult to determine from the face of the complaint whether plaintiff is complaining of discrete issues in the prosecution or about the prosecution generally.

## III. CAUSES OF ACTION CONTAINED IN SECOND AMENDED COMPLAINT

The Second Amended Complaint is 36 pages long, containing 161 separate paragraphs and sixteen separately stated causes of action.[4] The first two causes of action allege, generally, causes of action pursuant to 42 USC §1983 for constitutional violations of the Fourth, Fifth and Fourteenth Amendments (free from unreasonable search and seizure, free from excessive force[5], and free from cruel and unusual punishment, and right to due process of law). He then goes on to state separate "causes of action" for the same alleged violations, listing them as "false arrest" (Fourth and Fifth Causes of Action), "false imprisonment" (Sixth and Seventh Causes of Action), "presenting false affidavit in support of arrest warrant" (Eighth and Ninth Causes of Action), "denial of fair trial" (Twelfth and Thirteenth Causes of Action) and an asserted constitutional claim for "malicious

---

motion is to determine whether from the evidence then in the record, including reasonable inferences to be drawn therefrom, there is substantial evidence of the existence of every element of the offense charged. (*People v. Coffman* (2004) 34 Cal.4th 1, *cert. denied* 544 U.S. 1063.)

[4]  FRCP Rule 8 requires that a complaint "shall contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ...; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. ..."

[5]  Although "excessive force" is mentioned in this cause of action, there are no factual allegations relating to excessive force against any of the defendants. The caption for the Second Amended Complaint contains the words "assault and battery" within the list of causes of action, but the complaint is devoid of any factual allegations which would give rise to an "assault and battery" claim, even if one were included among the sixteen causes of action.

SENNEFF FREEMAN BLUESTONE

NO.: C-07-04274 CW: County Defs' Memo. Of Points and Authorities in Suppt. Of Motion to Dismiss SAC          5

prosecution" (Sixteenth Cause of Action). Each of these are redundant of the First and Second Causes of Action, which already include all of the above-listed violations and all defendants.

Additionally, plaintiff has asserted several "constitutional" claims under the assumption that California Civil Code §§51 and 52 provide a vehicle, similar to 42 USC §1983, for alleged violations of California's Constitution. (Second, Fifth, Seventh, Ninth, Thirteenth and Sixteenth Causes of Action). As set forth below, the Unruh Civil Rights Act is not such a vehicle, and those causes of action, which merely duplicate and protect the identical rights as the U.S. Constitution, should be dismissed.

Finally, as to one defendant, Beau Martin, the only factual allegation is that he authored a search warrant in May 2002, at the direction of DDA Casey. It is requested that defendant Beau Martin be dismissed as a defendant.

## IV. LEGAL ARGUMENT

In considering a motion to dismiss, the Court must assume that plaintiff's allegations are true and grant the motion only if it appears that plaintiff cannot prove a set of facts entitling him to relief. (*Sun Savings & Loan Assn. v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987).) "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." (*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).) While the Court must assume the facts alleged in the complaint to be true, the court need not accept as true conclusory allegations or legal contentions. (*Western Mining Council v. Watt*, 643 F.2d 618, 630 (9th Cir. 1981).)

### A.   CIVIL CODE SECTIONS 51 AND 52 NOT APPLICABLE

Cal. Civil Code §51 (the Unruh Civil Rights Act) provides a private right of action which allows persons who are discriminated against on the basis of disability, sex, race, color, ancestry, national origin, sexual orientation or marital status to seek redress for any such discrimination in a court of law. The penalties for any such proscribed discrimination may be redressed through Civil Code §52 against any person who "denies, aids or incites a denial or makes any discrimination or distinction contrary to Section 51 ...". In short, the Civil Code is an anti-discrimination statutory scheme which primarily was enacted to address "hate crimes." (See, Legislative Notes to Civil Code

SENNEFF FREEMAN BLUESTONE

NO.: C-07-04274 CW: County Defs' Memo. Of Points and Authorities in Suppt. Of Motion to Dismiss SAC   6

§52.)

None of the allegations in the SAC support an inference of discrimination against plaintiff of any type; he is not alleged to belong to any "protected class" which the statutes are designed to protect; there is no alleged discriminatory conduct by any of the defendants; and there are no facts from which any inference of such may be drawn. As pleaded, it appears that plaintiff is attempting to use the Civil Code sections as a vehicle, as one would utilize a 42 USC §1983 action. However, this is improper, and is not contemplated by the statutory scheme.

