Michael D. Senneff, Esq. (SB 039388)
Bonnie A. Freeman, Esq. (SB 180502)
SENNEFF FREEMAN & BLUESTONE, LLP
50 Old Courthouse Square, Suite 401
P.O. Box 3729
Santa Rosa, CA 95402-3729
Telephone:   707-526-4250
Facsimile:   707-526-0347

Attorneys for Defendants County of Sonoma (also sued as Sonoma County Sheriff's Department and Sonoma County District Attorney's Office), Stephan Passalacqua, J. Michael Mullins, Greg Jacobs, Christine M. Cook, Russel L. Davidson, James Patrick Casey, and Detective Beau M. Martin

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARIAH JUDSON RUTLEDGE,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTY OF SONOMA, MICHAEL POTTS, et al.,<br><br>        Defendants.<br>_____/ | NO. CV 07-04274 CW<br><br>[PROPOSED] ORDER GRANTING COUNTY DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT<br>[FRCP Rule 12(b)(6)]<br><br>Date:  April 10, 2008<br>Time:  2:00 p.m.<br>Ctrm:  2 |

On April 10, 2008, this Court held the hearing on Defendants County of Sonoma (also sued as Sonoma County Sheriff's Department and Sonoma County District Attorney's Office), Stephan Passalacqua, J. Michael Mullins, Greg Jacobs, Christine M. Cook, Russel L. Davidson, James Patrick Casey, and Detective Beau M. Martin (collectively "County Defendants") motion to dismiss the second amended complaint of Plaintiff Zachariah Judson Rutledge pursuant to FRCP Rule 12(b)(6).

Based upon the evidence and argument presented at the hearing,

IT IS HEREBY ORDERED that County Defendants' Motion to Dismiss is GRANTED on each of the following grounds:

1. The Second Cause of Action for violation of the California Constitution, Article I, as stated under Cal. Civil Code §§51 and 52 fails to state facts sufficient to constitute a cause of action against the County defendants as a matter of law, as Civil Code §§51 and 52

(and the statutory remedies thereunder) do not provide for the relief sought.

2. The Third Cause of Action for intentional/negligent infliction of emotional distress, insofar as it seeks redress pursuant to Civil Code §§51 and 52, fails to state a cause of action as those statutes do not provide remedy for these common law tort claims.

3. The Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Twelfth, Thirteenth and Sixteenth Causes of Action (for various stated constitutional violations) fail to state facts sufficient to constitute separate causes of action against County defendants, as they are merely restatements of the First Cause of Action which adequately alleges violations of the constitutional rights provided under the First, Fourth, Fifth and Fourteenth Amendments.

4. The Tenth Cause of Action for defamation, slander and libel (defamation) fails to state facts sufficient to constitute a cause of action against defendant Christine Cook, as the plaintiff has failed to allege which, if any, of the statements alleged to have been made by defendant Cook were "untrue" or false, and thus has failed to set forth the necessary factual allegations to support a defamation claim.

5. As to the references in the Caption to "assault and battery" and to "excessive force" within the complaint (at ¶54), defendants move to strike such references and/or to dismiss any claim for excessive force and/or assault and battery, as the plaintiff has failed to allege any facts which, if true, would constitute a cause of action against the defendants for either claim.

6. As to defendant Beau Martin, the entire First Amended Complaint, which fails to state facts sufficient to constitute any cause of action against him.

IT IS SO ORDERED.

DATED: _____                     _____
                                                   Claudia Wilken
                                                   United States District Court Judge