1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  JOHN P. DEVINE, State Bar No. 170773
   Deputy Attorney General
3   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
4   Telephone:  (415) 703-5522
    Fax:  (415) 703-5480
5   Email:  John.Devine@doj.ca.gov

6  Attorneys for Defendant Michael Potts

7

8             IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    OAKLAND DIVISION

11

   ZACHARIAH JUDSON RUTLEDGE,                Case No.  C 07-04274-CW
12
                                             **DEFENDANT MICHAEL
13                          Plaintiff,       POTT'S NOTICE OF MOTION,
                                             AND MOTION TO DISMISS
14         v.                                PLAINTIFF'S SECOND
                                             AMENDED COMPLAINT &
15                                           MOTION FOR MORE
                                             DEFINITE STATEMENT;
16  COUNTY OF SONOMA, et al.,                MEMORANDUM OF POINTS
                                             AND AUTHORITIES IN
17                                           SUPPORT THEREOF**

18                          Defendants.      **Date:  June 12, 2008
                                             Time:  2:00 p.m.
19                                           Courtroom:  2 (4th Floor)
                                             Judge:  Hon. Claudia Wilken**
20

21  TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

22        PLEASE TAKE NOTICE that on Thursday, June 12, 2008, at 2:00 p.m., or as soon

23  thereafter as the matter may be heard before the Honorable Claudia Wilken, United States

24  District Judge, in Courtroom 2 of the above-entitled court, located at the Federal Building, 1301

25  Clay Street, Oakland, California, defendant Michael Potts will and hereby does move this Court

26  to dismiss this action in accordance with 12(b)(1) & (6) of the Federal Rules of Civil Procedure,

27  on the ground that plaintiff's second amended complaint is barred due to a lack a of subject-

28  matter jurisdiction and failure to state a claim against defendant upon which relief can be

Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As          Rutledge v. Co. of Sonoma, et al.
                                                                   C 07-04274-CW
                              1

granted, in that:

1.    The claims for relief based upon state law (*i.e.*, 2nd, 3rd, 5th, 7th, 13th, and 16th)  are barred because plaintiff failed to file a timely "claim" with the State of California's Victim Compensation and Government Claims Board, which is a condition precedent to filing a lawsuit against a public employee;

2.    The claims for relief based upon federal law for false imprisonment and false arrest (*i.e.*, 4th and 6th) are barred by the applicable statute of limitations; and

3.    The claims for relief for alleged violations of constitutional rights, conspiracy, and malicious prosecution (*i.e.*, 1st, 11th, 12th, and 16th) are precluded because they do allege sufficient facts; and

4.    The claims for relief against defendant Michael Potts in his "official capacity" are precluded because it contravenes the Eleventh Amendment and a claim for relief against a State of California official is not a "person" by the terms of 42 U.S.C. section 1983.

Further, defendant Michael Potts will and hereby does move this Court, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, for a more definite statement in plaintiff's second amended complaint because the indefiniteness of the allegations deprive him of the opportunity to frame a responsive pleading.

Wherefore, defendant Michael Potts prays that his motion to dismiss be granted, and that plaintiff's second amended complaint be dismissed with prejudice as to him.  Alternatively, defendant Michael Potts prays that his motion for a more definite statement be granted as to any claims for relief not dismissed, so that he can frame a responsive pleading.

These motions are and shall be based upon these notices of motions, along with the motion to dismiss and the motion for a more definite statement, the accompanying memorandum of points and authorities, the request for judicial notice, the pleadings and papers on file herein, and such oral and written material as may be presented at the hearing of this motion.

///

///

///

Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As

Rutledge v. Co. of Sonoma, et al.
C 07-04274-CW

2

1    Dated:  April 7, 2008

2                        Respectfully submitted,

3                        EDMUND G. BROWN JR.
                        Attorney General of the State of California

4

5

6                         s/s John P. Devine
                        JOHN P. DEVINE
7                        Deputy Attorney General

8                        Attorneys for Defendant Michael Potts

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As          Rutledge v. Co. of Sonoma, et al.
                                                                          C 07-04274-CW

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

### A.  Nature Of This Action; Plaintiff's Claims

This lawsuit regards monetary damages sought by plaintiff Zachariah Rutledge ("Rutledge"), who was previously prosecuted for two murders in the Superior Court of California, County of Sonoma.

