**J. DAVID NICK, Esq. (**SB#157687)
99 Osgood Place, Ste 1
San Francisco, CA 94133
Tel: (415) 552-4444
Fax: (415) 358-5897

**EDITTE LERMAN, Esq. (**SB#241471)
45060 Ukiah Street
P.O. Box 802
Mendocino, CA 95460
Tel: (707) 937-1711
Fax: (707) 937-2207

Attorneys for Plaintiff
ZACHARIAH JUDSON RUTLEDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

\* \* \* \* \* \*

| | |
|---|---|
| ZACHARIAH JUDSON RUTLEDGE, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SONOMA, MICHAEL POTTS, RUSSEL L. DAVIDSON, JAMES PATRICK CASEY, CHRISTINE M. COOK, BEAU R. MARTIN, J. MICHAEL MULLINS, STEPHAN R. PASSALACQUA, GREG JACOBS, SONOMA COUNTY SHERIFF'S DEPARTMENT, SONOMA COUNTY DISTRICT ATTORNEY'S OFFICE, and DOES 1 through 40. <br><br> Defendants. | CASE NO.: CV 07-04274 CW <br><br> **PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT; POINTS AND AUTHORITIES** <br><br> Date: June 12, 2008 <br> Time: 2:00 p.m. <br> Courtroom: 2 (4th Floor) <br> Judge: Hon. Claudia Wilken |

This case arose out of a homicide investigation, which went awry. Based upon a forensic analysis performed on a knife found at the scene of the crime, Plaintiff was arrested. Plaintiff was arrested at a café by no less than three uniformed and armed police officers, then handcuffed and confined in the back of a patrol car. He was arrested under the implied threat that the arresting officers will use force if he failed to submit and comply.

Briefly, the investigation and prosecution of underlying criminal matter proceeded as follows. Defendant Potts reported that he did a comparative analysis on paint smeared on the knife and paint samples obtained from Plaintiff's residence. At the, November 2002, preliminary examination Defendant Potts testified that he had come to a conclusion that "the paint on the knife matches the paint on the other two items, not only in color, but also layer sequence and type of paint. And the chemical analysis on there is the same as well," despite the fact that the defense later learned that Potts did not test each layer.

On January 27, 2004, Potts sent a letter to Assistant District Attorney Greg Jacobs, at the direction of the District Attorney, in which he stated that "In review of the transcript of my testimony at the preliminary hearing on November 15, 2002, I realize I had over-simplified the explanation regarding the examinations I conducted on the knife and the wood molding." Prior to the preliminary examination Casey knew that Potts had not done an elemental analysis on the knife, yet failed to disclose this fact to the Plaintiff.

Later, it was discovered that the paint on the knife did not match the paint samples retrieved from the Plaintiff's residence.

## I. ARGUMENT IN OPPOSITION TO MOTION TO DISMISS

**1. A DEFENDANT MAY PREVAIL IN A MOTION TO DISMISS, ONLY IF HE CAN SHOW BEYOND DOUBT THAT THE PLAINTIFF CAN PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIM**

Under Rule 12(b)(6), the party moving for dismissal has the burden of proving that no claim has been stated. <u>Kehr Packages, Inc. v. Fidelcor, Inc.</u> (3d Cir. 1991) 926 F.2d 1406, 1409. "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Terracom v. Valley Nat'l Bank</u> (9th Cir. 1995) 49 F.3d 555, 558

The threshold of sufficiency to which a complaint is held at the motion-to-dismiss stage is exceedingly low. For better or for worse, the Federal Rules of Civil Procedure do not permit district courts to impose upon plaintiffs the burden to plead with the greatest specificity they can. <u>United States v. Baxter Int'l, Inc</u>. (11th Cir. 2003) 345 F.3d 866, 881

