**J. DAVID NICK, Esq. (**SB#157687)
99 Osgood Place, Ste 1
San Francisco, CA 94133
Tel: (415) 552-4444
Fax: (415) 358-5897

**EDITTE LERMAN, Esq. (**SB#241471)
45060 Ukiah Street
P.O. Box 802
Mendocino, CA 95460
Tel: (707) 937-1711
Fax: (707) 937-2207

Attorneys for Plaintiff
ZACHARIAH JUDSON RUTLEDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

* * * * * *

| | |
|---|---|
| ZACHARIAH JUDSON RUTLEDGE, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SONOMA, MICHAEL POTTS, RUSSEL L. DAVIDSON, JAMES PATRICK CASEY, CHRISTINE M. COOK, BEAU R. MARTIN, J. MICHAEL MULLINS, STEPHAN R. PASSALACQUA, GREG JACOBS, SONOMA COUNTY SHERIFF'S DEPARTMENT, SONOMA COUNTY DISTRICT ATTORNEY'S OFFICE, and DOES 1 through 40. <br><br> Defendants. | CASE NO.: CV 07-04274 CW <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT MICHAEL POTTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT; POINTS AND AUTHORITIES** <br><br> Date: June 12, 2008 <br> Time: 2:00 p.m. <br> Courtroom: 2 (4th Floor) <br> Judge: Hon. Claudia Wilken |

# I.
## DEFENDANT'S ARGUMENT THAT THE STATE LAW CLAIMS ARE BARED BY A FAILURE TO FILE A TIMELY CLAIM IS WITHOUT MERIT

### A. DEFENDANT MICHAEL POTTS WAS ACTING AS AN AGENT OF THE SONOMA COUNTY SHERIFF'S DEPARTMENT AT THE TIME OF THE INCIDENT.

Plaintiff alleged in the complaint[1] that Defendants MICHAEL POTTS (hereinafter "POTTS") and DOES 1 through 10 were acting as agents of the Sonoma County Sheriff's Department. (SAC ¶ 11) Under a separate theory of liability, Plaintiff also alleged that Defendants MICHAEL POTTS and DOES 1 through 10 were acting as agents of the California Department of Justice Bureau of Forensic Services (hereinafter "DOJ") (SAC ¶ 9)

"The determination whether a particular official acts for the state, on the one hand, or for the local governmental unit, on the other hand, is a question of law depending primarily upon the definitions of the official's functions contained in state constitutional, statutory, and decisional law." _County of Los Angeles v. Superior Court (Peters)_ (1998) 68 Cal.App.4th 1166, 1171 "The law of agency recognizes the possibility of dual employment. Where general and special employers share control of an employee's work, a 'dual employment' arises, and the general employer remains concurrently and simultaneously, jointly and severally liable [to third parties] for the employee's torts. This is especially true where the loaned employee performs work of interest to both the general and special employers." _Societa Per Azioni De Navigazione Italia v. City of L.A_. (1982) 31 Cal. 3d 446, 460

"Courts have thus consistently 'decline[d] 'to draw a distinction between different agencies under the same government, focusing instead upon the 'prosecution team' which includes both investigative and prosecutorial personnel.'" _City of Los Angeles v. Superior Court_

---

[1] All references to the complaint and/or Second Amended Complaint are used interchangeably, and reference the Second Amended Complaint (Doc 13) and are also referenced herein as "SAC".
Page 2 of 11
PLAINTIFF'S OPPOSITION TO DEFENDANT MICHAEL POTTS' MOTION TO DISMISS

*(Brandon)* (2002) 29 Cal.4th 1, 29 (citing <u>United States v. Auten</u> (5th Cir. 1980) 632 F.2d 478, 481.)

"[A] Sheriff acts for the County, not the state, when investigating crime in the county," <u>Brewster v. Shasta County</u> (2001 9th Cir.) 275 F.3d 803, 807  Likewise, Defendant POTTS was acting as an agent of Sonoma County, in his capacity as and agent of the Sonoma County Sheriff's Department when he was a member of the prosecutorial team in the underlying criminal matter.

