Michael D. Senneff, Esq. (SB 039388)
Bonnie A. Freeman, Esq. (SB 180502)
SENNEFF FREEMAN & BLUESTONE, LLP
50 Old Courthouse Square, Suite 401
P.O. Box 3729
Santa Rosa, CA 95402-3729
Telephone:    707-526-4250
Facsimile:    707-526-0347

Attorneys for Defendants County of Sonoma (also sued as Sonoma County Sheriff's Department and Sonoma County District Attorney's Office), Stephan Passalacqua, J. Michael Mullins, Greg Jacobs, Christine M. Cook, Russel L. Davidson, James Patrick Casey, and Detective Beau M. Martin

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARIAH JUDSON RUTLEDGE, | NO. CV 07-04274 CW |
| Plaintiff, | COUNTY DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT |
| v. | [FRCP Rule 12(b)(6)] |
| COUNTY OF SONOMA, MICHAEL POTTS, et al., | Date:  June 12, 2008 |
| Defendants. | Time:  2:00 p.m. |
| | Ctrm:  2 |

_____/

Defendants County of Sonoma (also sued as Sonoma County Sheriff's Department and Sonoma County District Attorney's Office), Stephan Passalacqua, J. Michael Mullins, Greg Jacobs, Christine M. Cook, Russel L. Davidson, James Patrick Casey, and Detective Beau M. Martin (collectively "County Defendants") respectfully submit this reply brief in support of their motion to dismiss various causes of action from the Second Amended Complaint of plaintiff Zachariah Judson Rutledge ("plaintiff").

## I. ISSUES NOT ADDRESSED IN OPPOSITION PAPERS

The following arguments raised in County Defendants' moving papers were not opposed in plaintiff's opposition, requiring dismissal:

1.    Assault and battery– Plaintiff states that allegations giving rise to assault and battery causes of action can be "implied" from the fact that he is alleging an unconstitutional search and seizure.

SENNEFF
FREEMAN
BLUESTONE

NO.: C-07–04274 CW: County Defs' Reply Brief in Suppt. Of Motion to Dismiss SAC    1

1   (Pl's Oppo., p. 11:14-23.) Plaintiff admits that there are no factual allegations of assault or

2   battery. (Id.)

3   2.   Excessive force– Plaintiff states only that he "submits" on excessive force "at this time." (Pl's

4   Oppo., p. 11:24.)

5   County defendants therefore request that the references to "assault and battery" in the caption and

6   reference to "excessive force" in the First Cause of Action (at ¶54) be stricken, and that leave to amend

7   be denied.

8   ## II. LEGAL ARGUMENT IN RESPONSE TO OPPOSITION BRIEF

9   **A.   HATE CRIME LEGISLATION DOES NOT REQUIRE SPECIFIC ALLEGATION OF
    INTENT TO DISCRIMINATE, BUT STILL REQUIRES THAT THERE BE SOME
10  ELEMENT OF HATE CRIME ATTACHED TO THE ACTIONS.**

11  While plaintiff improperly relies upon an unpublished case for the proposition that his causes of

12  action which are predicated upon the Unruh Civil Rights Act (Cal. Civ. Code §§51, 52 et seq.) do not

13  require a specific allegation of discriminatory animus, it is true that claims brought pursuant to that

14  statutory scheme have no such pleading prerequisite. (See, *Venegas v. County of Los Angeles* (2004) 32

15  Cal.4th 843.) However, that is not the basis upon which dismissal of those claims is sought. Plaintiff

16  is not a member of any protected class for which hate crime legislation was enacted to protect. This issue

17  was not addressed in *Venegas* nor in the unpublished case cited by plaintiff in his opposition.

18  Plaintiff admits that the legislative scheme is designed to "encourage and aid private parties to

19  help in enforcing the civil rights laws by bringing civil suits against perpetrators of hate crimes." (Pl's

20  Oppo., p. 10:21-22.) At a minimum, there must be some showing that a hate crime has been perpetrated;

21  once that element is presented then, as plaintiff articulates, he need only show that such action was

22  committed through threats, intimidation, or coercion (to support Civ. Code 52.1) and through violence

23  or a threat of violence (to support Civ. Code 51.7).

