EDMUND G. BROWN JR.
Attorney General of the State of California
PAUL T. HAMMERNESS
Supervising Deputy Attorney General
JOHN P. DEVINE, State Bar No. 170773
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5522
 Fax:  (415) 703-5480
 Email:  John.Devine@doj.ca.gov

Attorneys for Defendant Michael Potts

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ZACHARIAH JUDSON RUTLEDGE,<br><br>                              Plaintiff,<br><br>v.<br><br>COUNTY OF SONOMA, et al.<br><br>                              Defendants. | Case No.:  C 07-04274-CW<br><br>**REPLY BY DEFENDANT MICHAEL POTTS TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date: June 12, 2008<br>Time: 2:00 p.m.<br>Courtroom: 2<br>Judge: Honorable Claudia Wilken |

COMES NOW Defendant Michael Potts and files the following reply to Plaintiff Zachariah J. Rutledge's opposition to his motion to dismiss.  This reply is based on the accompanying memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff seeks money damages based upon 16 separate claims for relief against defendants. More specifically, eleven of these sixteen claims for relief are made against criminalist Michael

Potts.[1/] Defendant Michael Potts filed a motion to dismiss pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6).

In opposing the motion to dismiss, plaintiff steadfastly refuses to acknowledge that he did not file a timely "claim" concerning defendant Potts with either the State of California's Victim Compensation and Government Claims Board or the County of Sonoma. In accordance with statutory provisions of the California Government Code, the filing of a timely "claim" is a condition precedent to the maintenance of an action against a public employee based upon state law. While plaintiff did file a claim with both the County of Sonoma and the State of California in March 2007, any claims for relief based upon state law accrued against defendant Potts in June 2004, when the initial prosecution against plaintiff was dismissed by the court. After this dismissal in June 2004, defendant Potts had absolutely no role or involvement in the subsequent criminal prosecution against plaintiff.

The critical point is that under well defined statutory provisions in the California Government Code, plaintiff needed to file "claim" within six months (*i.e.*, December 2004). If he failed to do so, plaintiff needed to make an application to present a late "claim" within one year (*i.e.*, June 2005). Beyond this one year time period, the plaintiff was effectively precluded from obtaining relief, or from pursuing court action against the public employee for state law claims for relief. (Cal. Gov. Code §§ 911.2, 946 & 950.2; See also *Brandon G. v. Gray* (2003) 111 Cal.App.4th 29, 34; *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1779; *Reyes v. County of Los Angeles* (1988) 197 Cal.App.3d 584, 590; *Greyhound Lines, Inc. v. County of Santa Clara* (1986) 187 Cal.App.3d 480, 488). None of these "claim" requirements are altered or affected by the fact of plaintiff's confinement. As a result of plaintiff's dilatoriness in filing a "claim" or an application to present a late "claim" by June 2005, all of his claims for relief based

---

1. Plaintiff's claims for relief against defendant Potts are as follows: 1st - Violation of Federal Constitutional Rights; 2nd - Violation of State Constitutional Rights; 3rd - Intentional/Negligent Infliction of Emotional Distress; 4th - False Arrest (42 U.S.C. §1983); 5th - False Arrest (Cal. Govt. Code § 810 et seq.); 6th - False Imprisonment (42 U.S.C. §1983); 7th - False Imprisonment (Cal.Govt. Code §810 et seq.); 11th - Conspiracy; 12th - Denial of Fair Trial (42 U.S.C.§1983); 13th - Denial of Fair Trial (Cal. Govt. Code § 810 et seq.) ; and 16th - Malicious Prosecution).

Reply By Michael Potts to Pltf's Opp. to MTD Pltf's 2nd Amend. Cmplt.       Rutledge v. Co. of Sonoma
                                                                             C 07-04274-CW

2

upon state law (*viz.*, 2nd, 3rd, 5th, 7th, 13th, and 16th) are barred by the relevant provisions of the California Government Code and the attendant decisions of the Courts.

