**J. DAVID NICK, Esq. (**SB#157687)
99 Osgood Place, Ste 1
San Francisco, CA 94133
Tel: (415) 552-4444
Fax: (415) 358-5897


**EDITTE  LERMAN, Esq. (**SB#241471)
45060 Ukiah Street
P.O. Box 802
Mendocino, CA 95460
Tel: (707) 937-1711
Fax: (707) 937-2207


Attorneys for Plaintiff
ZACHARIAH JUDSON RUTLEDGE


UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

\* \* \* \* \* \*

| | | |
|---|---|---|
| ZACHARIAH JUDSON RUTLEDGE, | ) | CASE NO.:  CV 07-04274 CW |
| | ) | |
| | ) | **PLAINTIFF'S SUPPLEMENTAL** |
| Plaintiff, | ) | **BRIEF IN OPPOSITION TO** |
| | ) | **DEFENDANT MICHAEL POTTS'** |
| vs. | ) | **MOTION TO DISMISS** |
| | ) | |
| COUNTY OF SONOMA, MICHAEL | ) | |
| POTTS, RUSSEL L. DAVIDSON, | ) | |
| JAMES PATRICK CASEY, CHRISTINE | ) | |
| M. COOK, BEAU R. MARTIN, | ) | |
| J. MICHAEL MULLINS, STEPHAN R. | ) | Date:    June 12, 2008 |
| PASSALACQUA, GREG JACOBS, | ) | Time:    2:00 p.m. |
| SONOMA COUNTY SHERIFF'S | ) | Courtroom: 2 (4th Floor) |
| DEPARTMENT, SONOMA COUNTY | ) | Judge: Hon. Claudia Wilken |
| DISTRICT ATTORNEY'S OFFICE, | ) | |
| and DOES 1 through 40. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

1

2

3

4

## I.
## DEFENDANT POTTS WAS CONNECTED TO THE 2006 TRIAL, THUS THE PLAINTIFF'S CLAIM WAS FILED WITHIN ONE YEAR OF THE ACCRUAL DATE OF THE STATE CAUSES OF ACTION, AND THE CLAIMS BOARD AND THE COUNTY HAD JURISDICTION TO PROVIDE RELIEF.
.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

The record submitted by Defendant Potts, only appears to demonstrate that Potts was not involved in the continuing prosecution, under a new case number.  Evidence presented herewith (Plaintiffs 2nd Request for Judicial Notice (hereinafter "P2ndRJN") **Exhibit 9**) shows unequivocally that Potts was involved in the continuing prosecution, under a new case number. On June 30, 2006 Michael Potts was identified as a proposed witness by the prosecutor in the underlying prosecution. (See P2ndRJN Exhibit 9 at pg. 6 line 8)  Since, Michael Potts was named as a witness for the trial in the underlying criminal action, Defendant, Potts, was involved in the prosecution until the September 29, 2006 termination of the underlying criminal matter.  Therefore, Defendant Potts was involved in re-occurring torts of false imprisonment, negligent infliction of emotional distress and violations of civil rights as alleged in the Second amended Complaint.  The first series of torts were connected to all of the acts that occurred up to and including the first preliminary hearing.  The second series of torts were connected to all of the acts that occurred up to and including the trial.  Therefore the causes of action, under the defendant's theory would have accrued at a point in time after January 27, 2004, at the time Plaintiff discovered the injury connected to the first series of torts.  However, the causes of action connected to the second series of torts would have accrued on or after June 30, 2006, when the prosecution identified Potts as a proposed witness in the trial.

22

23

24

25

Since the claim had been submitted on March 7, 2007, to the Sonoma County Board of Supervisors, within one year of the June 30, 2006 discovery of the second series of torts, Sonoma County had jurisdiction and waived any defense with respect to the timeliness of a government claim filed by Plaintiff.  With respect to the claim filed with the Government

26

1    Claims Board, the Claims Board and the Court had jurisdiction to provide the plaintiff leave to

2    file a late claim for the same reason.

3

4

## II.
## MICHAEL POTTS WAS A PEACE OFFICER REGARDLESS OF THE LABEL PINED ON HIM BY THE DEFENSE.

The Attorney General and special agents and investigators of the Department of Justice are peace officers. *Cal Pen Code* § 830.1 (b)  Since *Cal Pen Code* § 830.1 is silent with respect to a specific definition of the term "investigator," the definition is as exhibited by the plain meaning of the actual word. *Stephens v. County of Tulare* (2006) 38 Cal. 4th 793, 801  The definition of the term "investigator" is one who makes a systematic examination; especially: to conduct an official inquiry (see *Merriam-Webster Dictionary - Online Edition* 2008);  one who carries out a systematic or formal inquiry into an incident or allegation so as to establish the truth. (See *Oxford's English Dictionary - Online Edition* 2008).

Here it is without question that Michael Potts was responsible for carrying out a systematic or formal inquiry into the source of the paint that was on the knife.  Further, it is without question that Michael Potts was a member of the Department of Justice.  Therefore, Michael Potts was an investigator of the Department of Justice, and thus a "peace officer" as defined by *Cal Pen Code* § 830.1 (b).

