1

2

3

4

5

6              IN THE UNITED STATES DISTRICT COURT

7         FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
                                        No. C 07-4274 CW
9  ZACHARIAH JUDSON RUTLEDGE,

10         Plaintiff,                    ORDER GRANTING IN PART
                                        COUNTY DEFENDANTS'
11    v.                                 MOTION TO DISMISS AND
                                        GRANTING DEFENDANT
12  COUNTY OF SONOMA, et al.,            POTTS' MOTION TO
                                        DISMISS
13         Defendants.
   _____/

14

15

16    Defendants County of Sonoma, Sonoma County Sheriff's

17  Department, Sonoma County District Attorney's Office, Stephan

18  Passalacqua, J. Michael Mullins, Greg Jacobs, Christine M. Cook,

19  Russel L. Davidson, James Patrick Casey and Beau M. Martin

20  (collectively, the County Defendants) move to dismiss certain of

21  the claims asserted against them.  Defendant Michael Potts moves

22  separately to dismiss all of the claims against him.  Plaintiff

23  Zachariah Rutledge opposes both motions.  The matter was heard on

24  June 12, 2008.  Having considered oral argument and all of the

25  papers submitted by the parties, the Court grants the County

26  Defendants' motion in part and grants Defendant Potts' motion.

27

28

BACKGROUND

This case arises out of Plaintiff's prosecution for two murders that occurred in 1998. Plaintiff was acquitted of these crimes after a jury trial. He now charges a number of the individuals who were involved in his prosecution with malfeasance.

Plaintiff claims that in August, 2000, Defendant Potts, a criminalist for the California Department of Justice, authored a forensic laboratory report containing false statements. As alleged in the complaint, "The false facts were included in the forensic laboratory report with malice and reckless disregard of the truth." Compl. ¶ 17.

In May, 2002, Mr. Potts allegedly colluded with Defendant Casey, a Deputy District Attorney, and Defendant Davidson, a detective with the Sonoma County Sheriff's Department, to present an affidavit containing false evidence to a magistrate in order to secure a warrant for Plaintiff's arrest. Plaintiff claims that Mr. Casey and Mr. Davidson omitted exculpatory evidence from the affidavit "in an effort to deceive and mislead the magistrate into issuing the requested Arrest Warrant." Id. ¶ 23. At approximately the same time, Defendant Martin, another detective with the Sonoma County Sheriff's Department, allegedly drafted an affidavit in support of an application for a search warrant. Plaintiff asserts that this affidavit did not provide probable cause to search Plaintiff's residence. On May 8, 2002, Mr. Casey and Mr. Davidson, along with a number of unidentified individuals, arrested Plaintiff and conducted a search of his residence.

Plaintiff alleges that, after his arrest, the prosecution team engaged in bad-faith conduct. Although the complaint contains few

2

**United States District Court**
For the Northern District of California

details about this conduct, it alleges that both Mr. Casey and Defendant Jacobs, the Deputy District Attorney who led the team prosecuting Plaintiff, knew that exculpatory evidence existed but withheld it from Plaintiff.  The complaint does not specify what the exculpatory evidence was.  Plaintiff also alleges that Mr. Potts presented false testimony at the preliminary hearing.

Although the complaint does not disclose this, the Court takes judicial notice of the fact that on March 8, 2004, Plaintiff moved to dismiss the charges against him based on "recently discovered misrepresentations made by senior criminalist Michael Potts of the California Department of Justice at the preliminary examination." County Defs.' Req. for Judicial Notice Ex. A (criminal docket) at 13.  Plaintiff's motion was granted and the case was dismissed on June 14, 2004.  The next day, the prosecution filed another complaint against Plaintiff.  The action proceeded to trial, after which Plaintiff was acquitted.

After Plaintiff's acquittal, Defendant Cook, an Assistant District Attorney, allegedly made a number of false statements in a radio broadcast.  Specifically, she allegedly represented that Plaintiff had not been found innocent, that he had failed a polygraph test during the course of the homicide investigation, and that he was a murderer.  Plaintiff maintains that Ms. Cook refused to retract these statements despite Plaintiff's request that she do so.

Plaintiff does not allege that Defendant Mullins, the former Sonoma County District Attorney, or Defendant Passalacqua, his successor, were personally involved in the malfeasance described above.  Rather, he asserts that these Defendants maintained

3

policies and procedures that led to widespread violations of
constitutional rights by employees of the District Attorney's
office, and that they failed to supervise properly the other
individual Defendants to ensure that Plaintiff's rights were
respected.  He asserts similar allegations against three branches
of the county government: the County of Sonoma itself, the District
Attorney's Office and the Sheriff's Department.

LEGAL STANDARD

A complaint must contain a "short and plain statement of the
claim showing that the pleader is entitled to relief."  Fed. R.
Civ. P. 8(a).  When considering a motion to dismiss under Rule
12(b)(6) for failure to state a claim, dismissal is appropriate
only when the complaint does not give the defendant fair notice of
a legally cognizable claim and the grounds on which it rests.  See
Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964
(2007).

In considering whether the complaint is sufficient to state a
claim, the court will take all material allegations as true and
construe them in the light most favorable to the plaintiff.  NL
Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).
Although the court is generally confined to a consideration of the
allegations in the pleadings, the court may also consider matters
of which judicial notice may be taken, and doing so does not
convert the motion into one for summary judgment.  United States v.
Ritchie, 342 F.3d 903, 909 (9th Cir. 1993).