For this reason, the Second, Fifth, Seventh, Ninth, Thirteenth and Sixteenth Causes of Action, all of which are predicated upon Civil Code §§51 and 52, should be dismissed.

### B. DEFAMATION CAUSE OF ACTION IS UNSUPPORTED BY FACTS ESTABLISHING REQUISITE ELEMENTS.

As stated above, while a court must accept factual allegations as true for purposes of a 12(b)(6) motion to dismiss, it need not consider legal conclusions or conclusory statements in considering whether a plaintiff has adequately alleged facts supporting a given cause of action. *(Western Mining Council v. Watt, supra,* 643 F.2d at 630.) Here, plaintiff alleges that Assistant District Attorney Christine Cook stated that plaintiff "miserably failed a polygraph test," that "plaintiff was not found innocent, and that "COOK made further statements of fact, which stated that plaintiff was a murderer and that the plaintiff was guilty of murder." (SAC ¶46.) He then includes a series of conclusory allegations as follows: that he "demanded that COOK retract all false statements made by COOK," (without alleging which, if any, of her statements were "false" or defamatory); and that Cook "failed to retract said statements" (SAC ¶¶47, 48.) In the Tenth Cause of Action (¶¶123-131), plaintiff simply alleges that Cook made false and unprivileged statements, again not alleging which, if any, were false, and setting forth the basis for his damages claims thereafter.

Civil Code §45 defines "libel" and "slander" as "false publications." Plaintiff must allege which, if any, of the statements made by Cook are the defamatory statements. The defamatory material must be set forth in the complaint. The defendant must be put on reasonable notice, by the pleadings, as to which statements are the alleged defamatory statements in order to adequately respond to the allegations.

SENNEFF FREEMAN BLUESTONE

NO.: C-07-04274 CW: County Defs' Memo. Of Points and Authorities in Suppt. Of Motion to Dismiss SAC     7

C. **FOURTH THROUGH NINTH, TWELFTH, THIRTEENTH, SIXTEENTH CAUSES OF ACTION ARE DERIVATIVE OF FIRST CAUSE OF ACTION AND ARE EXTRANEOUS TO THE PLEADINGS.**

In his First Cause of Action, plaintiff alleges violations of the Fourth, Fifth and Fourteenth Amendments of the U.S. Constitution arising from denial of due process, illegal search and seizure, cruel and unusual punishment, and excessive force. He then goes on to separately state causes of action alleging the same violations, but in eight more causes of action: "false arrest" (Fourth and Fifth Causes of Action), "false imprisonment" (Sixth and Seventh Causes of Action)[6], "presenting false affidavit in support of arrest warrant" (Eighth and Ninth Causes of Action), "denial of fair trial" (Twelfth and Thirteenth Causes of Action) and an asserted constitutional claim for "malicious prosecution" (Sixteenth Cause of Action). The extraneous causes of action merely add to the already cumbersome pleading, and it is requested that they be dismissed accordingly.

D. **THIRD CAUSE OF ACTION FOR INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS ARE IMPROPERLY ALLEGED AS BEING BROUGHT PURSUANT TO CIVIL CODE §§51 AND 52 AND THUS SHOULD BE DISMISSED.**

As stated above, Civil Code §§51 and 52 are separate statutory schemes designed to provide private rights of action for persons who have been discriminated against. Plaintiff has included a state law cause of action for "intentional/negligent infliction of emotional distress" (a claim which is really two separate torts each with its own prima facie showing), but it inexplicably contains an express reference to the "Unruh Civil Rights Act" and Code Sections 51 and 52 (SAC ¶ 67).

Intentional infliction of emotional distress is a common law tort, which has no statutory predicate. In order to support a claim for intentional infliction of emotional distress, plaintiff must allege that each of the defendants named in such a cause of action engaged in outrageous, unprivileged conduct which was intended to cause plaintiff to suffer emotional distress; the plaintiff suffered severe emotional distress; and such outrageous, unprivileged conduct of the defendant was a cause of the emotional distress suffered by the plaintiff. CACI 1600. "Extreme and outrageous

---

[6] False arrest and false imprisonment are not usually analyzed as separate constitutional claims, because both arise from the Fourth Amendment and require the same showing: that the arrest was made without probable cause. (See, Cabrera v. City of Huntington Park (9th Cir. 1998) 159 F.3d 374, 383.)