As a result of Rutledge's eventual exoneration from these criminal charges, he now pleads 16 separate claims for relief due to purported violations to his rights under both federal and state laws.  Before further discussing the current array of Rutledge's claims for relief, a short summary of some of the important dates in the prior criminal lawsuit involving him is necessary. The necessity arises because the timing of events in the criminal lawsuit precludes nearly all of his claims for relief against defendant Michael Potts, who served as a criminalist in the California Department of Justice's Bureau of Forensic Services.

According to Rutledge's second amended complaint, on May 8, 2002, he was arrested in accordance with a warrant for two murders, which had occurred in 1998, and his house was concurrently searched. (Pl. 2nd Am. Compl. ¶¶ 24-31).[1]

On June 6, 2002, Rutledge was arraigned on two counts of homicide and one count of burglary (*i.e.*, Cal. Penal Code §§ 187(a) & 459).  *People v. Zachariah Judson Rutledge - Superior Court of California, County of Sonoma - Case No. MCR 398506* (Request for Judicial Notice "RJN" Ex. A, page 2).

On November 14 and 15, 2002, a preliminary hearing was held for the criminal charges against Rutledge. (RJN Ex. A, pages 3-6).  He was then held to answer for the criminal charges,

---

1.  While plaintiff's second amended complaint provides an abbreviated procedural history of the criminal lawsuit against him, many of the averments lack specificity.  For instance, the dates for the occurrence of different events or actions are omitted.  Since these dates are critical to the ability of plaintiff to maintain his current lawsuit (*e.g.*, the timeliness of plaintiff's various claims for relief), the salient dates – as they directly relate to these motions to dismiss and motion for more definite statement – are provided.

Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As

Rutledge v. Co. of Sonoma, et al.
C 07-04274-CW

1   which were formally included in the Information, which was filed on November 26, 2002.[2/]

2   (RJN Ex. A, page 7).

3        On January 28, 2003, Rutledge retained attorney J. David Nick, who currently represents

4   him in this lawsuit, to represent him in the criminal proceeding.  (RJN Ex. A, page 7).

5        On March 8, 2004, Rutledge's counsel J. David Nick filed a motion to dismiss the

6   Information based upon alleged misrepresentations made by criminalist Michael Potts during his

7   testimony at the preliminary hearing.  (RJN Ex. A, pages 13-14).  The motion to dismiss was

8   denied by Judge Ballinger on April 14, 2004.  On May 19, 2004, Rutledge renewed his motion to

9   dismiss the Information again based upon the purported misrepresentations made by criminalist

10  Michael Potts. (RJN Ex. A, page 23).

11       On June 14, 2004, Judge Ballinger granted Rutledge's  renewed motion to dismiss the

12  Information, and ordered that he "be released FORTHWITH." (RJN Ex. A, page 32; see also

13  plaintiff's second amended complaint ¶1, "At one point, the underlying criminal matter was

14  dismissed after a state criminalist admitted that he gave false testimony about the prosecution's

15  key evidence and laboratory test during a preliminary hearing.")

16       As a result, every one of the allegations in this lawsuit against criminalist Michael Potts

17  pertain to criminal proceedings that were dismissed on June 14, 2004.

18       On June 15, 2004, a new criminal complaint was filed against Rutledge that again charged

19  him with two counts of homicide and one count of burglary. *People v. Zachariah Judson*

20  *Rutledge* - Superior Court of California, County of Sonoma - Case No. MCR 443363; see also

21  plaintiff's second amended complaint ¶1 "Nonetheless, prosecutors re-filed the charges and the

22  case reached trial.").  At no point did criminalist Michael Potts ever participate or testify in this

23  subsequent criminal action against Rutledge.

24       Ultimately, on September 29, 2006, a jury determined that Rutledge was not guilty of the

25  criminal charges filed against him in the subsequent criminal action, and the Court ordered his

26

27  _____

28       2.  California Penal Code § 691(b) provides that, "The words 'accusatory pleading' include
    an indictment, an information, an accusation, and a complaint."

Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As        Rutledge v. Co. of Sonoma, et al.
                                                                C 07-04274-CW

1  release from custody.