There is no longer heightened pleading standard in civil rights cases; U.S. Supreme Court has signaled its disapproval of all heightened pleading standards except those that emanate from either congressional or rule-based authority, and courts faced with task of adjudicating motions to dismiss under Fed. R. Civ. P. 12(b)(6) must apply notice pleading requirements of Fed. R. Civ. P. 8(a)(2). <u>Behavioral Healthcare Partners, Inc. v Gonzalez-Rivera</u> (D.P.R. 2005) 392 F Supp 2d 191, 198-199; (see also <u>Leatherman v. Tarrant County</u> N. I. & C. U. (1993) 507 U.S. 163, 168-169.) Under Rule 8 technical niceties of pleading are not required; rather, short and plain summary of facts sufficient to give fair notice of claim asserted is sufficient. <u>Conley v. Gibson</u> (1957) 355 U.S. 41, 47

For Rule 12(b)(6) purposes, the court must accept the plaintiff's factual allegations as true <u>In re Wells Fargo Sec. Litig.</u> (9th Cir. 1993) 12 F.3d 922, 925 drawing all reasonable inferences in plaintiff's favor. <u>Scheuer v. Rhodes</u> (1974) 416 U.S. 232, 236.

**2. FOR RULE 12(B)(6) PURPOSES, THE COURT MUST ACCEPT THE PLAINTIFF'S FACTUAL ALLEGATIONS AS TRUE**

For Rule 12(b)(6) purposes, the court must accept the plaintiff's factual allegations as true <u>Albright v. Oliver</u> (1994) 510 U.S. 266, 268, drawing all reasonable inferences in plaintiff's

Page 3 of 14
PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANTS' MOTION TO DISMISS

1 favor. *Scheuer v. Rhodes* (1974) 416 U.S. 232, 236   The court should construe a plaintiff's
2 allegations liberally, because the rules require only general or "notice" pleading, rather than
3 detailed fact pleading. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination*
4 *Unit* (1993) 507 U.S. 163, 168

### 3. IN DECIDING WHETHER TO DISMISS, THE COURT MAY CONSIDER ONLY THE PLEADINGS AND MATTERS OF JUDICIAL NOTICE

In deciding whether to dismiss, the court may consider only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the judge may take judicial notice. *Lovelace v. Software Spectrum Inc.* (5th Cir. 1996) 78 F.3d 1015, 1017-1018

However, a plaintiff's brief in opposition to motion to dismiss containing additional information necessary to establish claim should be considered when determining if a motion to dismiss should be granted with leave to amend for a more definite statement. *EEOC v Ohio Edison Co*. (1993, 6th Cir) 7 F3d 541, 546

### 4. WHEN GRANTING A DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6), THE PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

If a complaint is dismissed for failure to state a claim on which relief could be granted, leave should have been granted to amend unless the court determined that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.  Where a complaint is dismissed on the ground that it fails to state a claim, the order should also inform the plaintiff of the reason for dismissal so that he can make an intelligent choice as to amending. *Griffin v. Locke*, (1962 9 Cir.) 286 F.2d 514, 515.

The Ninth Circuit Court of Appeal articulated,

> "If a complaint lacks facts to support a legal theory, but those facts could easily be supplied, the complaint should not be dismissed without leave to amend. Fed. R. Civ. P. 15(a)(stating that leave to amend should be "freely given"); Lopez v. Smith, 203

F.3d 1122, 1127 (9th Cir. 2000)(en banc)("[A] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quoting Doe v. United States 497 (9th Cir. 1995) 58 F.3d 494,).")
Calstar LLC v. First Union Nat'l Bank, (2002 9th Cir) 35 Fed. Appx. 602, 604

### 5. PLAINTIFF HEREBY REQUESTS LEAVE TO AMEND, IF THE COMPLAINT IS FOUND TO BE INSUFFICIENT

Federal Rules of Civil Procedure 15 - provides in part,

(a) Amendments Before Trial.

    (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course:

        (A) before being served with a responsive pleading;

    (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
(Fed. R. Civ. P. 15(a)(1)-(2).)