**B.    SINCE MICHAEL POTTS WAS ACTING AS AN AGENT OF THE SONOMA COUNTY SHERIFF'S DEPARTMENT AT THE TIME OF THE INCIDENT, SONOMA COUNTY IS LIABLE FOR THE INJURIES PROXIMATELY CAUSED BY HIS ACT OR OMISSION.**

Cal Gov Code § 815.2(a) provides,

> (a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment …

"The effect of [Government Code section 815.2] is to incorporate 'general standards of tort liability as the primary basis for respondeat superior liability of public entities.  Thus, in a cause of action for negligence, the existence and extent of an entity's vicarious liability under Government Code section 815.2, subdivision (a), will be determined by the scope of the duty legally attributed to its employees.  A public employee is liable for negligence to the same extent as a private person." <u>Hoff v. Vacaville Unified School Dist.</u> (1998) 19 Cal.4th 925, 942

Here, Defendant POTTS, within the scope of his employment, failed to provide a full examination of the key piece of evidence that provided probable cause to hold the plaintiff to answer on double murder charges.  He also falsified his report with respect to his findings, thus he proximately caused Plaintiffs injuries.  Since he was a member of the Sonoma County prosecutorial team, and acting as an agent of the Sonoma County Sheriff's Department, Sonoma

County and the Sonoma County Sheriff's Department are also jointly and severally liable for his acts pursuant to Cal Gov Code § 815.2.

### C. SINCE MICHAEL POTTS WAS ACTING AS AN AGENT OF THE SONOMA COUNTY SHERIFF'S DEPARTMENT, THE SONOMA COUNTY BOARD OF SUPERVISORS WAS THE PROPER VENUE FOR THE PLAINTIFF TO SUBMIT A GOVERNMENT TORT CLAIM

Cal Gov Code § 915 provides,

> (a) A claim, any amendment thereto, or an application to the public entity for leave to present a late claim shall be presented to a local public entity by either of the following means:
> (1) Delivering it to the clerk, secretary or auditor thereof.
> (2) Mailing it to the clerk, secretary, auditor, or to the governing body at its principal office.

Since, Michael Potts was acting as an agent of the Sonoma County Sheriff's Department at the time of the incident, the Sonoma County Board of Supervisors was the proper local entity where Plaintiff was to submit his claim pursuant to Cal Gov Code §§ 911.2 and 915.

### D. PLAINTIFF SUBMITTED HIS TORT CLAIM TO THE PROPER LOCAL ENTITY.

On March 7, 2007, Plaintiff presented his claim to the Sonoma County Board of Supervisors, dated March 6, 2007, against the Sonoma County actors pursuant to Cal Gov Code § 911.2. A copy of the claim presented is attached at PRJN Exhibit 2. The claim was then referred to the Risk Manager pursuant to Board of Supervisors Resolution No. 66798 and Cal Gov Code § 935.4. (See PRJN Exhibit 3)

On June 26, 2007 the County of Sonoma issued a blanket denial of Plaintiff's claim, without offering any objections or reasons. The blanket denial was mailed to the plaintiff's desired address on June 26, 2007. (See PRJN Exhibit 3)

"It is well settled that a substantial compliance with the requirement of statutes providing for the filing of such claims is all that is required. In such cases the courts look to see if the

purpose of the statute has been satisfied, whether there has been a bona fide attempt to comply with the statute, and whether any prejudice to the other party appears. In such cases the courts look to see if the purpose of the statute has been satisfied, whether there has been a bona fide attempt to comply with the statute, and whether any prejudice to the other party appears. Under the authorities, the controlling fact is what the claimant has done in filing or attempting to file the claim, and not whether or not the public body has had actual knowledge or has acted upon the claim. If the rule were otherwise, the public body could defeat any "substantial compliance" by failing to act on the matter." _Humphreys v. State, Dep't of Public Works_ (1961) 192 Cal. App. 2d 476, 481

Here, the Plaintiff submitted his government claim to the governing body of the Sonoma County Sheriff's Department, which is the entity under which Defendant Potts was acting within, during the investigation of underlying criminal matter.  Therefore, Plaintiff substantially complied with the filing requirement of the government tort claim, with respect to submitting his claim to the proper governing body.