24  Putting this distinction aside, however, plaintiff still admits that regardless of the above, he needs

25  to establish that the alleged offending conduct was accomplished through threats, intimidation or

26  coercion, which he admits he has not done. Plaintiff offers that he "may also show further facts showing

27  that he has endured the threatening presence of several officers and the display of a weapon by an officer

28

SENNEFF
FREEMAN
BLUESTONE

NO.: C-07–04274 CW: County Defs' Reply Brief in Supp. Of Motion to Dismiss SAC                    2

1    during the arrest" and that he "<u>may</u> show facts that he suffered physical offensive touching during the

2    arrest" and that he "<u>may</u> show that he suffered threats intimidation and coercion during the September

3    17, 1999 pre-arrest interrogation performed by Davidson" to support such a claim. (Pl's Oppo, 7:9-14.)

4    It may well be, but he has not done so yet. Further, if amendment is forthcoming, plaintiff must realize

5    that the alleged conduct must have occurred within the applicable statute of limitations period. For all

6    of the reasons stated in the State's motion to dismiss (incorporated herein), conduct of one or more

7    defendants in 1999 will not fall within the applicable statute of limitations period.

8         For this reason, the Second, Fifth, Seventh, Ninth, Thirteenth and Sixteenth Causes of Action,

9    all of which are predicated upon Civil Code §§51 and 52, should be dismissed.

10

11   **B.    DEFAMATION CAUSE OF ACTION IS UNSUPPORTED BY FACTS ESTABLISHING REQUISITE ELEMENTS.**

12        Plaintiff's sole opposition to County Defendants' motion to dismiss the defamation cause of

13   action is that his allegations "clearly imply" which statements about his having committed murder were

14   false, because the jury acquitted him; that one can "infer" that Cook's statements about his having failed

15   the polygraph test as being false; and that the very fact that he is alleging defamation "clearly inferred"

16   that the statements he attributes to Cook are false. (Pl's Oppo., p. 8:11-20.) The defendant should not

17   be left to try to imply or infer which of the statements were "false" for purposes of a defamation action,

18   because truth of the statements is an element of proof in the case, for one party or the other. Plaintiff's

19   opposition does not come out and state that any of the statements were false, which is why an allegation

20   of falsity, and as to which statements attributed to Cook, is required.

21        Ultimately, plaintiff asserts that "here it has been shown that the plaintiff <u>can allege other facts</u>

22   consistent with the challenged pleading that could cure the defect, for example plaintiff can allege that

23   said statements made by Cook are false." That is precisely defendants' point. As it stands, plaintiff's

24   defamation claim (Tenth Cause of Action) should be dismissed.

25

26   **C.    FOURTH THROUGH NINTH, TWELFTH, THIRTEENTH, SIXTEENTH CAUSES OF ACTION ARE EXTRANEOUS TO THE PLEADINGS AND SHOULD BE DISMISSED.**

27        The arguments raised in County Defendants' motion to dismiss with regard to those "causes of

28   action" which add nothing to the complaint and which are merely extraneous are not incompatible with

SENNEFF
FREEMAN
BLUESTONE

1    those raised by co-defendant Michael Potts, in that both sets of defendants are complaining about

2    extraneous matters which are not relevant to the pleadings. As plaintiff's opposition does not otherwise

3    address the propriety of the challenged causes of action as merely duplicative of the constitutional claims

4    previously set forth in other causes of action, the request for dismissal is appropriate.  Plaintiff loses

5    nothing by elimination of these restated causes of action under 42 USC §1983, as his First Cause of

6    Action includes alleged injuries from denial of due process, illegal search and seizure and "cruel and

7    unusual punishment."

8    

9    **D.    STATE LAW TORT THEORIES OF NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS DO NOT PERMIT STATUTORY DAMAGES UNDER CIVIL CODE SECTION 51 AND 52.**

10           Plaintiff's reliance on *Los Angeles County Metropolitan Trans. Authority v. Superior Court*

11   (2004) 123 Cal.App.4th 261 for the proposition that an element of damages in an intentional and/or

12   negligent infliction of emotional distress common law tort includes statutory remedies pursuant to the

13   Unruh Civil Rights Act is simply misplaced.  The question presented to the Second District Court of

14   Appeals in that case was whether the California Government Code's prohibition on punitive damages

15   against public entities barred a plaintiff's right to seek statutory penalties under the Unruh Act. (*Los*

16   *Angeles County Metropolitan Trans. Authority v. Superior Court, supra,* 123 Cal.App.4th at 263.)  The

17   cause of action under scrutiny in that case was brought pursuant to Civil Code §51 et seq., and was not

18   a case involving whether a common law tort for negligent/intentional infliction of emotional distress, if

19   properly pleaded and proved, would allow the successful plaintiff to make a claim for statutory penalties

20   ($25,000) and attorney's fees pursuant to the Unruh Act.