Plaintiff's opposition to the motion to dismiss next argues that his claims for relief under 42 U.S.C. section 1983 for false arrest and false imprisonment are not barred by the statute of limitations because California Government Code section 945.3 prevents the filing civil actions against *peace officers* by a person with pending criminal charges. In effect, the statute of limitations period is tolled during the pending criminal charges. But nowhere does plaintiff plead, and nowhere is their support for, the newly minted notion that defendant Potts is a peace officer. Indeed, as plaintiff acknowledges in his second amended complaint, defendant Potts is a criminalist with the California Department of Justice, Bureau Forensic Services, who authored a "forensic laboratory report" (Pl. 2nd Am. Compl. ¶¶ 9 & 17)  Since defendant Potts is most definitely not a peace officer, and since this is the sole opposition raised by plaintiff to explain why the relevant statute of limitations for false arrest and false imprisonment (*i.e.*, 4th and 6th claims for relief) are not applicable, they ought to be dismissed with prejudice.

Finally, plaintiff's opposition argues that the remaining claims for relief in the second amended complaint are sufficient, in general, and congruent with existing legal authority regarding violations of substantive due process, in particular. Parenthetically, plaintiff's opposition does not contradict defendant Pott's contention that the eleventh claim for relief for conspiracy is done so without the requisite detail. Despite plaintiff's general arguments about the sufficiency of the allegations, the second amended complaint fails to specify the alleged abrogations of his constitutional rights, and even more significantly, when those abrogations occurred. Further, plaintiff misapprehends his ability to bring separate claims for relief for malicious prosecution under the guise of his substantive due process rights, which the United States Supreme Court sharply curtailed several years ago. As a result, defendant Potts seek the dismissal of plaintiff's 1st, 11th, and 12th claims for relief.

For these reasons, defendant Potts renews his request that plaintiff's second amended complaint be dismissed.

**ARGUMENT**

**I**

**PLAINTIFF STEADFASTLY REFUSES TO ACKNOWLEDGE THAT HE FAILED TO FILE A TIMELY "CLAIM" WITH EITHER THE COUNTY OF SONOMA OR THE STATE OF CALIFORNIA, WHICH FAILURE INEXORABLY PRECLUDES HIS MAINTENANCE OF ANY CLAIMS FOR RELIEF BASED UPON STATE LAW**

Plaintiff's opposition explains that he filed a "claim" against defendant Potts with the Sonoma County Board of Supervisors on March 7, 2007 (Pl. Opp. p. 4, lines 16-18) and another "claim" with the California Victim Compensation & Government Claims Board in March 2007 (Pl. Opp. p. 6, lines 14-18). Plaintiff's opposition then proceeds to argue issues about agencies, waivers, and notifications. But all of these latter arguments miss the central point. The local and state entities, along with the courts, were entirely without jurisdiction to act because plaintiff filed his claim more than one year after the accrual of his state law claims for relief.

A brief overview of the controlling state law is useful to discern this lack of jurisdiction. Under the Tort Claims Act, an action for damages may not be maintained against the State unless a written claim has been timely presented to the Board. Cal. Gov. Code §§ 905.2, 911.2, 945.4, 950.2. Compliance with the claims presentation requirement is mandatory, and failure to file a timely claim or obtain relief from this requirement is fatal to a cause of action and is a bar to suit. *Qwest Communications Corp. v. City of Berkeley* (N.D. Cal. 2001) 146 F.Supp.2d 1081; *City of San Jose v. Superior Court* (1974) 12 Cal.3d 447, 454. To be sure, California Government Code section 911.2 that sets forth the time limits for presenting a "claim" is not mere procedural requirement, but it provides an element of, and a condition precedent to, a plaintiff's state law claims. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir. 1969).

A claim for injury must be presented within six months of the injury. Cal. Gov. Code § 911.2(a). The Tort Claims Act provides a remedy when a claim is not presented in a timely fashion: a written application made to the Board for leave to present a late claim. Cal. Gov. Code § 911.4(a). If the late claim application is denied, California Government Code section 946.6 authorizes the injured party to petition the court for relief from the claim requirements of California Government Code section 945.4. "The court must grant the petition under [ 946.6(c)]

Reply By Michael Potts to Pltf's Opp. to MTD Pltf's 2nd Amend. Cmplt.    Rutledge v. Co. of Sonoma
C 07-04274-CW