Furthermore, defining "criminalists" as "peace officers" brings a "criminalist's" activities in harmony with the legislative intent of the provisions of *Cal Gov. Code* Section 945.3. "Section 945.3 was enacted in 1981, to prevent a criminal defendant from suing a peace officer, or his or her employer, for conduct of the peace officer relating to the criminal offense while charges were pending against the criminal defendant. The purpose of the statute was to eliminate the use of civil damage complaints as plea bargaining levers and possibly to prevent

1  use of civil false arrest suits as a device to inquire into prosecutorial materials and investigative

2  information while the criminal charge is pending." *McMartin v. County of Los Angeles* (1988)

3  202 Cal.App.3d 848, 855   The legislative policy of preventing the bargaining use of civil suits

4  would be best suited by adopting the interpretation that a charge is "pending" until the date of

5  judgment. *McAlpine v. Superior Court* (1989) 209 Cal. App. 3d 1, 8    If the activities of a

6  criminalist are placed outside the scope of the provisions of *Cal Gov Code* § 945.3, then the

7  legislative intent would be defeated, where a criminal defendant could then sue the criminalist

8  in order to gain a device to inquire into prosecutorial materials and investigative information

9  while the criminal charge is pending.

10      Therefore, for the forgoing reasons, Michael Potts, cannot escape the tolling provisions

11 of *California Government Code* section 945.3, simply because his job description is called a

12 "criminalist."

13

14                                                **III.**

**THE STATUTE OF LIMITATIONS WAS TOLLED TWO YEARS WHILE THE**
15 **PLAINTIFF WAS IMPRISONED, AND THE § 1983 STATUE OF LIMITATIONS WAS**
**TWO YEARS, THUS THE COMPLAINT WAS TIMELY FILED.**
16

17      The statute of limitations for section 1983 actions is determined by state law.  Section

18 1983 actions are characterized as personal injury actions for statute of limitations purposes.

19 *Trimble v. City of Santa Rosa* (9th Cir. 1995) 49 F.3d 583, 585   In California, the statute of

20 limitations for personal injury actions is two years. *Cal. Civ. Proc. Code* § 335.1  A cause of

21 action for false arrest or false imprisonment accrues once the individual is bound over for trial

22 by the magistrate. *Wallace v. Kato* (2007) 127 S. Ct. 1091, 1097.   State law also determines

23 the application of tolling doctrines. *Hardin v. Straub* (1989) 490 U.S. 536, 543-544. In

24 California, the statute of limitations for section 1983 actions is tolled up to two years while a

25 person is incarcerated by *Cal Code Civ Proc* § 352.1(a).

26
PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT
MICHAEL POTTS' MOTION TO DISMISS

1    "Although state law determines the length of the limitations period, federal law

2    determines when a civil rights claim accrues. ....  Under federal law, a claim accrues when the

3    plaintiff knows or has reason to know of the injury which is the basis of the action." *Morales v.*

4    *City of Los Angeles* (9th Cir. 2000) 214 F.3d 1151, 1153-1154

5            Here, discovery of the injury connected to the first series of torts committed by

6    Defendant Potts occurred when the plaintiff discovered the January 27, 2004 letter from Potts to

7    Assistant District Attorney Greg Jacobs, which stated that he did not perform the forensic

8    analysis on the paint sample, which he testified he did perform during the preliminary hearing in

9    the underlying criminal matter.  The plaintiff was imprisoned during, and over two years after,

10   the discovery of the injury, thus the limitation of the § 1983 action was tolled until at least

11   January 27, 2006.  Since the statute of limitations for section 1983 action in California is two

12   years, the limitation of this action expires, at minimum, on January 27, 2008.  The complaint in

13   this action was filed on August 20, 2007, therefore, Plaintiff's § 1983 action was timely filed.

14

15

16           Dated:  June 2, 2008

17           Respectfully submitted,

18           ------------------/s/------------------

19           Editte Lerman
             Attorney for Plaintiff

20           Zachariah Rutledge

21

22

23

24

25

26
PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT
MICHAEL POTTS' MOTION TO DISMISS

**DECLARATION OF SERVICE**

I, Editte D. Lerman, declare as follows:
I am a resident of the State of California, residing or employed in Mendocino, California.
I am over the age of 18 years and am not a party to the above-entitled action. My business
address is 45060 Ukiah Street P.O. Box 802, Mendocino C.A. 95460.

On June 2, 2008,

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION TO DEFENDANT
MICHAEL POTTS' MOTION TO DISMISS**

was filed and served upon the following parties via the Court's PACER-ECF electronic
filing system.

***Attorneys for Defendant Michael Potts***
EDMUND G BROWN, JR.
Attorney General of the State of California
JOHN P. DEVINE, ESQ.
Deputy Attorney General of the State of California
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

***Attorneys for Defendants County of Sonoma, Sonoma County Sheriff's
Department, Sonoma County District Attorney's Office, Stephan Passalacqua,
J. Michael Mullins, Greg Jacobs, Christine M. Cook, Russel L. Davidson,
James Patrick Casey, and Detective***
Beau M. Martin
Michael D. Senneff
Bonnie A. Freeman
SENNEFF FREEMAN & BLUESTONE, LLP
50 Old Courthouse Square, Suite 401
P.O. Box 3727
Santa Rosa, CA 95402-3729

I declare under penalty of perjury that the foregoing is true and correct and that this
declaration was executed this 2nd day of June, 2008, at Mendocino, California.


---------------/s/-------------------
Edite Lerman