When granting a motion to dismiss, the court is generally
required to grant the plaintiff leave to amend, even if no request
to amend the pleading was made, unless amendment would be futile.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

<u>Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.</u>, 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

I.   County Defendants' Motion to Dismiss

A.   Claims Under California Civil Code § 52.1

Plaintiff asserts a number of claims under "§ 51 <u>et seq.</u>" and "§ 52 <u>et seq.</u>" of the California Civil Code, which he labels the Unruh Civil Rights Act.[1]  Although many of the sections that follow §§ 51 and 52 are clearly not applicable to this case, Plaintiff clarifies in his opposition to the County Defendants' motion that he intends to assert his claims under § 52.1.  This section imposes civil liability on a person who, "whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]." Cal. Civ. Code § 52.1(a).

Section 52.1 is broader in scope than 42 U.S.C. § 1983 in that

---

[1]There is confusion among California courts about which sections of the Civil Code comprise the Unruh Act.  <u>See</u> <u>Stamps v. Superior Court</u>, 136 Cal. App. 4th 1441, 1449-50 (2006).  By its own terms, the Act includes only § 51, not the seemingly related sections immediately following it.  <u>See</u> Cal. Civ. Code § 51 ("<u>This section</u> shall be known, and may be cited, as the Unruh Civil Rights Act.") (emphasis added).  Nonetheless, a number of courts refer to the Unruh Act as encompassing more than simply § 51.

it extends liability for interference with civil rights to private

actors.  See Venegas v. County of Los Angeles, 153 Cal. App. 4th

1230, 1242 (2007).  On the other hand, it imposes an additional

requirement, not found in § 1983, that the interference with civil

rights be made "by threats, intimidation, or coercion."  See id.

The County Defendants argue that the Unruh Civil Rights Act

was enacted to provide a remedy for victims of hate crimes.  They

therefore claim that, because Plaintiff does not allege that he

belongs to a protected class, he may not take advantage of the

Act's provisions.  The California Supreme Court has squarely

rejected this argument:

> According to County, [§ 52.1] applies only to so-called
> hate crimes and requires a showing, not alleged here,
> that the defendants acted with "discriminatory animus,"
> i.e., an intent to threaten or coerce another in
> violation of their constitutional rights, based on the
> victim's actual or apparent racial, ethnic, religious, or
> sexual orientation or other minority status.  We
> disagree, as nothing in Civil Code section 52.1 requires
> any showing of actual intent to discriminate.
>
> . . .
>
> Assembly Bill 2719 explained that "[s]ection 52.1 of the
> Civil Code guarantees the exercise or enjoyment by any
> individual or individuals of rights secured by the
> Constitution or laws of the United States, or of the
> rights secured by the Constitution or laws of this state
> without regard to his or her membership in a protected
> class identified by its race, color, religion, or sex,
> among other things." ([Emphasis] added.)  We cannot
> reasonably interpret this language, or the unambiguous
> language of section 52.1 itself, to restrict the benefits
> of the section to persons who are actual or perceived
> members of a protected class.

Venegas v. County of Los Angeles, 32 Cal. 4th 820, 841-43 (2004)

(citation omitted).  Accordingly, in pursuing a claim for

constitutional violations under § 52.1, a plaintiff "need not

allege that defendants acted with discriminatory animus or intent,

so long as [the predicate] acts were accompanied by the requisite threats, intimidation, or coercion." Id. at 843.

If Plaintiff can show that the constitutional violations of which he complains were accomplished by "threats, intimidation, or coercion," he may be able to succeed on his § 52.1 claim. It does not appear from the complaint that he will be unable to make such a showing. See id. (permitting the plaintiffs to proceed on a § 52.1 claim for unlawful search and seizure); Cole v. Doe 1 thru [sic] 2 Officers of City of Emeryville Police Dep't, 387 F. Supp. 2d 1084, 1103 (N.D. Cal. 2005) ("Use of law enforcement authority to effectuate a stop, detention (including use of handcuffs), and search can constitute interference by 'threat[], intimidation, or coercion' if the officer lacks probable cause to initiate the stop, maintain the detention, and continue a search.") (omission in original). Accordingly, Plaintiff's causes of action under § 52.1 will not be dismissed on this basis.

B.   Redundant Claims

Plaintiff purports to assert sixteen separate causes of action. The County Defendants move to dismiss many of these claims as redundant.[2]

1.   Federal Claims

Plaintiff's first cause of action is brought pursuant to 42 U.S.C. §§ 1983 and 1985 and is asserted against all Defendants for

_____

[2]Many of the claims discussed in this section are asserted against both the County Defendants and Defendant Potts. Because the redundancy of these claims does not depend on the Defendant against whom they are asserted, any claim dismissed by the Court is dismissed with respect to all Defendants, including Mr. Potts.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

unreasonable search and seizure, excessive use of force[3] and cruel and unusual punishment, all in violation of the Fourth Amendment. This cause of action also alleges a violation of Plaintiff's right to due process as guaranteed by the Fifth and Fourteenth Amendments.  These claims of general constitutional violations are re-asserted in more specific terms as individual causes of action, as discussed below.  The first cause of action is therefore dismissed as redundant.