SENNEFF FREEMAN BLUESTONE

NO.: C-07–04274 CW: County Defs' Memo. Of Points and Authorities in Suppt. Of Motion to Dismiss SAC    8

1  conduct is conduct which goes beyond all possible bounds of decency so as to be regarded as
2  atrocious and utterly intolerable in a civilized community." CACI 1602. Conduct, which under other
3  conditions would be extreme and outrageous, may be privileged and a defendant is not liable when a
4  defendant has done no more than to insist upon his legal rights in a permissible way, even though it
5  may cause emotional distress; if a defendant in good faith believed that he was acting under a legal
6  right, he shall be considered as having been acting under such right, even if he was wrong in so
7  thinking. CACI 1605; *Fletcher v. Western Nat'l Life Ins. Co.* (1970) 10 Cal.App.3d 376, 395.
8  Negligent infliction of emotional distress is similarly a common law tort which requires a plaintiff to
9  prove that defendant was negligent; that plaintiff suffered serious emotional distress; and that
10 defendant's negligence was a substantial factor in causing plaintiff's serious emotional distress.
11 CACI 1620.

   Plaintiff's Third Cause of Action improperly includes reference to the Civil Code sections,
and their remedies, and as such is improperly pleaded. It is requested that the plaintiff's Third Cause
of Action be dismissed, but that plaintiff be given leave to amend to properly assert the cause of
action as a common law tort.

E.  **REFERENCES TO "EXCESSIVE FORCE" AND "ASSAULT AND BATTERY" SHOULD BE STRICKEN, AS THERE ARE NO FACTUAL ALLEGATIONS TO SUPPORT EITHER CLAIM.**

   The caption of the SAC lists as a cause of action "assault and battery" even though there are
no facts alleged in the SAC which would support such a claim, even if one were set forth. There is
reference to "excessive force" in the First Cause of Action (SAC, ¶54) but, again, there are no facts
which would give rise to any such claim. It is requested that the references to "excessive force" and
"assault and battery" be dismissed accordingly.

F.  **DETECTIVE BEAU MARTIN SHOULD BE DISMISSED.**

   The only factual allegation against defendant Martin is that he authored a search warrant at the
direction of DDA James Casey. (SAC ¶25.) Other than to allege that the search warrant "failed to
support probable cause to search Plaintiff's residence" (id.), there are no further charging allegations
against Martin. As he is not alleged to have misstated any facts supporting that search warrant, or to

SENNEFF
FREEMAN
BLUESTONE

NO.: C-07-04274 CW: County Defs' Memo. Of Points and Authorities in Suppt. Of Motion to Dismiss SAC      9

1  have omitted material facts, intentionally to deprive plaintiff of some constitutional protection, the
2  complaint fails to allege facts sufficient to constitute a cause of action against Martin. The bare legal
3  conclusion that the warrant "failed to support probable cause" must be disregarded, and the remaining
4  allegations are insufficient to state any claim against Martin.

## V. CONCLUSION

This motion attempts to parse through broad brush allegations of the SAC relating to, but not distinguishing, separate prosecutions. The sufficiency of the evidence and the claimed prosecutorial missteps here asserted by plaintiff were exhaustively raised by motion and appeals in the criminal prosecutions. The prosecution believed then, as now, that the evidence of plaintiff's responsibility was compelling. The fact that a jury did not ultimately agree should not be a springboard to retry the issues in this civil proceeding.

DATED:     February 29, 2008

SENNEFF FREEMAN & BLUESTONE, LLP

By: _____
    Michael D. Senneff
    Bonnie A. Freeman
Attorneys for Defendants County of Sonoma, Stephan Passalacqua, J. Michael Mullins, Greg Jacobs, Christine M. Cook, Russel L. Davidson, James Patrick Casey, and Detective Beau M. Martin

SENNEFF FREEMAN BLUESTONE

NO.: C-07-04274 CW: County Defs' Memo. Of Points and Authorities in Suppt. Of Motion to Dismiss SAC      10