2      On August 20, 2007, Rutledge filed this lawsuit against eight individuals, as well as the

3  County of Sonoma, the Sonoma County Sheriff's Department, and the Sonoma County District

4  Attorney's Office.

5      As previously mentioned, sixteen separate claims for relief comprise plaintiff's second

6  amended complaint.  Eleven of these sixteen claims for relief are made against criminalist

7  Michael Potts (*i.e*, 1st - Violation of Federal Constitutional Rights; 2nd  - Violation of State

8  Constitutional Rights; 3rd - Intentional/Negligent Infliction of Emotional Distress; 4th - False

9  Arrest (42 U.S.C. §1983); 5th - False Arrest (Cal. Govt. Code § 810 et seq.); 6th - False

10  Imprisonment (42 U.S.C. §1983); 7th - False Imprisonment (Cal.Govt. Code §810 et seq.); 11th -

11  Conspiracy;  12th - Denial of Fair Trial (42 U.S.C.§1983);  13th - Denial of Fair Trial (Cal. Govt.

12  Code § 810 et seq.); and 16th - Malicious Prosecution).

13      The dilatory manner in bringing these claims for relief against defendant Michael Potts

14  obviates the need to review their substance in more detail.  Instead, focus is placed straight on

15  the intractable procedural barriers that are created by the untimeliness of this lawsuit, which

16  necessitates the dismissal of the claims for relief against defendant Michael Potts.

17      **B.  Grounds for these Motions**

18      Several procedural impediments prevent the inclusion of defendant Michael Potts in this

19  lawsuit.

20      Initially, California law requires that a person file a "claim" with the relevant public agency

21  that employees the individual.  (Cal. Gov. Code §950.2).  To be sure, a claim for relief for

22  damages against a State of California government entity or its employees is barred unless a

23  "claim" was timely submitted to the State of California's Victim Compensation and Government

24  Claims Board.  (Cal. Gov. Code §§ 900.2, 945.4, 950.2).  The filing of a "claim" is a condition

25  precedent to the maintenance of an action under state law and an integral part of the cause of

26  action.  While a person that is imprisoned at the time a cause of action accrues against him might

27  be able to toll the statute of limitations for two years, this tolling does apply to the requirements

28  to file a timely "claim" against a public entity or public employee.  (Cal. Code of Civ. Pro.

Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As          Rutledge v. Co. of Sonoma, et al.
                                                                   C 07-04274-CW

1    §352.1).  Therefore, plaintiff was obligated to present a claim to the Victim Compensation and

2    Government Claims Board six months after the accrual of the cause of action. (Cal. Gov. Code

3    §911.2)

4        Plaintiff did not do so.  Although plaintiff and his counsel knew of the purported actions of

5    defendant Michael Potts at least by March 2004, they did file a claim with the Victim

6    Compensation and Government Claims Boards until three years later in March 2007. (RJN Ex.

7    B).  As a consequence of this untimely action, all of plaintiff's state law claims for relief against

8    defendant Michael Potts (*i.e.*, 2nd, 3rd, 5th, 7th, 13th, and 16th) are barred.

9        Additionally, the statute of limitations regarding a claim for relief for false arrest or false

10   imprisonment accrues once the individual is bound over by a magistrate or arraigned on charges.

11   *Wallace v. Kato*, 127 S.Ct. 1091, 166 L.Ed. 2d 807 (2007).  Plaintiff's arraignment on criminal

12   charges initially took place on June 6, 2002. (RJN Ex. A, page 2). At that point, the time for a

13   cause of action for false arrest or false imprisonment, which must be brought within one year of

14   the date of the accrual, started to run.  (Cal. Code of Civ. Pro. §340).  Although this one year

15   period would have been tolled for two years because of plaintiff's imprisonment in the Sonoma

16   County Jail, plaintiff still would have needed to bring any causes of action alleging false arrest

17   and false imprisonment under 42 U.S.C. section 1983 (*i.e.*, plaintiff's 4th and 6th claims for relief)

18   by June 6, 2005.  Since this was not done,  plaintiff's federal law claims for relief based upon his

19   alleged false arrest or false imprisonment ought to be dismissed with prejudice.