No matter how unlikely it may seem that plaintiff will prove its entitlement to relief Federal policy favors dispositions on proofs rather than on pleadings. A plaintiff should be granted every opportunity to cure defects in its pleadings by amendment no matter how unpromising the initial attempt. Sixth Camden Corp. v Evesham (1976, DC NJ) 420 F Supp 709, 720

Assuming arguendo, that the Defendant's motion to dismiss is granted, the additional facts presented in this brief demonstrate that Plaintiff may plead facts necessary to maintain his claim, therefore the plaintiff should be granted leave to amend the complaint[1].

---

[1] All references to the complaint and/or Second Amended Complaint are used interchangeably, and reference the Second Amended Complaint (Doc 13) and are also referenced herein as "SAC".

**(THE FOLLOWING ARGUMENTS IN OPPOSITION CORRESPOND RESPECTIVELY TO DEFENDANT'S ARGUMENTS A-F)**

A. **CIVIL CODE SECTIONS 51 ET SEQ AND 52 ET SEQ ARE APPLICABLE TO THIS CASE.**

The County Defendants argue that California Civil Code Section 51 and 52 only apply to cases involving an inference of discrimination against a plaintiff of any type. They are incorrect.

The California Supreme Court held in <u>Venegas v. County of Los Angeles</u> (2004) 32 Cal. 4th 820 that,

> "in pursuing relief for those constitutional violations under section 52.1, plaintiffs need not allege that defendants acted with discriminatory animus or intent, so long as those acts were accompanied by the requisite threats, intimidation, or coercion."

<u>Venegas v. County of Los Angeles</u> (2004) 32 Cal. 4th 820, 843

The Ninth Circuit Court of Appeal applied <u>Venegas</u> to a California State civil rights claim involving an unlawful seizure claim, articulating that,

> "Reading section 52.1 on its own terms, as Venegas directs, the statutory language clearly requires only "threats, intimidation, or coercion." Cal. Civ. Code § 52.1(a). Though the issue was not explicitly discussed in <u>Venegas</u>, the California Supreme Court there implicitly agreed with this position, holding that a plaintiff had stated a section 52.1 claim despite the fact that there was no allegation of violence beyond the unreasonable arrest and search, and consistently referring to section 52.1 as requiring "threats, intimidation, or coercion." <u>Venegas</u>, 32 Cal. 4th at 843. California law on the issue is admittedly murky, but our best interpretation of the law as it currently stands is section 52.1 does not require violence or threat of violence. See id.; see also <u>Jones v. Kmart Corp</u>. (1998) 17 Cal. 4th 329, 334; <u>Stamps v. Super. Ct</u>. (Cal. Ct. App. 2006) 136 Cal. App. 4th 1441, 1448. As the officers' threat to arrest some of the plaintiffs and actual arrest of others may have coercively interfered with [Plaintiff's] constitutional rights, we reverse the dismissal of Moreno's Third Cause of Action [(claims under the Bane Civil Rights Act, Cal. Civ. Code § 52.1)] and remand to the district court."

<u>Moreno v. Town of Los Gatos</u> (2008 9th Cir) 2008 U.S. App. LEXIS 4676

The Supreme Court in <u>United States v. Mendenhall</u> (1980) 446 U.S. 544, held that as a matter of law "a person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained." <u>United States v. Mendenhall</u> (1980) 446 U.S. 544, 553

1  The High Court also provided "Examples of circumstances that might indicate a seizure, even
2  where the person did not attempt to leave, would be the threatening presence of several officers,
3  the display of a weapon by an officer, some physical touching of the person of the citizen, or the
4  use of language or tone of voice indicating that compliance with the officer's request might be
5  compelled." *Id.* 554

6  The facts pled in this case clearly show that the plaintiff was seized (SAC ¶ 26), and
7  imprisoned (SAC ¶ 27)  The facts pled also show that Plaintiff was denied his constitutional
8  rights (SAC – Second Cause of Action).