### E.    SINCE DEFENDANT MICHAEL POTTS WAIVED HIS RIGHT TO RAISE A DEFENSE BASED UPON AN UNTIMELY CLAIM, THE CLAIM WAS EFFECTIVELY DEEMED TIMELY.

Cal Gov Code § 911.3(b) provides,

> (b) Any defense as to the time limit for presenting a claim described in subdivision (a) is waived by failure to give the notice set forth in subdivision (a) within 45 days after the claim is presented, except that no notice need be given and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant.

Since, Sonoma County did not deny Plaintiff's Claim on the grounds that it was untimely and did not offer Plaintiff a written notice that his claim was not filed timely as required by Cal Gov Code § 911.3(a), Defendant POTTS waived any defense as to the time limit for presenting a claim as provided by Cal Gov Code § 911.3(b).  Therefore, regardless as to when the cause of

Page 5 of 11
PLAINTIFF'S OPPOSITION TO DEFENDANT MICHAEL POTTS' MOTION TO DISMISS

1 action accrued against Michael Potts, the County of Sonoma and its agencies waived their

2 defense based upon a theory that the claim was filed untimely.

### F. ASSUMING ARGUENDO, THAT PLAINTIFF'S GOVERNMENT CLAIM SUBMITTED TO SONOMA COUNTY IS DEEMED INSUFFICIENT AGAINST DEFENDANT POTTS, PLAINTIFF'S SECOND GOVERNMENT TORT CLAIM, SUBMITTED TO CALIFORNIA VICTIM COMPENSATION & GOVERNMENT CLAIMS BOARD, MAY BE PLED AS TIMELY FILED, BECAUSE A PETITION FOR LEAVE TO FILE A LATE CLAIM HAS BEEN FILED AND IS PENDING IN THE SUPERIOR COURT OF SONOMA COUNTY.

In order to argue alternative theories with respect to Defendant Potts' liability, Plaintiff submitted a government claim to the California Victim Compensation & Government Claims Board (hereinafter "VCGCB") against Michael Potts.

Plaintiff's alternative theory is that Defendant Potts was acting as an agent of the California Department of Justice Bureau of Forensic Services while performing the acts alleged in the Complaint. (SAC ¶ 9)

While Plaintiff believed that the Sonoma County Board of Supervisor's was the proper governing body to which he was to submit the government tort claim to pursuant to Gov Code § 915, Plaintiff additionally, submitted a claim to the VCGCB, which was received by the Board on March 9, 2007. (A true and correct copy of the claim submitted is attached at pages 7-10 of DOC 33-4 filed by Defendant Potts in this case)

On March 27, 2007, the VCGCB denied Plaintiff's claim, stating,

> "We have reviewed your claim and determined that the VCGCB has no jurisdiction to consider the claim for the following reasons: Your claim was filed more than one from the date of the incident that is the basis of the claim, and it is too late for the Board to consider an application to present a late claim.
>
> The VCGCB will take no further action on your claim. If you have any questions about this mater, please mention letter reference 47 and claim number G566507 when you call or write your claim technician of analyst at (800) 955-0045." (See Denial at PRJN Exhibit 3)

On August 8, 2007, Plaintiff submitted an application to VCGCB to reinstate the original claim or in the alternative for permission to present a claim not timely presented. (See application at PRJN Exhibit 4) The VCGCB did not respond to the application.

On March 5, 2008, Plaintiff filed a Petition for Order Relieving Petitioner from Provisions of Govt Code § 945.4. (See Petition at PRJN Exhibit 5)

A hearing on the petition is currently set for July 9, 2008. (See Notice of Hearing at PRJN Exhibit 6)

"It is well established that the filing of a claim--relief petition is not an election of remedies which precludes the petitioner from filing and pursuing a separate complaint alleging timely compliance with the claims presentation requirement." *Mandjik v. Eden Township Hosp. Dist.* (1992) 4 Cal. App. 4th 1488, 1499  Further,"A public entity cannot assume that a claim is not timely presented just by the fact that a claim and an application for leave to file a late claim are presented at the same time. Nor is a public entity permitted to make factual determinations relating to the timeliness of a claim; to permit the public entity to do so would be to deny the claimant his right to a jury trial on disputed factual issues." *Id.* at 1500

Here, the plaintiff elected to file both a Complaint in the immediate case and a claim--relief petition. Therefore, pursuant to *Mandjik supra,* Plaintiff may allege timely compliance, as alleged at (SAC ¶ 47).