21           Each cause of action must stand on its own merits.  County defendants are not proposing that

22   plaintiff must choose between bringing a common law tort cause of action for infliction of emotional

23   distress or a claim for violation of the Unruh Act.  However, to "tack on" the Unruh Act's remedial

24   statutory scheme to a common law tort is inappropriate.  To the extent that plaintiff has attempted to do

25   so in his Third Cause of Action, dismissal of that cause of action is respectfully requested.

26   

27   

28   

SENNEFF
FREEMAN
BLUESTONE

1  E.    **DETECTIVE BEAU MARTIN SHOULD BE DISMISSED**.

2         By inappropriate reference to the search warrant itself[1] plaintiff urges that the dismissal of Beau

3  Martin as a defendant should be denied.  The only factual allegation against defendant Martin is that he

4  authored a search warrant at the direction of DDA James Casey.  (SAC ¶25.)  Plaintiff must allege facts

5  which, if true, would be sufficient to state a cause of action against the defendants he has named in this

6  suit, including Beau Martin.  He has failed to do so.  If an amendment is requested, then plaintiff should

7  establish how the complaint would be amended to sufficiently state a claim against Det. Martin (which

8  the opposition fails to do).  If plaintiff claims that the search warrant contained material omissions or

9  misstatements of fact which, if known to the magistrate, would have led a reasonable magistrate to deny

10 the search warrant, then he must allege those facts in order to state a cause of action against Martin.  If

11 he cannot do so, then Martin should be dismissed at the earliest opportunity.

12                                     **III.  CONCLUSION**

13        Based on the foregoing, and upon the points and authorities and other papers filed in support

14 of the motion to dismiss, it is respectfully requested that County Defendants' motion to dismiss be

15 granted, in its entirety.

16

17 DATED:        May 28, 2008

18                                         SENNEFF FREEMAN & BLUESTONE, LLP

19

20                                         By: _____

21                                             Michael D. Senneff
                                               Bonnie A. Freeman

22                                         Attorneys for Defendants County of Sonoma,
                                           Stephan Passalacqua, J. Michael Mullins, Greg
                                           Jacobs, Christine M. Cook, Russel L. Davidson,
23                                         James Patrick Casey, and Detective Beau M.
                                           Martin

24

25

26

27

28

SENNEFF
FREEMAN
BLUESTONE

[1]    See, Defendants' Objections to Plaintiff's Request for Judicial Notice, filed herewith.

## PROOF OF SERVICE

I am employed in Sonoma County, California. I am over the age of 18 years and not a party to the within action. My business address is 50 Old Courthouse Square, Suite 401, Santa Rosa, CA 95404. On May 29, 2008, I served the following document(s):

**COUNTY DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT [FRCP Rule 12(b)(6)]**

by placing a true copy thereof enclosed is a sealed envelope and served in the manner described below to:

*Attorneys for Plaintiff Rutledge:*
J. David Nick, Esq.
Editte Dalya Lerman, Esq.
45060 Ukiah Street
P.O. Box 802
Mendocino, CA 95460

Facsimile:  (707) 937-2207
Telephone: (707) 937-1711

*Attorneys for Defendant Michael Potts:*
John P. Devine, Esq.
Deputy Attorney General
State of California, Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Facsimile: (415) 703-5480
Telephone: (415) 703-5522

✗    **BY U.S. MAIL:** I caused such envelope to be deposited in the mail at my business address, addressed to the addressee(s) designated and sent via first class mail to each individual stated below. I am readily familiar with Senneff Freeman & Bluestone's practice for collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Services on that same day in the ordinary course of business.

____    **BY HAND DELIVERY:** I caused such document to be delivered by hand to the addressee(s) designated.

____    **BY OVERNIGHT COURIER SERVICE:** I caused such envelope to be delivered via overnight courier services to the addressee(s) designated.

____    **BY FACSIMILE:** I caused said document(s) to be transmitted to the fax number(s) of the addressee(s) designated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Santa Rosa, California, on the date set forth above.

_____
Tracy Kecskemeti