4

if the claimant demonstrates by a preponderance of the evidence the application to the public entity under Government Code section 911.4 was made within a reasonable time not exceeding one year after the accrual of the cause of action, and one of the other four requirements listed in Government Code section 946.6, subdivision (c) is met." *Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1777.  Filing a late-claim application within one year after the accrual of a cause of action is a jurisdictional prerequisite to a claim-relief petition. *Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 713.  The entity charged with responsibility for acting upon tort claims is "powerless to grant relief" if the late-claim application is made after the one- year statutory period has expired. *Hom v. Chico Unified School Dist*. (1967) 254 Cal.App.2d 335, 339; *Tyus v. City of Los Angeles* (1977) 74 Cal. App.3d 667; *Carr v. State* (1976) 58 Cal.App.3d 139.  Likewise, when the application to file a late claim is presented more than one year after the accrual of the cause of action, the court is without jurisdiction to grant relief under Government Code section 946.6 *Brandon G. v. Gray* (2003) 111 Cal.App.4th 29, 34 (failure to file application within 1 year "effectively precludes plaintiffs not only from obtaining relief through the claims procedures, but also from pursuing court action against the County"*; Greyhound Lines, Inc. v. County of Santa Clara* (1986) 187 Cal.App.3d 480, 488.

    All of these requirements, along with complete irrelevance of a person's confinement to them,[2] were very capably summarized in *Ellis v. City of San Diego*, 176 F.3d 1183, (9th Cir. 1999), the where the Court of Appeals stated,

> As noted above, [California Code of Civil Procedure] §352.1(b) limits the tolling provisions of subsection (a) so that they do not apply to any "action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with . . . the Government Code." . . . *Cal. Government Code* § 911.2 sets the time period for presentation of a claim relating to death or personal injury at six months. Applications for an extension of time to file a late claim may be made within one year after the accrual of the injury, however, there is no discretion to

---

    2. Cal. Code of Civ. Pro. §352.1(b), which is the tolling provision that ordinarily applies to the statute of limitations for those imprisoned, provides that "This section does not apply to an action against a public entity or public employee upon a cause of action form which a claim is required to be presented. . . ."

Reply By Michael Potts to Pltf's Opp. to MTD Pltf's 2nd Amend. Cmplt.    Rutledge v. Co. of Sonoma
C 07-04274-CW

5

grant applications made after that date. *See Cal. Gov't Code* §911.4 (West 1995); *Santee v. Santa Clara County Office of Educ.*, 220 Cal.App. 3d 702, 713, 269 Cal.Rptr. 605 (1990).

As a result, the fact that plaintiff was incarcerated at the time he was statutorily obligated to present a "claim" does not affect nor alleviate his failure to act punctually.

Since the injury purportedly connected with the actions of defendant Potts occurred in March 2004, when plaintiff and his criminal attorney (also one of his two attorneys in this lawsuit) filed a motion to dismiss for the alleged malfeasance by defendant Potts, or at the latest in June 2004, when the initial criminal charges against plaintiff were dismissed by the Court, a timely "claim" needed to be made six months later. Absent a timely "claim," an application to present a late "claim" needed to be made by June 2005. But plaintiff did not file a "claim" until March 2007. At that belated point, plaintiff had irrevocably lost his ability to proceed against defendant Potts for any state law claims for relief. As the California Victim Compensations & Government Claims Board in a letter to plaintiff's counsel on March 27, 2007, quite accurately concluded,

> We have reviewed your claim and determined that the VCGCB has no jurisdiction to consider the claim for the following reason: Your claim was filed more than one year from the date of the incident that is the basis of the claim, and it is too late for the Board to consider an application to present a late claim.

(Pl. Opp. p. 6, lines 19-22; Defendant Potts Request for Judicial Notice Exhibit B, p. 3).

The failure of plaintiff to file a timely "claim" now requires the dismissal of all of his state law claims for relief.

**II**

**PLAINTIFF ARGUES THAT THE STATUTE OF LIMITATIONS REGARDING HIS CLAIMS FOR RELIEF UNDER 42 U.S.C. SECTION 1983 FOR FALSE IMPRISONMENT AND FALSE ARREST WERE TOLLED BECAUSE DEFENDANT POTTS WAS A PEACE OFFICER COMPLETELY IGNORE THE FACT THAT DEFENDANT POTTS IS CRIMINALIST, AND MOST DEFINITELY NOT A PEACE OFFICER**

Plaintiff's opposition argues that the relevant statute of limitations for false arrest and false imprisonment were tolled because California Government Code section 945.3 prevents the filing of civil actions against *peace officers* by a person with pending criminal charges. (Pl. Opp. p. 4,

1  lines 16-18)**.**

2  The problem with plaintiff's argument is that defendant Potts, simply and plainly, is not a

3  peace officer.  He is criminalist with California Department of Justice, Bureau of Forensic

4  Services, who authored a forensic laboratory report. (Pl. 2nd Am.Compl. ¶¶ 9 & 17).  The

5  determination of who is, and who is not, a peace officer is entirely determined by statute.