Plaintiff's fourth cause of action is also brought pursuant to §§ 1983 and 1985.  It is asserted against Defendants Casey, Davidson, Potts and County of Sonoma and alleges false arrest.  The complaint does not specify which of Plaintiff's "rights, privileges, or immunities secured by the Constitution and laws" of the United States were infringed.  42 U.S.C. § 1983.  Nonetheless, Plaintiff's assertion of false arrest is most consonant with a claim for unreasonable seizure in violation of the Fourth Amendment, based on his initial arrest.  Plaintiff's sixth cause of action, also brought pursuant to §§ 1983 and 1985 against Defendants Casey, Davidson, Potts and County of Sonoma, is entitled "false imprisonment."  Like the fourth cause of action, it does not specify which federal law or constitutional provision these Defendants allegedly violated.  The Court will construe this claim, as well, as asserting unreasonable seizure in violation of the Fourth Amendment, based on Plaintiff's initial arrest.[4]  As such,

---

[3]Plaintiff has agreed to withdraw any excessive use of force claim.  Such claims are therefore dismissed.

[4]To the extent the sixth cause of action is based on conduct subsequent to Plaintiff's initial arrest, it is subsumed in his Fourth Amendment malicious prosecution claim, discussed below.

United States District Court
For the Northern District of California

the claim is redundant of the fourth cause of action and is dismissed.  See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 923-25 (9th Cir. 2001) (treating false arrest and false imprisonment claims as a single claim under the Fourth Amendment).

Plaintiff's twelfth cause of action is brought pursuant to §§ 1983 and 1985 and is asserted against all Defendants.  It alleges that Defendants deprived Plaintiff of his Fifth Amendment "due process right to a fair trial."  Compl. ¶ 140.  The Court construes this as a procedural due process claim.  The sixteenth cause of action, entitled, "Malicious Prosecution," is brought in part pursuant to §§ 1983 and 1985[5] and is asserted against all Defendants as well.  It also alleges that Plaintiff's due process rights were infringed.  The Court will construe this, not as a procedural due process claim, which would be redundant of the twelfth cause of action, nor as a substantive due process claim, which would not be viable, see Albright v. Oliver, 510 U.S. 266 (1994) (plurality opinion), but as a Fourth Amendment malicious prosecution claim, see id.  This claim is distinct from the Fourth Amendment claim for false arrest and imprisonment asserted in the fourth cause of action.  It is therefore not redundant, and is not dismissed.

Plaintiff's ninth cause of action is brought pursuant to § 1983 against Defendants Casey and Davidson.  It is entitled, "Violation of United States Constitution by Presenting False Affidavit in Support of Arrest Warrant."  It alleges that, by

_____

[5]This cause of action is also brought pursuant to California Civil Code § 52.1 and the California Tort Claims Act.  These claims are discussed below.

allegedly submitting a false affidavit in order to obtain an arrest warrant, these Defendants violated Plaintiff's Fourth Amendment right against unreasonable seizure and his Fifth Amendment right to due process.  This claim is subsumed in Plaintiff's fourth and twelfth causes of action, which allege the same violations.  The ninth cause of action merely specifies in greater detail the particular way in which Plaintiff's Fourth and Fifth amendment rights were allegedly infringed.  Because it, too, is redundant, it is dismissed.

The claims dismissed in this section are dismissed with prejudice because they are inherently duplicative and Plaintiff faces no prejudice by their dismissal.

> 2.   State Claims

Plaintiff's second cause of action is brought pursuant to California Civil Code § 52.1 and California's Tort Claims Act (TCA), Cal. Gov't Code § 810 et seq., and is asserted against all Defendants.  It alleges the same violations of federal constitutional rights as the first cause of action.  It also alleges violations of the analogous rights conferred by the California Constitution.  And, as with the first cause of action, the claims of general constitutional violations in the second cause of action are re-asserted in more specific terms as individual causes of action elsewhere in the complaint, as discussed below. The second cause of action is therefore dismissed as redundant.

Plaintiff's fifth cause of action, like the fourth cause of action, is entitled, "False Arrest," but it is brought pursuant to § 52.1 rather than § 1983 or § 1985.  The Court construes this claim as alleging an unlawful seizure in violation of the Fourth

**United States District Court**
For the Northern District of California

Amendment and the California Constitution, based on Plaintiff's initial arrest.  Plaintiff's seventh cause of action, like his sixth cause of action, is entitled, "False Imprisonment" but, like the fifth cause of action, it is brought pursuant to § 52.1 rather than § 1983 or § 1985.  To the extent it is based on violations of Plaintiff's rights under the federal or California constitutions, the seventh cause of action is redundant of the fifth cause of action for the same reason that the sixth cause of action is redundant of the fourth cause of action.  The constitutional claims in the seventh cause of action are therefore dismissed.  However, the Court will also construe this cause of action as asserting a claim for the common law tort of false imprisonment.  This claim is not redundant, and the Court will not dismiss it on this basis.