20       Finally, defendant Michael Potts seeks the dismissal or a more definite statement regarding

21   the remaining federal claims for relief  that are vaguely pled against him (*i.e.*, 1st, 11th, 12th, and

22   16th ).  For instance, plaintiff's eleventh claim for relief for conspiracy does so without the

23   requisite detail.  *Johnson v. State of California*, 207 F.3d 650 (9th Cir. 2000), appeal after remand

24   321 F.3d 791 (9th 2003).  Further, plaintiff's first, twelfth, and sixteenth claims for relief contain

25   allegations only related to substantive due process rights, which cannot form the basis for a

26   §1983 malicious prosecution action.  *Albright v. Oliver*, 510 U.S. 266 (1994).  Moreover,  the

27   terms of Eleventh Amendment to the United States Constitution and 42 U.S.C. section 1983 do

28   not provide for claims for relief against the State of California, its agencies, or its public

Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As          Rutledge v. Co. of Sonoma, et al.
                                                                                                    C 07-04274-CW

1    officials.  While plaintiff broadly avers that defendant Michael Potts is sued in his individual and

2    official capacity, he does limit – and it remains unclear if he intends to – these remaining claims

3    for relief under 42 U.S.C. section 1983 against defendant Michael Potts solely in his individual

4    capacity.

5         For these reasons, all the various claims for relief against defendant Michael Potts ought to

6    be dismissed.

7                                    **ARGUMENT**

8                                        **I**

9    **PLAINTIFF'S FAILURE TO FILE A STATUTORILY MANDATED**
     **"CLAIM" WITH THE CALIFORNIA VICTIM COMPENSATION**
10   **AND GOVERNMENT CLAIMS BOARD –  A CONDITION**
     **PRECEDENT TO ANY LAWSUIT AGAINST A PUBLIC EMPLOYEE**
11   **BASED UPON STATE LAW –  BARS ALL OF HIS STATE LAW**
     **CLAIMS FOR RELIEF IN THIS LAWSUIT**
12

13        Plaintiff's second amended complaint contains six separate claims for relief for monetary

14   damages based upon state law.  They are as follows:

15        1.   Second Cause of Action - Violation of Constitutional Rights -  Entitling Relief

16             Under CGC § 810 et seq, CCC § 51 et seq and CCC § 52 et seq.

17        2.   Third Cause of Action - Intentional/Negligent Infliction of Emotional

18             Distress - Entitling Relief under CGC § 810 et seq.

19        3.   Fifth Cause of Action - False Arrest - Entitling Relief Under CGC § 810 et

20             seq, CCC § 51 et seq and CCC § 52 et seq.

21        4.   Seventh Cause of Action - False Imprisonment - Entitling Relief Under CGC §

22             810 et seq, CCC § 51 et seq and CCC § 52 et seq.

23        5.   Thirteenth Cause of Action - Violation of Constitutional Rights, To Wit:  Denial

24             of A Fair Trial and Denial of Due Process - Entitling Relief Under CGC § 810 et

25             seq, CCC § 51 et seq and CCC § 52 et seq.

26        6.   Sixteenth Cause of Action - Malicious Prosecution - Entitling Relief Under CGC

27             § 810 et seq, CCC § 51 et seq and CCC § 52 et seq.

28        A claim for relief for damages against a State of California government entity or

Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As          Rutledge v. Co. of Sonoma, et al.
                                                                  C 07-04274-CW

1   government employee is barred unless a "claim" was timely submitted to, and was rejected by,

2   the Victim Compensation and Government Claims Board. Cal. Gov. Code §§ 900.2, 911.2,

3   945.4, 950.2; *Blair v. Superior Court* (1990) 218 Cal.App.3d 221, 223. The filing of a "claim" is

4   a condition precedent to the maintenance of an action under state law and an integral part of the

5   cause of action. *Karim- Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir.1988)

6   (construing California law); *Williams v. Horvath*, 16 Cal.3d 834, 842 (1976 ). Indeed, the Ninth

7   Circuit has held that California Government Code section 911.2[3], which sets forth the time limits

8   for presenting a "claim," does not create a mere procedural requirement, but instead provides

9   elements of, and conditions precedent to, plaintiff's state claims. *Willis v. Reddin*, 418 F.2d 702,

10  704 (9th Cir. 1969).