9  Plaintiff may also show further facts showing that Plaintiff has endured the threatening
10  presence of several officers and the display of a weapon by an officer during the arrest.
11  Additionally, the plaintiff may show facts that he suffered physical offensive touching during the
12  arrest.  Finally, he may show that he suffered threats intimidation and coercion during the
13  September 17, 1999 pre-arrest interrogation performed by Davidson.     As provided by
14  *Moreno supra* and *Venegas supra*, there are sufficient facts in this case to maintain a cause of
15  action pursuant to Cal. Civ Code §§ 51 et seq and 52 et seq.

16  For the forgoing reasons, the County Defendants Motion to Dismiss the Second, Fifth,
17  Seventh, Ninth, Thirteenth, and Sixteenth Causes of Action which are predicated upon California
18  Civil Code §§ 51 and 52 et seq should be denied, or in the alternative, the Plaintiff should be
19  granted leave to amend the complaint, in order to provide a more definite statement.

21  **B.    DEFAMATION CAUSE OF ACTION IS SUPPORTED BY FACTS ESTABLISHING THE REQUISITE ELEMENTS.**

22  Here, the only element of Plaintiff's Libel/Defamation claim that is in question is
23  Defendant Cook's contention that she is not on notice with respect to "which statements are the

alleged defamatory statements." (P&A Mot to Dism[2] Pg. 7, lines 20, 22-23)  She asserts that "Plaintiff must allege which, if any, of the statements made by Cook are defamatory statements." (P&A Mot to Dism Pg. 7, lines 20, 22-23)

The statements in question are the following statements pled at ¶ 46 of SAC, which read as follows:

> "On, or about, October 10, 2006, COOK issued statements to a radio broadcast, where she provided public statements which were presented to the public as facts, which in her words were 'to set the record straight on a few points' COOK stated that PLAINTIFF was not found innocent, and that PLAINTIFF miserably failed the polygraph test connected to the double murder investigation.  COOK made further statements of fact, which stated that PLAINTIFF was a murderer and that the PLAINTIFF was guilty of murder" (SAC ¶ 46)

The fact that Plaintiff "was found to be not guilty of all counts by a jury of his peers" (SAC ¶ 44) clearly implies that the statement stated that Plaintiff "was not found innocent" is false.  Said statement provided at paragraph 44 of the complaint[3] (SAC ¶ 44) also implies that COOK's statements that the plaintiff "was a murderer" and that the plaintiff "was guilty of murder" are also false.  While the facts pled within the complaint do not explicitly state that the plaintiff did not fail the polygraph test connected to the double murder investigation, it certainly can be inferred that the identified statement is one which Plaintiff asserts to be false.

"In the context of a defamation claim, Fed. R. Civ. P. 8(a) requires that the complaint provide sufficient notice of the communications complained of to allow [the defendant] to defend itself." <u>McGeorge v. Continental Airlines, Inc.</u> (10th Cir. 1989) 871 F.2d 952, 955  Here, it is clearly inferred that the identified statements made by COOK are alleged to be false.  Therefore, Defendant, COOK, is on sufficient notice of the communications complained of, thus,

---

[2] COUNTY DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT (DOC 22) is herein referenced as "P&A Mot to Dism".

1  Defendant, COOK's objection to the Tenth Cause of Action, Defamation, Slander, Libel, is
2  without merit.
3        Defamation complaints that do not meet pleading standards should be amended, not
4  dismissed. A deficiency in the pleading with respect to defamation allegations, is procedural, not
5  substantive.  Therefore, plaintiff is permitted to amend its complaint to allege additional,
6  clarifying facts with respect to its defamation allegation. <u>Bushnell Corp. v. ITT Corp.</u> (1997 D.C.
7  Kansas) 973 F. Supp. 1276, 1287  Here, it has been shown that the plaintiff can allege other facts
8  consistent with the challenged pleading that could cure the defect, for example Plaintiff can
9  allege that said statements made by COOK are false.
10        For the forgoing reasons if the defendant's motion to dismiss the Tenth Cause of Action
11  should be denied, or in the alternative if granted, leave should be granted to amend the
12  complaint.