### G. ADDITIONALLY, THE CLAIM IS EFFECTIVELY TIMELY FILED, BECAUSE DEFENDANT POTTS, ACTING AS AN AGENT OF THE DOJ, WAIVED HIS DEFENSE BASED UPON AN UNTIMELY FILED CLAIM.

When a government actor denies a claim on the grounds that it was untimely, Cal Gov Code § 911.3(a) requires that the denying board issue a statement that is substantially similar to the following form:

> "The claim you presented to the (insert title of board or officer) on (indicate date) is being returned because it was not presented within six months after the event or occurrence as required by law. See Sections 901 and 911.2 of the Government

Code. Because the claim was not presented within the time allowed by law, no action was taken on the claim.

Your only recourse at this time is to apply without delay to (name of public entity) for leave to present a late claim. See Sections 911.4 to 912.2, inclusive, and Section 946.6 of the Government Code. Under some circumstances, leave to present a late claim will be granted. See Section 911.6 of the Government Code.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately." (Cal Gov Code § 911.3(a))

Here, VCGCB failed to provide a statement that is substantially similar to the form required by Cal Gov Code § 911.3(a) when denying Plaintiff's claim. Therefore, Defendant POTTS, waived his defense as to the time limit for presenting a claim with respect to employment in the DOJ.

## II.
## PLAINTIFF'S CLAIMS FOR RELIEF BASED UPON ALLEGATIONS OF FALSE ARREST AND FALSE IMPRISONMENT WERE BROUGHT WITHIN THE APPLICABLE STATUTE OF LIMITATIONS.

Assuming arguendo, that Defendant POTTS' assertion that Plaintiff's cause of action against POTTS accrued on June 6, 2002, the Plaintiff's Action was filed within the statute of limitations.

While Defendant POTTS is correct that pursuant to Cal Code Civ Proc § 352.1 a person entitled to bring an action is, at the time the cause of action accrued, imprisoned on a criminal charge … the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years. However, POTTS neglected to note that Cal Gov Code § 945.3 tolls the statute of limitations, while the charges against the accused are pending before a superior court.

"State law determines the statute of limitations for claims brought under 42 U.S.C. § 1983. The Court held the statute of limitations for all section 1983 claims to be the forum state's

1  statute of limitations for personal injury torts. In California, this period is one year. *Harding v.*
2  *Galceran* (9TH Cir. 1989) 889 F.2d 906, 907
3  "[Cal. Gov't Code § 945.3] prevents civil actions against peace officers from being filed while
4  criminal charges are pending against the potential plaintiff. The section also tolls the statute of
5  limitations on the civil actions until the criminal charges are resolved. ... [A]lthough section
6  945.3 may not prohibit a potential plaintiff from bringing a section 1983 claim against a peace
7  officer while criminal actions are pending, section 945.3's tolling provision may still apply to toll
8  the limitations period while criminal actions are pending against the potential plaintiff. *Id*. at
9  907-908
10  Here, Plaintiff was imprisoned while criminal charges were pending in the underlying
11  criminal matter that was related to this case. On September 29, 2006 the underlying criminal
12  prosecution concluded with an acquittal by jury and Plaintiff was released from custody.
13  On August 20, 2007, Plaintiff filed this lawsuit against all of the defendants. Therefore,
14  this civil action was filed within the one-year statute of limitations, which was tolled until
15  September 29, 2006.

### III.
### THE SECOND AMENDED COMPLAINT CONFORMS TO THE PROVISIONS OF RULE 8, AND PROVIDES PROPER NOTICE TO DEFENDANT POTTS, THERFORE IT SHOULD NOT BE DISMISSED.