6  California Penal Code section 830 provides that "Any person who comes within the provisions

7  of this chapter and who otherwise meets all standards imposed by law on a peace officer is a

8  peace officer, and notwithstanding any other provision of law, no person other than those

9  designated in this chapter is a peace officer."  While the California "Attorney General and

10  special agents and investigators of the Department of Justice are peace officers. . . ." under

11  California Penal Code section 830.1(b), no mention or inclusion is made for criminalists of the

12  California Department of Justice.  As a result, defendant Potts is not a peace officer.

13  Plaintiff's opposition apparently minted the wholly unsupported notion that defendant Potts

14  was a peace officer in the attempt to toll the applicable statute of limitations for false arrest and

15  false imprisonment.  Since he is not a peace officer, no tolling occurred for the one year statute

16  of limitations applicable to false arrest and false imprisonment claims for relief that accrued once

17  plaintiff was arraigned on charges on June 6, 2002.  *Wallace v. Kato*, 127 S.Ct. 1091, 166 L.Ed.

18  2d 807 (2007).

19  Therefore, plaintiff's fourth and sixth claims for relief ought to be dismissed with prejudice.

20  **III.**

21  **ACCORDING TO UNITED STATES SUPREME COURT
    PRECEDENT,  MALICIOUS PROSECUTION CLAIMS FOR RELIEF**
22  **CANNOT BE BROUGHT UNDER THE GUISE OF SUBSTANTIVE
    DUE PROCESS RIGHTS**

23

24  Plaintiff's first and twelfth claims for relief broadly allege violations of his substantive due

25  process rights.  (Pl. Compl. ¶¶ 54 & 140).

26  Plaintiff's opposition asserts that defendant Potts' assertion that the *Albright* decision

27  presents an impediment to claims for relief based upon substantive due process right is

28  "misplaced." (Pl. Opp. p. 9, lines 23-25)**.**

Despite plaintiff's counsel's assertion, claims for relief that contain allegations related to substantive due process rights cannot form the basis for a §1983 malicious prosecution action under *Albright v. Oliver*, 510 U.S. 266 (1994). Indeed, the plurality opinion emphasized, "We do hold that substantive due process, with its 'scarce and open ended' 'guideposts,' *Collins v. Harker Heights*, 503 U.S. at 125, can afford him no relief." *Id* at 275. Apart from this holding in *Albright*, which curtails malicious prosecution claims for relief based upon "open ended" substantive due process rights, plaintiff's second amended complaint fails to delineate the particular violations to his constitutional rights or when they took place.

Given these significant omissions, defendant Potts renews his request that first and twelfth claims for relief be dismissed for failure to state a claim.

## CONCLUSION

Initially, plaintiff's opposition refuses to acknowledge that no timely "claim" was filed with either a local or state entity, which was a condition precedent to filing a lawsuit with claims for relief relating to state law. In the absence of a timely "claim," all of the claims for relief that are underpinned by state law ought to be dismissed. Secondly, since plaintiff's two 42 U.S.C. section 1983 claims for relief based upon false arrest and false imprisonment were not filed before the expiration of the applicable statute of limitations, they must be dismissed with prejudice. As demonstrated, defendant Potts is criminalist, not a peace officer, whose status does not toll the applicable statute of limitations under California Government Code section 945.3. Additionally, plaintiff's opposition has not challenged defendant Potts' contention that the eleventh claim for relief for conspiracy does so without the requisite specificity and detail. Finally, as a result of plaintiff's failure to state a claim with particularity regarding the violation of any constitutional rights (*i.e.*, aside from ill-defined substantive due process rights) during his criminal proceedings, as well as the time that the alleged violations purportedly occurred, those claims for relief should also be dismissed.

Reply By Michael Potts to Pltf's Opp. to MTD Pltf's 2nd Amend. Cmplt.    Rutledge v. Co. of Sonoma
C 07-04274-CW

8

Dated: May 29, 2008.

                Respectfully submitted,

                EDMUND G. BROWN JR.
                Attorney General of the State of California


                <u>s/s/ John P. Devine</u>
                JOHN P. DEVINE
                Deputy Attorney General

                Attorneys for Defendant Michael Potts

Reply By Michael Potts to Pltf's Opp. to MTD Pltf's 2nd Amend. Cmplt.   Rutledge v. Co. of Sonoma
C 07-04274-CW

9