Plaintiff's sixteenth cause of action for malicious prosecution, in addition to being brought pursuant to §§ 1983 and 1985, is also brought pursuant to § 52.1 and the TCA.  As with the §§ 1983 and 1985 claims, the Court will construe the § 52.1 claim as alleging malicious prosecution in violation of the Fourth Amendment.  This claim is not redundant and will not be dismissed. The Court will also construe this cause of action as asserting a claim for the common law tort of malicious prosecution.  This claim is not redundant either, and the Court will not dismiss it on this basis.

Plaintiff's eighth cause of action, entitled, "Violation of State of California Constitution Article I Section 13 by Presenting False Affidavit in Support of Arrest Warrant," is analogous to the ninth cause of action, except that it is brought pursuant to § 52.1 rather than § 1983.  As such, it is redundant of the fifth cause of

action for the same reason that the ninth cause of action is redundant of the fourth cause of action.  Accordingly, it is dismissed.

The claims dismissed in this section are dismissed with prejudice because they are inherently duplicative and Plaintiff faces no prejudice by their dismissal.

C.   Defamation

The County Defendants assert that Plaintiff's defamation claim against Defendant Cook should be dismissed because, although he alleges that Ms. Cook "published" a number of statements, the complaint does not specify which of those statements, if any, are false.  Although it may be inferred that Plaintiff asserts that Ms. Cook's statement that he is a murderer is not true, he does not do so explicitly, and it is not clear whether he asserts that the other statements are false.[6]  Accordingly, this claim is dismissed with leave to amend to specify that the statements are false.

D.   Intentional Infliction of Emotional Distress

Plaintiff's third cause of action bears the title, "Intentional/Negligent Infliction of Emotional Distress" and the subtitle, "Entitling relief under [California Government Code] § 810 et seq."  As noted above, the TCA is comprised of California Government Code § 810 <u>et seq.</u>  Because this cause of action does not allege violation of a specific statute, the Court construes it as asserting claims for the common law torts of intentional infliction of emotional distress and negligent infliction of emotional distress.

---

[6]The Court notes that it is accurate to say that Plaintiff was not "found innocent" -- he was, in fact, found not guilty.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

The last paragraph in the cause of action states that Plaintiff is entitled to compensation "and punitive damages under the California Tort Claims Act, [Cal. Gov't Code] § 810 et seq and the California Unruh Civil Rights Act, [Cal. Civ. Code] § 51 et seq and [Cal. Civ. Code] § 52 et seq." The County Defendants argue that the cause of action "improperly includes reference to the Civil Code sections, and their remedies, and as such is improperly pleaded." County Defs.' Mem. at 9. They ask that the Court dismiss the claim with leave to amend "to properly assert the cause of action as a common law tort." Id.

The fact that the third cause of action seeks civil penalties or punitive damages under the Unruh Act is not a basis for dismissing the entire claim. However, the County Defendants are correct that the special remedies provided by the Unruh Act are available only in connection with violations of the Act's provisions. See Cal. Civ. Code § 52. Plaintiff has not cited any authority for the proposition that he can rely on the Unruh Act to provide an additional remedy for a common law tort. The only case Plaintiff cites in support of his position, Los Angeles County Metropolitan Transportation Authority v. Superior Court, 123 Cal. App. 4th 261 (2004), does not address this issue; it addresses only whether the civil penalties ordinarily available under the Unruh Act may be recovered against a county defendant, notwithstanding California Government Code § 818's prohibition on the recovery of punitive damages against public entities. Accordingly, the Court strikes the references to the California Civil Code in ¶ 67 of the complaint.

E.   Assault and Battery

The caption of the complaint states that Plaintiff seeks damages for, among other things, assault and battery.  However, the body of the complaint does not contain a cause of action for assault and battery.  For this reason, the County Defendants ask that the Court strike the reference in the caption.  Plaintiff argues, "While it is true that there are no explicit allegations for 'assault and battery,' the allegations are implied."  Pl.'s Opp. to County Defs.' Mot. at 11.  However, there are no facts alleged in the complaint that support a claim for assault and battery.  And although Plaintiff purports to assert sixteen separate causes of action, none of them suggests that he intends to pursue a claim for assault and battery.  Accordingly, the Court strikes the caption's reference to assault and battery.  Plaintiff may amend the complaint to assert such a claim if he is able truthfully to do so.

F.   Claims against Defendant Martin

If a person knowingly or with reckless disregard for the truth includes material false statements or omits material facts in an affidavit submitted in support of a warrant application, he or she may be liable under § 1983 for a Fourth Amendment violation. Franks v. Delaware, 438 U.S. 154, 157 (1978); Butler v. Elle, 281 F.3d 1014, 1024-26 (9th Cir. 2002); Cassette v. King County, 2008 WL 1968765, at *2 (W.D. Wash. 2008).  To succeed on such a claim, a plaintiff must: 1) show that the affidavit "contained a false statement or omission that was deliberately false or made with reckless disregard for the truth"; and 2) "establish that 'without the dishonestly included or omitted information the affidavit is

United States District Court
For the Northern District of California

insufficient to establish probable cause.'"  Cassette, 2008 WL

1968765 at *2 (quoting Mendocino Envtl. Ctr. v. Mendocino County,

192 F.3d 1283, 1295 (9th Cir. 1999)).

The only allegation in the complaint against Defendant Martin

is that he drafted an affidavit that included a statement of

probable cause in support of the prosecution's application for a

search warrant.  Plaintiff maintains that the affidavit actually

failed to provide probable cause -- specifically, by failing to set

forth a nexus between the offense for which Plaintiff was arrested

and the locations to be searched.  Plaintiff has not, however,

identified a material false statement or an omission of material

fact in the affidavit, and thus has not stated a claim against Mr.