11      More specifically, California Government Code section 950.2 mandates that "'a cause of

12  action against a public employee . . . for injury resulting from an act or omission in the scope of

13  his employment as a public employee is barred' unless a timely claim has been filed against the

14  employing public entity."[4] *Fowler v. Howell*, 42 Cal.App.4th 1746, 1750 (1996). The

15  California Legislature "included in the Tort Claims Act what amounts to a requirement that . . .

16  one who sues a public employee on the basis of acts or omissions in the scope of the defendant's

17  employment [must] have filed a claim against the public-entity employer pursuant to the

18  procedure for claims against public employees." *Briggs v. Lawrence*, 230 Cal.App.3d 605, 612-

19  13 (1991)(citing Cal. Gov. Code §§ 911.2, 945.4, 950.2, 950.6(a)).

20      To address these statutory mandates and requirements, plaintiff includes allegations in the

21  second amended complaint about timely compliance with them. For instance, plaintiff's

22  _____

23      3. California Government Code §911.2(a) states, "A claim relating to a cause of action for
        death or injury to person. . .shall be presented. . .not later than six months after the accrual of the
24      cause of action. . . .'"

25      4. California Government Code §950.2 states, "Except as provided in Section 950.4, a cause
        of action against a public employee of former public employee for injury resulting from an act or
26      omission in the scope of his employment as a public employee is barred if an action against the
        employing public entity for such injury is barred under Part 3 (commencing with Section 900) of
27      this division or under Chapter 2 (commencing with Section 945) of Part 4 of this division. This
        section is applicable even though the public entity is immune from liability for the injury."
28

Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As          Rutledge v. Co. of Sonoma, et al.
                                                                   C 07-04274-CW

1  amended complaint alleges that "PLAINTIFF filed timely claims for damages with both

2  COUNTY and the State of California, which possess jurisdiction over all defendants." (Pl. 2nd

3  Am. Compl. ¶ 49)

4      But this allegation is inaccurate because plaintiff did not file a timely claim for damages

5  with the State of California.[5]  The latest date for the accrual of any state law claim for relief

6  against defendant Michael Potts occurred in March 2004, when plaintiff and his criminal

7  attorney (also one of his two attorney in this lawsuit) filed a motion to dismiss pending criminal

8  charges because of the alleged malfeasance of Mr. Potts. (RJN Ex. A, pages 13-14). But plaintiff

9  did file the requisite claim with the Victim Compensation and Government Claims Board until

10  March 2007. (RJN Ex. B ).  Indeed, when plaintiffs' co-counsel E.D. Lerman ultimately did file

11  the claim, along with the necessary statement of late filing, she stated,

12          The Claim was not filed within six months of the initial injury because
            claimant Zachariah J. Rutledge was incarcerated and did not have access to
13          the resources necessary to make the claim, and he feared retaliation.  The
            injury connected to the DOJ Forensic Laboratory concluded at the time of
14          the acquittal on September 29, 2006. (RJN Ex. B).

15  The injury purportedly connected with the actions of defendant Michael Potts and the DOJ

16  Forensic Laboratory actually concluded in March 2004, or at the latest, in June 2004 when the

17  initial criminal charges against Rutledge were dismissed by the Court.

18      No exceptions from these requirements regarding a "claim" are made because an individual

19  is incarcerated.   Quite the contrary, the tolling provision that ordinarily applies to the statute of

20  limitations for those imprisoned does not similarly apply when a "claim" is required to be

21  presented against a "public entity or public employee."  (Cal. Code of Civ. Pro. §352.1(b)).

22

23
---
24      5.  Pursuant to 12(b)(1), a district court must dismiss an action if it lacks jurisdiction over
    the subject matter of the suit.  See Fed. R. Civ. Pro. 12(b)(1).  Unlike a motion under 12(b)(6), the
25  Court is not required to accept all of the non-moving party's factual allegations as true.  Instead, the
    party moving under Rule 12(b)(1) may submit evidence indicating that the district court lacks
26  subject matter jurisdiction.  "It then becomes necessary for the party opposing the motion to present
    affidavits or any other evidence to satisfy its burden of establishing that the court, in fact, possesses
27  subject matter jurisdiction." *Ass'n of Am. Med. Colleges v. United States*, 213 F.3d 770, 778 (9th Cir.
    2000) (noting that a district court "obviously does not abuse its discretion by looking to this extra-
28  pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes").

Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As          Rutledge v. Co. of Sonoma, et al.
                                                                  C 07-04274-CW

1    California Code of Civil Procedure section 352.1(b) provides, in relevant part, that "This section

2    does not apply to an action against a public entity or public employee upon a cause of action

3    form which a claim is required to be presented. . . ."  The Ninth Circuit has not only

4    acknowledged this limitation, but also delineated the contours of it.  In *Ellis v. City of San Diego*,

5    176 F.3d 1183, (9th Cir. 1999), the Ninth Circuit Court of Appeals clarified,

> As noted above, §352.1(b) limits the tolling provisions of subsection (a) so
> that they do not apply to any "action against a public entity or public
> employee upon a cause of action for which a claim is required to be
> presented in accordance with . . . the Government Code." . . . *Cal.*
> *Government Code* § 911.2 sets the time period for presentation of a claim
> relating to death or personal injury at six months.  Applications for an
> extension of time to file a late claim may be made within one year after the
> accrual of the injury, however, there is no discretion to grant applications
> made after that date.  *See Cal. Gov't Code* §911.4 (West 1995); *Santee v.*
> *Santa Clara County Office of Educ.*,  220 Cal.App. 3d 702, 713, 269
> Cal.Rptr. 605 (1990).

12    As a result, the fact that plaintiff was incarcerated at the time he was statutorily obligated to

13    present a "claim" does not affect nor alleviate his failure to act punctually.  This failure now

14    requires the dismissal of all of plaintiff's state law claims for relief.

15        Since plaintiff also brought his state law claims for relief under Civil Code sections 51 and

16    52, one additional comment becomes necessary.[6/]  The "claim" requirement, as previously set

17    forth, applies to actions for damages brought under both of these sections.  In *Gatto v. County of*

18    *Sonoma* (2002) 98 Cal.App. 4th 744,  764-65, the California Court of Appeal observed,

> The fact that federal civil rights claims under 42 *United States Code section*
> 1983 are exempt from the requirements of the Government Claims Act also
> provides no reason to exempt claims under *sections* 51 and 52.1, despite the
> similarity of the claims that can be made under the federal and state statutes.
> Section 1983 claims are exempt from the state claims requirements because
> the supremacy clause of the United States Constitution does not permit a
> state law to alter or restrict federally created rights.  As our  Supreme Court
> has noted, "the filing of a claim for damages 'is more than a procedural
> requirement, it is a condition precedent to plaintiff's maintaining an action
> against defendants, in short, an integral part of plaintiff's case of action.'
> And while it may be constitutionally permissible for the Legislature to place
> this substantive impediment in the path of a state cause of action, it is clear

---

        6. This action also arises under the California Tort Claims Act (California Government Code
§§810 et seq), the California Unruh Civil Rights Act (California Civil Code §51et seq and CCC §
52  et seq) and Article I , Sections 13, 15 and 17 of the California Constitution." (Pl. 2nd Am. Compl.
¶4).

Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As          Rutledge v. Co. of Sonoma, et al.
                                                                  C 07-04274-CW

that the supremacy clause will not permit a like abrogation of the perquisites of a federal civil rights litigant." (*Williams v. Horvath* (1976) 16 Cal. 3d 834, 842.) Conditioning damage claims against public entities under the Unruh Civil Rights Act (however it may be defined) on compliance with the Government Claims Act presents no such constitutional problem. (Italics original)

As this observation in the *Gatto* decision makes abundantly evident, the "claim" requirement applies equally to those actions for damages brought under Civil Code sections 51 and 52, as well as those brought under Government Code section 810 *et seq*. Consequently, plaintiff and his counsel's failure to file a timely "claim" require the dismissal of all the claims for relief based upon state law regardless of their substantive statutory underpinning.

## II

**PLAINTIFFS' CLAIMS FOR RELIEF BASED UPON ALLEGATIONS OF FALSE ARREST AND FALSE IMPRISONMENT ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

Plaintiffs fourth and sixth are styled as claims for relief for false arrest and false imprisonment under 42 U.S.C. section 1983.