### C. THE FOURTH THROUGH NINTH, TWELFTH, THIRTEENTH, SIXTEENTH CAUSES OF ACTION ARE NECESSARY TO PROVIDE SPECIFIC DEFENDANTS FAIR NOTICE WITH RESPECT TO WHICH ACTS GIVE RISE TO SPECIFIC CAUSES OF ACTION.

16        Here, County Defendants argue that the Fourth through Ninth, Twelfth, Thirteenth, and
17  Sixteenth causes of action are extraneous to the pleadings, which "merely add to the already
18  cumbersome pleading."  Defendant POTTS on the other hand argues that "the allegations in
19  Plaintiff's Second Amended Complaint [are] vague and ambiguous." (Def. Potts Mot to Dism[4]
20  pg 13 line 18)  This is a lose-lose situation,  On one hand, the county defendants object to too
21  much detail, and  on the other hand Defendant, Potts objects to too little detail.
22        Under Rule 8 technical niceties of pleading are not required; rather, short and plain
23  summary of facts sufficient to give fair notice of claim asserted is sufficient. <u>Conley v. Gibson</u>

---

[4] DEFENDANT MICHAEL POTT'S NOTICE OF MOTION, AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT & MOTION FOR MORE DEFINITE STATEMENT (DOC 32) is herein referenced as "Def. Potts Mot to Dism".

(1957) 355 U.S. 41, 47   Here, the Fourth through Ninth, Twelfth, Thirteenth, Sixteenth causes of action are necessary to provide fair notice of claim asserted to each of the defendants.  The Fourth through Seventh Causes of Action applies to Defendants, COUNTY OF SONOMA, CASEY, DAVIDSON AND POTTS; the Eighth and Ninth Causes of Action apply to Defendants, CASEY AND DAVIDSON; Twelfth and Thirteenth Causes of Action apply to all Defendants.  Each of the causes of action provide notice with respect to what act made by the respective defendants entitles the Plaintiff relief under the named statutes within each respective cause of action.  Without the separate causes of action pled within the complaint, it would be impossible to give fair notice of claim asserted to each of the government actors.

Therefore, for the forgoing reasons, County Defendants' Motion to dismiss the Fourth through Ninth, Twelfth, Thirteenth, Sixteenth causes of action should be denied.

**D.     THE CIVIL PENALTY PROVIDED BY THE UNRUH CIVIL RIGHTS ACT APPLIES TO TORTS BEING COMMITTED BY GOVERNMENT ACTORS, THUS THE THIRD CAUSE OF ACTION SHOULD NOT BE DISMISSED.**

In *Los Angeles County Metropolitan Transportation Authority infra*, a bus passenger filed suit against a county metropolitan transportation authority, a bus driver, and others, alleging causes of action for assault, battery, false imprisonment, intentional infliction of emotional distress, negligence, and violation of the Unruh Civil Rights Act, Civ. Code, § 51 et seq., against all defendants.  The court held that Cal. Civ. Code § 52(b)(2) established a separate remedial category that was distinct from the exemplary damages provided for in § 52(b)(1). Section 52 was not solely punitive but served to advance the legislature's intent, to encourage and aid private parties to help in enforcing the civil rights laws by bringing civil suits against perpetrators of hate crimes. *Los Angeles County Metropolitan Transportation Authority v. Superior Court* (2004) 123 Cal. App. 4th 261  In its analysis Court more particularly held,

> "So long as no double recovery results, a plaintiff may recover multiple remedies in tort for damages arising from the same conduct by the defendant. For example, in

appropriate cases, punitive damages and statutory civil penalties may be awarded in the same action. …. The court reasoned that if the Legislature had intended to allow awards for punitive damages and a civil penalty in the same cause of action, "it would in some appropriate manner have said so. In this case, of course, by expressly providing for both exemplary damages and a civil penalty in section 52, subdivision (b), the Legislature has 'said so.'"