The sufficiency of the complaint has been discussed in detail in Plaintiff's Opposition to County Defendants' Motion to Dismiss filed herewith, thus Plaintiff hereby incorporates said brief in this Opposition to Defendant, Michael Potts' Motion to Dismiss.

With respect to Defendant, POTTS' assertion that the holding in *Albright v. Oliver* (1994) 510 U.S. 266 proscribes § 1983 relief for claims that contain allegations related to substantive due process rights in a malicious prosecution action, POTTS' assertion is misplaced. In *Albright v. Oliver* (1994) 510 U.S. 266, the Supreme Court affirmed The Court of Appeals

holding that prosecution without probable cause is a constitutional tort actionable under § 1983 only if accompanied by incarceration, loss of employment, or some other palpable consequence. Here, there was and incarceration, therefore *Albright* does not apply to this case.

Substantive due process protects individuals from arbitrary deprivation of their liberty by government. *County of Sacramento v. Lewis* (1998) 523 U.S. 833, 845-49.  The Court has repeatedly "spoken of the cognizable level of executive abuse of power as that which shocks the conscience." *Id.* at 846.  A threshold requirement to a substantive or procedural due process claim is the plaintiff's showing of a deprivation of liberty or property interest protected by the Constitution. *Board of Regents v. Roth*, 408 U.S. 564, 569

Here, Plaintiff lost his liberty as a result of Defendant, POTTS, failure to complete his analysis, and his falsified report connected to the key piece of evidence, which led to Plaintiff's arrest.

## IV.
## WITH RESPECT TO THE APPLICATION OF § 1983 CLAIMS AGAINST DEFENDANT POTTS IN HIS OFFICIAL CAPACITY, PLAINTIFF SUBMITS THE MATTER TO THE COURT

This matter regarding §1983 claims against POTTS in his official capacity is hereby submitted.

## V.
## CONCLUSION

Defendant, POTTS', Motion to Dismiss on the grounds the government claim was untimely, must be denied, where as a matter of law the Defendant POTTS waived his right to raise a defense based upon an untimely claim.

The Complaint was timely filed, therefore, POTTS' Motion to Dismiss on the grounds that the complaint was filed beyond the limitations of the action must be denied.

1   The complaint was sufficient pursuant to Rule 8, and should not be dismissed. In the
2   alternative, on this issue, the Plaintiff should be granted leave to amend where necessary.

4   Dated: May 22, 2008

5   Respectfully submitted,

7   -------------------/s/-------------------
    Editte Lerman
    Attorney for Plaintiff
8   Zachariah Rutledge

PLAINTIFF'S OPPOSITION TO DEFENDANT MICHAEL POTTS' MOTION TO DISMISS

**DECLARATION OF SERVICE**

I, Editte D. Lerman, declare as follows:
I am a resident of the State of California, residing or employed in Mendocino, California. I am over the age of 18 years and am not a party to the above-entitled action. My business address is 45060 Ukiah Street P.O. Box 802, Mendocino C.A. 95460.

On May 22, 2008,

**PLAINTIFF'S OPPOSITION TO DEFENDANT MICHAEL POTTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT; POINTS AND AUTHORITIES**

was filed and served upon the following parties via the Court's PACER-ECF electronic filing system.

*Attorneys for Defendant Michael Potts*
EDMUND G BROWN, JR.
Attorney General of the State of California
JOHN P. DEVINE, ESQ.
Deputy Attorney General of the State of California
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

*Attorneys for Defendants County of Sonoma, Sonoma County Sheriff's Department, Sonoma County District Attorney's Office, Stephan Passalacqua, J. Michael Mullins, Greg Jacobs, Christine M. Cook, Russel L. Davidson, James Patrick Casey, and Detective*
Beau M. Martin
Michael D. Senneff
Bonnie A. Freeman
SENNEFF FREEMAN & BLUESTONE, LLP
50 Old Courthouse Square, Suite 401
P.O. Box 3727
Santa Rosa, CA 95402-3729


I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 22nd day of May, 2008, at Mendocino, California.


--------------/s/-------------------
Edite Lerman