Martin.  Accordingly, the claims against Mr. Martin are dismissed.

Plaintiff may amend the complaint to include an adequate

factual basis for a Fourth Amendment claim against Mr. Martin if he

can truthfully do so.  Any amendment must allege that Mr. Martin

included a specific material false statement or omitted a specific

material fact in the warrant affidavit.

II.  Defendant Potts' Motion to Dismiss

Defendant Potts argues that the § 1983 claims against him

should be dismissed based on the statute of limitations.  He also

argues that the state law claims against him should be dismissed

because Plaintiff failed to file a timely administrative claim as

required by the TCA.  Finally, he argues that the allegations in

the complaint are too vague to put him on notice of the claims

United States District Court
For the Northern District of California

1  against him and their bases in fact.[7]

2       A.   Claims Under 42 U.S.C. § 1983

3            1.   Fourth Amendment Claims

4       Mr. Potts moves to dismiss Plaintiff's § 1983 claims against

5  him for Fourth Amendment violations because this lawsuit was not

6  filed within the applicable two-year limitations period.[8]   The

7  parties incorrectly assume that all of Plaintiff's Fourth Amendment

8  claims against Mr. Potts accrued on the same date.  As discussed

9  above, the Court construes the complaint as asserting Fourth

10  Amendment claims against Mr. Potts, as well as other Defendants,

11  under § 1983 both for false arrest and imprisonment and for

12  malicious prosecution, each of which constitutes a form of

13  unreasonable seizure.  A § 1983 claim for malicious prosecution,

14  however, "does not accrue until the plaintiff is acquitted, because

15  acquittal is an element of the claim." RK Ventures, Inc. v. City

16  of Seattle, 307 F.3d 1045, 1060 n.11 (9th Cir. 2002); see also

17  Albright, 510 U.S. at 280 (Ginsburg, J., concurring) ("Once it is

18  recognized . . . that Albright remained effectively 'seized' for

19  trial so long as the prosecution against him remained pending, and

20  that Oliver's testimony at the preliminary hearing, if deliberately

21  misleading, violated the Fourth Amendment by perpetuating the

22  _____

23       [7]Plaintiff does not dispute that the § 1983 claims against Mr.
   Potts in his official capacity are not viable.  Accordingly, these
24  claims are dismissed.

25       [8]Mr. Potts incorrectly assumes that the one-year period
   applicable to false imprisonment tort claims applies to Plaintiff's
26  § 1983 claim for unlawful arrest and imprisonment.  In fact, the
   two-year limitations period applicable to general personal injury
27  actions applies to this claim.  See Owens v. Okure, 488 U.S. 235,
   249-250 (1989); McDougal v. County of Imperial, 942 F.2d 668, 672
28  (9th Cir. 1991); Greene v. Bloom, 2008 WL 1882800, at *7-*9 (E.D.
   Cal.); Cal. Civ. Proc. Code § 335.1.

seizure, then the limitations period should have a different

trigger [than Albright's arrest].  The time to file the § 1983

[malicious prosecution] action should begin to run not at the

start, but at the end of the episode in suit, _i.e._, upon dismissal

of the criminal charges against Albright.").  Because Plaintiff was

not acquitted until September 29, 2006 and filed this action on

August 20, 2007, the claim may be timely.[9]  Accordingly, it will

not be dismissed as barred by the statute of limitations.

As for Plaintiff's § 1983 claim against Mr. Potts for false

arrest and imprisonment, he maintains that he did not discover Mr.

Potts' allegedly unconstitutional conduct until January 27, 2004,

when he learned of a "letter from Potts to Assistant District

Attorney Greg Jacobs, which stated that he did not perform the

forensic analysis on the paint sample, which he testified he did

perform during the preliminary hearing in the underlying criminal

matter."  Pl.'s Supp. Br. at 5.  Because, under federal law, a

claim "accrues when a party knows or has reason to know of the

injury which is the basis of the cause of action," Kimes v. Stone,

84 F.3d 1121, 1128 (9th Cir. 1996) (internal quotation marks

omitted), Plaintiff argues that this claim accrued on January 27,

_____

[9]Mr. Potts notes that, as discussed above, on June 14, 2004,
the court granted Plaintiff's motion to dismiss the case against
him, due to Mr. Potts' alleged misrepresentations at the
preliminary hearing.  However, a new complaint was filed the next
day and the case eventually proceeded to trial.  The Court cannot
determine at this early stage of the litigation whether, based on
these events, Plaintiff's Fourth Amendment malicious prosecution
claim against Mr. Potts might have accrued when his case was
dismissed in 2004 rather than when he was acquitted in 2006.
However, Mr. Potts may, if he wishes, re-visit this issue in a
motion for summary judgment.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

2004.[10]

Further, Plaintiff points out that California law provides that, if a cause of action accrues while an individual is imprisoned on criminal charges, the limitations period is tolled for up to two years. See Cal. Civ. Proc. Code § 352.1(a). Accordingly, Plaintiff argues, the limitations period for his Fourth Amendment false arrest claim was tolled for two years, until January 27, 2006. He therefore asserts that he had until January 27, 2008 to file this lawsuit.