While 42 U.S.C. section 1983 provides a federal claim for relief, in many aspects it looks to the law of the State, including the length of the statute of limitations. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989).

As the United States Supreme Court recently noted, "False arrest and false imprisonment overlap; the former is a species of the latter. *Wallace v. Kato*, 127 S.Ct. 1091, 1095, 166 L.Ed. 2d 973. In analyzing and applying the statute of limitations for false imprisonment, the *Wallace* decision emphasized that "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process – when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 1096.

Plaintiff's arraignment on criminal charges initially took place on June 6, 2002. (RJN Ex. A, page 2). At that point, the time for claims for relief based upon both false arrest or false imprisonment, which must be brought within one year of the date of the accrual, began to run.

Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As          Rutledge v. Co. of Sonoma, et al.
                                                                    C 07-04274-CW

1   (Cal. Code of Civ. Pro. §340).

2       Although this one year period arguably would have been tolled for two years because of

3   plaintiff's confinement in the Sonoma County Jail, plaintiff still would have needed to bring any

4   causes of action alleging false arrest and false imprisonment under 42 U.S.C. section 1983 (*i.e.*,

5   plaintiff's 4th and 6th claims for relief) by June 6, 2005.  This was not done.

6       Accordingly, plaintiff's federal law claims for relief due to his alleged false arrest or false

7   imprisonment ought to be dismissed with prejudice.

8                                    **III**

9       **THE ALLEGATIONS IN PLAINTIFF'S SECOND AMENDED**
        **COMPLAINT ARE SO VAGUE  THAT THEY  ARE SUBJECT**
10      **EITHER TO A MOTION FOR DISMISSAL UNDER RULE 12(b)(6)**
        **OR MOTION FOR MORE DEFINITE STATE UNDER RULES 12(e)**
11

12      Federal Rules of Civil Procedure Rule 8(a) requires, in pertinent part, that a complaint

13  contain "a short and plain statement of the claim", while Rule 8(d)(1) requires "[e]ach allegation

14  must be simple, concise and direct."  Dismissal is warranted under Rule 12(b)(6) if the pleading

15  fails to state a claim.  Moreover, dismissal is warranted under Rule 12(e) if pleadings are so

16  vague and ambiguous such as to deprive the opponent of the reasonable opportunity to "frame a

17  responsive pleading".

18      Plaintiff's second amended complaint is so vague and ambiguous that it precludes

19  defendant Michael Potts from framing a responsive pleading or raising additional legal issues

20  that might subject this lawsuit to dismissal.

21      For instance, plaintiff' first, twelfth, and sixteenth claims for relief all broadly allege

22  violations of his substantive due process rights.  (Pl. 2nd Am. Compl. ¶¶ 54, 140, 157)  But claims

23  for relief that contain allegations related to substantive due process rights cannot form the basis

24  for a §1983 malicious prosecution action.  *Albright v. Oliver*, 510 U.S. 266 (1994).  While

25  plaintiff does summarily mention a violation of his Fourth Amendment rights, he does so without

26  adequately specifying those violations, and just as importantly, when they allegedly occurred.

27       Another example of the failure to state a claim appears in plaintiff's eleventh claim for

28  relief for conspiracy does so without the requisite detail.  *Johnson v. State of California*, 207

Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As        Rutledge v. Co. of Sonoma, et al.
                                                                C 07-04274-CW

1  F.3d 650 (9ᵗʰ Cir. 2000), appeal after remand, 321 F.3d 791 (9ᵗʰ 2003).

2      Therefore, defendant Michael Potts moves for dismissal, or alternatively for a more definite

3  statement in the event that these claims for relief in plaintiff's second amended complaint are not

4  dismissed.

5                                          IV

6      **FEDERAL COURT JURISDICTION OVER A CLAIM AGAINST A
       STATE OF CALIFORNIA OFFICIAL ACTING IN HIS OFFICIAL**
7      **CAPACITY IS BARRED BY THE ELEVENTH AMENDMENT, AND
       FURTHER, A CLAIM AGAINST A STATE OF CALIFORNIA**
8      **OFFICIAL UNDER SECTION 1983 REQUIRE DISMISSAL
       BECAUSE THE STATE OFFICIAL IS NOT "PERSON"**
9      **ACCORDING TO THE TERMS OF THE STATUTE**

10     In the present case, plaintiff impermissibly seeks to sue for damages a State of California

11  employee in his official capacity in federal court.  But the Eleventh Amendment bars suits for

12  damages against a public employee in his official capacity in federal court.[7]  *Pennhurst State*

13  *School and Hospital v. Halderman*, 465 U.S. 89, 103 (1984).  As a result, the Eleventh

14  Amendment bars this Court's jurisdiction over plaintiff's claims against defendant Michael Potts

15  in his official capacity. (Pl. 2ⁿᵈ Am. Compl. ¶11).