*Los Angeles County Metropolitan Transportation Authority v. Superior Court* (2004) 123 Cal. App. 4th 261

Thus, in this case, as in *Los Angeles County Metropolitan Transportation Authority* the plaintiff may recover civil penalties pursuant to of the Unruh Civil Rights Act, Civ. Code, § 51 et seq. under separate theories for the infliction of emotional distress.

Therefore recovery pursuant to the of the Unruh Civil Rights Act, Civ. Code, § 51 et seq. should not be dismissed with respect to the Third Cause of Action.

### E. ALLEGATIONS SUPPORTING THE CLAIM OF ASSAULT AND BATTERY WERE IMPLIED AS A MATTER OF LAW WITHIN THE ALLEGATIONS PROVIDED IN THE COMPLAINT, THEREFORE THERE WERE SUFFICIENT ALLEGATIONS TO PROVIDE NOTICE TO THE DEFENDANTS WITH RESPECT TO THIS CLAIM.

While it is true that there are no explicit allegations for 'assault and battery,' the allegations are implied. As argued in Section A of this brief, the Supreme Court in *United States v. Mendenhall* (1980) 446 U.S. 544, held that as a matter of law "a person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained." *United States v. Mendenhall* (1980) 446 U.S. 544, 553  The seizure and imprisonment of the plaintiff were alleged at SAC ¶¶ 26 and 27 respectively.

Thus, sufficient facts have been alleged to support the claim that Plaintiff suffered an 'assault and battery' from Defendants CASEY and DAVIDSON, AND DOES 11-20, as alleged by implication at SAC ¶¶ 26 and 27.

Therefore, references to 'assault and battery' should not be dismissed, or in the alternative, Plaintiff should be granted leave to amend.

Plaintiff submits on the claim of 'excessive force,' at this time.

PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANTS' MOTION TO DISMISS

### F. THE ALLEGATIONS AGAINST DETECTIVE BEAU MARTIN ARE SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION.

Here, Defendant MARTIN argues that the allegation against him for authoring a search warrant that failed to support probable cause should be dismissed because Plaintiff failed to allege any misstated facts supporting probable cause or omissions of material facts intentionally to deprive plaintiff of some constitutional protection. Defendant MARTIN argues that "the bare legal conclusion that the warrant 'failed to support probable cause' must be disregarded." (P&A Mot to Dism at 10:2-3) This brings the analysis of the facts to a conundrum, which can only be solved by examining the search warrant affidavit.

Here, in purporting to set forth probable cause that defendant committed an offense, Defendant MARTIN articulates that "On May 8, 2002, at 0800 hours, the Honorable Judge Elliot Daum of the Sonoma County Superior Court issued an arrest warrant for Zachariah Rutledge for two counts of 187(a) PC, to wit murder." (See Search Warrant Affidavit at PRJN[5] Exhibit 1.) The statement of probable cause indicated Detective Martin's basis of knowledge that defendant resided at two different addresses at the time of his arrest. Defendant MARTIN stated that he contacted defendant's coinhabitant, Teresa Littlefield at the residence on Chapel in Monte Rio who indicated that defendant was renting a room within the residence and the affiant further articulated that he was told the items within a bedroom belonged to defendant. Defendant MARTIN provides virtually no nexus between the offense for which defendant was arrested and the locations to be searched. He only presents evidence of Plaintiff's arrest itself and the fact that defendant resided in each of these residences.

The search warrant and affidavit failed to incorporate by reference either the arrest warrant affidavit or the seventeen page police report, which was incorporated by reference into the arrest warrant affidavit.