At oral argument, Mr. Potts conceded that Plaintiff's claim would not be time-barred if his allegations concerning the date on which he learned of the conduct giving rise to it are true. However, these allegations appear nowhere in the complaint and are not supported by a declaration; they are contained solely in Plaintiff's sur-reply. They therefore may not be considered on this motion. The latest date specified in the complaint on which Mr. Potts is alleged to have been involved in Plaintiff's prosecution is in 2002. See Compl. ¶¶ 21, 32. Thus, based on the allegations in the complaint, it appears that the Fourth Amendment false arrest claim is barred by the statute of limitations.

Plaintiff also argues that the limitations period for his

_____

[10]In Wallace v. Kato, __ U.S. __, 127 S. Ct 1091 (2007), the Supreme Court held that a Fourth Amendment claim for unlawful arrest, where the arrest is followed by criminal proceedings, accrues at the time the plaintiff is detained pursuant to legal process -- "when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 1096. Wallace is distinguishable, however, because there was no delay in the plaintiff's discovery of the conduct that gave rise to his cause of action. The Court need not determine whether Wallace is also distinguishable because, unlike the present case, it involved a claim of unlawful arrest without process of any kind.

false arrest and imprisonment claim was tolled, not merely for two

years, but until he was acquitted.   In support of this argument, he

relies on § 945.3 of the California Government Code, which provides

in part:

> No person charged by indictment, information, complaint,
> or other accusatory pleading charging a criminal offense
> may bring a civil action for money or damages against a
> peace officer or the public entity employing a peace
> officer based upon conduct of the peace officer relating
> to the offense for which the accused is charged,
> including an act or omission in investigating or
> reporting the offense or arresting or detaining the
> accused, while the charges against the accused are
> pending before a superior court.
>
> Any applicable statute of limitations for filing and
> prosecuting these actions shall be tolled during the
> period that the charges are pending before a superior
> court.

This statute, however, applies only to claims against peace

officers.   Mr. Potts argues that, as a criminalist for the

California Department of Justice, he is not a peace officer.

The definition of a peace officer is the subject of Part 2,

Title 3, Chapter 4.5 of the California Penal Code.   It does not

appear that a criminalist is a peace officer pursuant to the terms

of that chapter, nor are there any other facts in the complaint to

support the conclusion that Mr. Potts is a peace officer.[11]

Accordingly, Plaintiff's § 1983 claim against Mr. Potts for

false arrest and imprisonment in violation of the Fourth Amendment

is dismissed.   Plaintiff may amend the complaint if he can

---

[11]Plaintiff alleges that Mr. Potts, despite his title of
criminalist, is essentially an investigator for the Department of
Justice, a position which falls within the statutory definition of
a peace officer.   However, the complaint contains few specifics
about Mr. Potts' involvement in Plaintiff's prosecution, and
nothing in the complaint suggests that Mr. Potts served as an
investigator.

truthfully add facts sufficient to show that his cause of action did not accrue until January 27, 2004 and was tolled for two years, or that Mr. Potts is a peace officer within the meaning of the California Penal Code, or both.

2.    Due Process

It is not clear from the complaint whether, in addition to the § 1983 claims against Mr. Potts for false arrest and imprisonment and for malicious prosecution in violation of the Fourth Amendment, Plaintiff also intends to assert a § 1983 claim against him on some other basis.    The complaint suggests that Plaintiff intends to pursue either a procedural or substantive due process claim against Mr. Potts.    However, in <u>Albright</u>, 510 U.S. 266, Chief Justice Rehnquist, writing for a plurality of the Court, stated that, although prosecution without probable cause may be actionable under § 1983 if it is accompanied by incarceration or some other palpable consequence, such a claim must be treated as flowing from a violation of the Fourth Amendment right against unreasonable seizure, rather than from the Fifth Amendment's guarantee of substantive due process.

Plaintiff makes a § 1983 claim for violation of the Fourth Amendment, subject to the discussion above.    There appears to be no factual basis for a procedural due process claim against Mr. Potts.[12]    Thus, there are apparently no additional § 1983 claims against him.    Plaintiff may, however, amend the complaint if he wishes to assert a § 1983 claim against Mr. Potts on some other

---

[12]To the extent the twelfth cause of action purports to assert a procedural due process claim against Mr. Potts, it is dismissed as lacking factual support in the complaint.

United States District Court
For the Northern District of California

1   basis.

2       B.   Claims Under California Government Code § 52.1

3       The TCA includes a requirement that "one who sues a public

4   employee on the basis of acts or omissions in the scope of the

5   defendant's employment [must] have filed a claim against the

6   public-entity employer." Briggs v. Lawrence, 230 Cal. App. 3d 605,

7   613 (1991); Cal. Gov't Code § 950.2.  The Act provides in relevant

8   part, "A claim relating to a cause of action for death or for

9   injury to person . . . shall be presented . . . not later than six

10  months after the accrual of the cause of action." Cal. Gov't Code

11  § 911.2(a).

12      When a claim that is required to be presented within six

13  months "is not presented within such time, a written application

14  may be made to the public entity for leave to present such claim."