16     Another procedural obstacle prevents suit against defendant Michael Potts in his official

17  capacity.  Typically, claimed incursions into federal constitutional rights can only be vindicated

18  through the statutory remedy provided in 42 U.S.C. § 1983.  *Monroe v. Pape*, 365 U.S. 167, 172

19  (1961); *Mitchum v. Foster*, 407 U.S. 225, 242 (1972).  "Section 1983 is not itself a source of

20  substantive rights, but merely provides a method for vindicating federal rights elsewhere

21

22        7. The Eleventh Amendment states, "[t]he judicial power of the United States shall not be
23  construed to extend to any suit in law or equity, commenced or prosecuted against one of the United
    States by citizens of another state . . ."  U.S. Const. Amend. XI. Exceptions to the to Eleventh
24  Amendment immunity are made when a  plaintiff seeks only prospective declaratory relief or
    declaratory relief against state officers acting in their "official capacities" if the officials have a
25  direct connection with the enforcement of a challenged statute.  *Ex Parte Young*, 209 U.S. 123
    (1908).  This exception only applies to an injunction that governs a state official's future conduct.
26  Retroactive relief continues to be barred by the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S.
27  651 (1974).  Congress can also abrogate Eleventh Amendment immunity.  But when enacting 42
    U.S.C. section 1983, Congress left state's Eleventh Amendment immunity intact. *Quern v. Jordan*,
28  440 U.S. 332, 338-41 (1980).

    Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As        Rutledge v. Co. of Sonoma, et al.
                                                                    C 07-04274-CW

                                          14

1  conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations and internal quotations

2  omitted).

3      Against this legal backdrop, plaintiff avers that defendant Michael Potts is being sued in his

4  individual and official capacity.  (Pl. 2nd Am. Compl. ¶ 11) )

5      States, state entities, and state officials, however, are not "persons" within the meaning of

6  42 U.S.C. § 1983 and, accordingly, they are not subject to suit for damages or injunctive relief

7  under 42 U.S.C. § 1983.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989);

8  *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991).

9      Thus, the Court should dismiss plaintiff's second amended complaint against defendant

10  Michael Potts, as it relates to any allegations in his "official capacity."

11                       **CONCLUSION**

12      Plaintiff's second amended complaint is replete with procedural impediments requiring its

13  dismissal.  First and foremost, plaintiff's claims for relief against defendant Michael Potts based

14  upon state law ought to be dismissed with prejudice because he did not file the required "claim"

15  with the State of California's Victim Compensation and Government Claims Board.

16  Additionally, since plaintiff's claim for relief based upon false arrest and false imprisonment

17  were not filed before the expiration of the applicable statute of limitations, they must be

18  dismissed with prejudice.  Finally, as a result of plaintiff's failure to state a claim with

19  particularity regarding the violation of any constitutional rights (*i.e.*, aside from ill-defined

20  substantive due process rights) during his criminal proceedings, as well as the time that the

21  alleged violations purportedly occurred, those claims for relief should also be dismissed**.**

22

23

24

25

26

27

28

Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As           Rutledge v. Co. of Sonoma, et al.
                                                                   C 07-04274-CW

1    Dated:  April 7, 2008.

2                              Respectfully submitted,

3                              EDMUND G. BROWN JR.
                               Attorney General of the State of California

4

5

6                              s/s John P. Devine
                               JOHN P. DEVINE
                               Deputy Attorney General

7

8                              Attorneys for Defendant Michael Potts

9

10   pleadmtd02.wpd
     SF2008400170

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Deft. Potts' NOM; MTD & For More Def. Statement; Ps & As        Rutledge v. Co. of Sonoma, et al.
                                                                          C 07-04274-CW