---

[5] Plaintiff's Request for Judicial Notice filed herewith is referenced herein as "PRJN".

Therefore, the search warrant affidavit failed to contain any facts that would provide probable cause.

If, assuming arguendo, the Magistrate did consider the items incorporated by reference into the arrest warrant, the police report which constitutes the totality of the evidence incorporated into the arrest warrant contains materially false statements pertaining to the examinations conducted by Defendant POTTS as well as the materially false statements made by prosecution witness James Lewis Jr. If this is the case that is being argued by Defendant MARTIN, then the omission of facts contained within the Arrest Warrant were pled with sufficiency in the Complaint at (SAC ¶¶ 1 and 17) as required under Rule 8.

For the forgoing reasons, the allegations against MARTIN should not be dismissed, or in the alternative the Plaintiff should be granted leave to amend.

## V. CLOSING ARGUMENTS IN RESPONSE TO DEFENDANTS' CONCLUSION

In the County Defendant's Motion to Dismiss, the County Defendants argue that Plaintiff has failed to separate the prosecutions. The County Defendants are incorrect.

As a matter of law, the underlying criminal matter was a single prosecution. "The term 'prosecution' is sufficiently comprehensive so as to include every step in an action from its commencement to its final determination." *Marler v. Mun. Court* (1980) 110 Cal. App. 3d 155, 161 "The term 'the prosecution,' as used in a criminal case, is meant the continuous following up, through instrumentalities created by law, of a person accused of a public offense with a steady and fixed purpose of reaching a judicial determination of the guilt or innocence of the accused." *Id*.

All of the acts alleged in the Complaint arose from the prosecution maintained against the plaintiff in *People v. Rutledge*, Sonoma County Superior Court case number MCR-443363 and related case no. SCR32528, which terminated with an acquittal of all charges. (SAC ¶ 1)

## VI. CONCLUSION

Plaintiff's Second Amended Complaint complied with the notice pleading requirements required under Fed. R. Civ. P. 8. Therefore, County Defendants' Motion to Dismiss should be denied. If, for any reason Defendants' Motion to Dismiss is granted, in whole or in part, the order should also inform the plaintiff of the reason for dismissal so that he can make an intelligent choice as to amending, and the Plaintiff should be granted leave to amend pursuant to Fed. R. Civ. P. 18.

Dated: May 22, 2008

Respectfully submitted,

------------------/s/------------------
Editte Lerman
Attorney for Plaintiff
Zachariah Rutledge

**DECLARATION OF SERVICE**

I, Editte D. Lerman, declare as follows:
I am a resident of the State of California, residing or employed in Mendocino, California. I am over the age of 18 years and am not a party to the above-entitled action. My business address is 45060 Ukiah Street P.O. Box 802, Mendocino C.A. 95460.

On May 22, 2008,

**PLAINTIFF'S OPPOSITION TO COUNTY DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT; POINTS AND AUTHORITIES**

was filed and served upon the following parties via the Court's PACER-ECF electronic filing system.

*Attorneys for Defendant Michael Potts*
EDMUND G BROWN, JR.
Attorney General of the State of California
JOHN P. DEVINE, ESQ.
Deputy Attorney General of the State of California
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

*Attorneys for Defendants County of Sonoma, Sonoma County Sheriff's Department, Sonoma County District Attorney's Office, Stephan Passalacqua, J. Michael Mullins, Greg Jacobs, Christine M. Cook, Russel L. Davidson, James Patrick Casey, and Detective*
Beau M. Martin
Michael D. Senneff
Bonnie A. Freeman
SENNEFF FREEMAN & BLUESTONE, LLP
50 Old Courthouse Square, Suite 401
P.O. Box 3727
Santa Rosa, CA 95402-3729


I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 22nd day of May, 2008, at Mendocino, California.


---------------/s/-------------------
Edite Lerman