15  Id. § 911.4(a).  This application "shall be presented to the public

16  entity . . . within a reasonable time not to exceed one year after

17  the accrual of the cause of action and shall state the reason for

18  the delay in presenting the claim.  The proposed claim shall be

19  attached to the application." Id. § 911.4(b) (emphasis added).

20      If a late-claim application is denied, the claimant may

21  petition the superior court for relief from the claim requirements.

22  Id. § 946.6(a).  The TCA provides that the court "shall relieve the

23  petitioner" from the claim-presentation requirements if it finds,

24  among other things, that the application for late filing "was made

25  within a reasonable time not to exceed that specified in

26  subdivision (b) of Section 911.4," i.e., one year.  Id. § 946.6(c).

27  However, "[f]iling a late-claim application within one year after

28  the accrual of a cause of action is a jurisdictional prerequisite

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

to a claim-relief petition," and "[w]hen the underlying application to file a late claim is filed more than one year after the accrual of the cause of action, the court is without jurisdiction to grant relief." Munoz v. State, 33 Cal. App. 4th 1767, 1779 (1995).

Mr. Potts argues that the claims against him based on violations of California Government Code § 52.1 and state common law should be dismissed because Plaintiff did not file an administrative claim within six months of the accrual of his causes of action. Again, however, Mr. Potts incorrectly assumes that all of Plaintiff's claims accrued at the same time. Plaintiff's claim for the common law tort of malicious prosecution and its constitutional analog may not have accrued until he was acquitted on September 29, 2006. See RK Ventures, 307 F.3d at 1060 n.11; Scannell v. County of Riverside, 152 Cal. App. 3d 596 (1984) (state law tort of malicious prosecution does not accrue until "the time of entry of judgment of the underlying action in the trial court"). He filed an administrative claim with the California Victim Compensation and Government Claims Board (the Board) on March 6, 2007, within the six-month deadline for that cause of action. Therefore, failure to file a timely claim with the Board cannot serve as a basis for dismissing Plaintiff's state law claims for malicious prosecution.

Plaintiff's claims for the common law tort of false imprisonment and its constitutional analog, and for the common law torts of intentional and negligent infliction of emotional distress, are subject to a different analysis. For the purposes of this motion, the Court will consider Plaintiff's allegation that he became aware of the conduct giving rise to these claims on January

22

27, 2004.   Taking this as the date on which these claims accrued, Plaintiff was required to file an administrative claim by July 27, 2004.[13]   As stated above, Plaintiff did not file his claim with the Board until March 6, 2007.   The Board denied the claim, which Plaintiff had presented along with an application for leave to file after the six-month deadline.   The Board stated:

> We have reviewed your claim and determined that the [Board] has no jurisdiction to consider the claim for the following reason(s):
>
> Your claim was filed more than one year from the date of the incident that is the basis of the claim, and it is too late for the Board to consider an application to present a late claim.
>
> The [Board] will take no further action on this claim.

Def. Potts' Req. for Judicial Notice Ex. B.

Although Plaintiff has filed a petition in the superior court seeking relief from the claims-presentation deadline, he has not refuted Mr. Potts' argument that such relief is precluded as a matter of law because Plaintiff's claim was filed more than one year after these causes of action accrued.   Accordingly, the pendency of those proceedings does not provide a basis for concluding that Plaintiff may be able to satisfy the TCA's

---

[13]In his sur-reply, Plaintiff notes that the prosecution identified Mr. Potts as a proposed witness in a court document dated June 30, 2006.   According to Plaintiff, this demonstrates that Mr. Potts was "involved in the continuing prosecution" and therefore committed "the re-occurring torts of false imprisonment, negligent infliction of emotional distress and violations of civil rights."   Pl.'s Supp. Br. at 2.   However, the complaint does not allege any conduct on Mr. Potts' part subsequent to his initial involvement in the prosecution, and his inclusion in the witness list does not itself suggest his involvement in any tort or constitutional violation.   Plaintiff does not claim that Mr. Potts actually testified at his trial.

United States District Court
For the Northern District of California

requirements.[14]

Nor may Plaintiff rely on the provision of the Code of Civil Procedure that tolls a cause of action for up to two years while the would-be plaintiff is in prison.  That provision specifies that it "does not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented in accordance with [the TCA]."  Cal. Civ. Proc. Code § 352.1(b).

Plaintiff argues that Mr. Potts has waived the defense of Plaintiff's failure to file a claim within the period specified in the TCA.  In support of this position, he relies on § 911.3 of the Government Code.  Section 911.3(a) provides that, when "a claim that is required . . . to be presented not later than six months after accrual of the cause of action is presented after such time without the application [for leave to present a late claim] provided in Section 911.4," the Board may "give written notice to the person presenting the claim that the claim was not filed timely and that it is being returned without further action."  Section 911.3(a) goes on to specify the form that such notice must take. Section 911.3(b), in turn, provides, "Any defense as to the time limit for presenting a claim described in subdivision (a) is waived by failure to give the notice set forth in subdivision (a) within 45 days after the claim is presented . . . ."

It is undisputed that the notice the Board provided Plaintiff was not in the form specified in § 911.3(a).  However, even if § 911.3(b) gave a public entity, by virtue of its own error, the

United States District Court
For the Northern District of California

---

[14]If the superior court grants Plaintiff's requested relief, he may seek to amend the complaint to add the relevant claims.

power to waive a timeliness defense on behalf of a government employee sued in his or her individual capacity, by its own terms the section applies only to claims that are filed after the six-month deadline and are presented "without the application [for leave to present a late claim] provided in Section 911.4."  It is clear that Plaintiff did file with his claim an application for leave to file after the deadline.  See Def. Potts' Req. for Judicial Notice Ex. B.  Accordingly, § 911.3 did not apply. Instead, § 911.8, which specifies a different form of notice that must be provided if an application to present a late claim is denied, governed the Board's response to Plaintiff's claim.

Unlike § 911.3, § 911.8 does not contain a waiver provision. Therefore, even though the Board does not appear to have complied with the form of notice mandated by § 911.8, the content of the Board's rejection letter does not support Plaintiff's waiver argument.

Plaintiff advances his waiver argument on a second ground.  He notes that, in addition to filing a claim with the State Board, he also filed a claim with the Sonoma County Board of Supervisors. The complaint alleges that Mr. Potts was serving as an agent of both the State of California and the County of Sonoma at the time he authored the allegedly false report and gave the allegedly false testimony.  Therefore, Plaintiff argues, the claim filed with Sonoma County satisfied the TCA's requirements, even if the claim filed with the State did not.

Plaintiff has submitted a copy of his claim with the Sonoma County Board of Supervisors.  It demonstrates that he named Mr. Potts among the members of the prosecution team whose acts gave

**United States District Court**
For the Northern District of California

rise to his claim.  See Pl.'s Req. for Judicial Notice Ex. 2 at 3.
Plaintiff apparently did not submit in connection with this claim
an application for leave to file after the six-month deadline.  The
County rejected the claim without explanation.  Id. Ex. 3.  Because
it did not supply notice in the form required by § 911.3(a),
Plaintiff argues, it waived Mr. Potts' timeliness defense.

The Court is not persuaded that, under the circumstances here,
the County's apparent failure to comply with § 911.3(a) should
preclude Mr. Potts from raising Plaintiff's late filing as a
defense.  Even if a public entity could waive a defense on behalf
of an employee sued in his or her individual capacity, Mr. Potts is
not employed by the County of Sonoma; he is employed by the State
of California.  The chapter of the TCA addressing actions against
public employees is replete with references to administrative
claims filed with the "employing public entity."  See Cal. Gov't
Code §§ 950-950.8.  Plaintiff has cited no authority for the
proposition that, in a lawsuit against a public employee, a claim
filed with a public entity that does not employ the defendant can
serve to satisfy the TCA's requirements.

For these reasons, Plaintiff's § 52.1 claim against Mr. Potts
for false arrest and imprisonment in violation of the Fourth
Amendment, as well as his claims against Mr. Potts for the common
law torts of false imprisonment and negligent and intentional
infliction of emotional distress, are dismissed.  Plaintiff is
given leave to amend the complaint if he can truthfully allege
additional facts sufficient to conclude that these claims are not
barred by his failure to file an administrative claim with the
State Board within six months from the date of their accrual.

C.   Sufficiency of the Allegations in the Complaint

Mr. Potts argues generally that the complaint fails to contain allegations sufficiently specific to put him on notice of the claims against him.  He is correct in asserting that the factual allegations in the complaint are sparse.  The complaint does not specify what Mr. Potts' allegedly false statements were or how they were false.  Accordingly, the complaint is not sufficient to put Mr. Potts on notice of what he is alleged to have done and how those acts gave rise to civil liability.

The vagueness of the allegations against Mr. Potts provides an independent basis for dismissing the claims against him.  Thus, the claims against Mr. Potts which have not already been dismissed above are dismissed.  Plaintiff is given leave to amend the complaint to include non-conclusory allegations sufficient to comply with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

CONCLUSION

For the foregoing reasons, the County Defendants' motion to dismiss (Docket No. 21) is GRANTED IN PART and DENIED IN PART. Plaintiff's first, second, sixth, eighth and ninth claims are dismissed with prejudice as redundant, as are the constitutional claims in the seventh cause of action.  The references to the California Civil Code in ¶ 67 of the complaint are stricken, as is the reference to assault and battery in the caption.  Plaintiff may amend the complaint to add a claim for assault and battery, but he must specify the factual basis for any such claim.  All claims against Defendant Martin are also dismissed with leave to amend to specify a basis in fact.

27

1       Defendant Potts' motion to dismiss (Docket No. 32) is GRANTED.

2   Plaintiff may, if he wishes, amend the complaint to cure the

3   deficiencies in his claims against Mr. Potts, as detailed above.

4       If Plaintiff chooses to file a third amended complaint, those

5   claims which he re-asserts must be plead in conformity with the

6   Court's construction of them, as specified above.

7       Any third amended complaint must be filed within twenty days

8   from the date of this order.  If Plaintiff does not file a third

9   amended complaint, the dismissed claims will be dismissed with

10  prejudice and the remaining Defendants will be required to file a

11  responsive pleading within thirty days from the date of this order.

12      IT IS SO ORDERED.

13

14  Dated: 7/1/08                   _____

15                                  CLAUDIA WILKEN
                                    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28