1    EDMUND G. BROWN JR.
     Attorney General of the State of California
2    PAUL T. HAMMERNESS
     Supervising Deputy Attorney General
3    JOHN P. DEVINE, State Bar No. 170773
     Deputy Attorney General
4      455 Golden Gate Avenue, Suite 11000
       San Francisco, CA  94102-7004
5      Telephone:  (415) 703-5522
       Fax:  (415) 703-5480
6      Email:  John.Devine@doj.ca.gov

7    Attorneys for Defendant Michael Potts

8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                        OAKLAND CIVIL DIVISION

12

| | |
|---|---|
| 13  ZACHARIAH JUDSON RUTLEDGE, | Case No.  C 07-04274-CW |
| 14 | DEFENDANT MICHAEL POTTS' NOTICE OF MOTION, AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT & MOTION FOR MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
| 15              Plaintiff, | |
| 16      v. | |
| 17 | |
| 18 | |
| 19  COUNTY OF SONOMA, | Date:  September 16, 2008 |
| 20 | Time:  2:00 p.m. |
| 21              Defendants. | Courtroom:  2 (4th Floor) |
| | Judge:  Hon. Claudia Wilken |

22

23    TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

24        PLEASE TAKE NOTICE that on Tuesday, September 16, 2008,1 at 2:00 p.m., or as soon

25    thereafter as the matter may be heard before the Honorable Claudia Wilken, United States

26    District Judge, in Courtroom 2 of the above-entitled court, located at the Federal Building, 1301

27    Clay Street, Oakland, California, defendant Michael Potts will and hereby does move this Court

28    to dismiss this action in accordance with 12(b)(1) & (6) of the Federal Rules of Civil Procedure,

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.                    Rutledge v. Co. of Sonoma, et al.
                                                                                 C 07-04274-CW

1

on the ground that plaintiff's third amended complaint is barred due to a lack of subject-matter jurisdiction and failure to state a claim against defendant upon which relief can be granted, in that:

1.    The claims for relief based upon state law (*i.e.*, 1st, 3rd, 4th, 5th, 9th, and 12th) are barred because plaintiff failed to file a timely "claim" with the State of California's Victim Compensation and Government Claims Board, which is a condition precedent to filing a lawsuit against a public employee;

2.    The claim for relief based upon federal law for false imprisonment and false arrest (*i.e.*, 2nd) is barred by the applicable statute of limitations;

3.    The claim for relief for malicious prosecution (*i.e*, 12th), purportedly based upon federal and state law, is barred by the applicable statute of limitation and a state law immunity; and

4.    The claims for relief for conspiracy and malicious prosecution (*i.e.*, 7th and 12th) are precluded because they do allege sufficient facts.

Further, defendant Michael Potts will and hereby does again move this Court, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, for a more definite statement in plaintiff's third amended complaint because the indefiniteness of the allegations again deprive him of the opportunity to frame a responsive pleading.

Wherefore, defendant Michael Potts prays that his motion to dismiss be granted, and that plaintiff's third amended complaint be dismissed with prejudice as to him.  Alternatively, defendant Michael Potts prays that his motion for a more definite statement be granted as to any claims for relief not dismissed, so that he can frame a responsive pleading.

These motions are and shall be based upon these notices of motions, along with the motion to dismiss and the motion for a more definite statement, the accompanying memorandum of points and authorities, the request for judicial notice, the pleadings and papers on file herein, and such oral and written material as may be presented at the hearing of this motion.

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.                              Rutledge v. Co. of Sonoma, et al.
                                                                                                                       C 07-04274-CW

2

1        Dated:  August 12, 2008.

2                                    Respectfully submitted,

3                                    EDMUND G. BROWN JR.
                                     Attorney General of the State of California

4

5

6                                    s/s/ John P. Devine
                                     JOHN P. DEVINE
7                                    Deputy Attorney General

8                                    Attorneys for Defendant Michael Potts

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.        Rutledge v. Co. of Sonoma, et al.
                                                                         C 07-04274-CW

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

### A.  Nature Of This Action; Plaintiff's Claims

This lawsuit regards monetary damages sought by plaintiff Zachariah Rutledge ("Rutledge"), who was previously prosecuted for two murders in the Superior Court of California, County of Sonoma.

On June 6, 2002, Rutledge was arraigned on two counts of homicide and one count of burglary (*i.e.*, Cal. Penal Code §§ 187(a) & 459).  *People v. Zachariah Judson Rutledge - Superior Court of California, County of Sonoma - Case No. MCR 398506* (Request for Judicial Notice "RJN" Ex. A, page 2).

A month earlier, on May 8, 2002, Rutledge had been arrested in accordance with a warrant for two murders, which had occurred in 1998, and his house was concurrently searched. (Pl. 3rd Am. Compl. ¶¶ 20-21).[1]

On March 8, 2004, Rutledge's counsel J. David Nick filed a motion to dismiss the Information based upon alleged misrepresentations made by criminalist Michael Potts during his testimony at the preliminary hearing.  (RJN Ex. A, pages 13-14).  The motion to dismiss was denied by Judge Ballinger on April 14, 2004.

On May 19, 2004, Rutledge renewed his motion to dismiss the Information again based upon the purported misrepresentations made by criminalist Michael Potts. (RJN Ex. A, page 23). After this same date – May 19, 2004 – no allegations are made in the third amended complaint that criminalist Michael Potts actually participated or testified in further criminal proceedings against Rutledge. (Pl. 3rd Am. Compl. ¶61; *Cf.* "On June 30, 2006, Chief Deputy District Attorney Diana E. Gomez submitted People's Proposed Witness List for trial. . ." that included

---

1.  While plaintiff's third amended complaint provides an abbreviated procedural history of the criminal lawsuit against him, many of the averments lack specificity.  For instance, the dates for the occurrence of different events or actions are omitted.  Since these dates are critical to the ability of plaintiff to maintain his current lawsuit (*e.g.*, the timeliness of plaintiff's various claims for relief), the salient dates – as they directly relate to these motions to dismiss and motion for more definite statement – are provided.

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.                    Rutledge v. Co. of Sonoma, et al.
C 07-04274-CW

4

1    among others "Mike Potts." Pl. 3rd Am. Compl. ¶ 68).

2        On June 14, 2004, Judge Ballinger granted Rutledge's renewed motion to dismiss the

3    Information.  The court records stated the following:

4            Court GRANTS Defense Motion to DISMISS
             Court orders that Defendant be released FORTHWITH
5            995 PC Motion Granted
             Case Dismissed

6

7     (RJN Ex. A, page 32).

8    The plaintiff's third amended complaint also acknowledged the dismissal of the criminal lawsuit.

9    (See plaintiff's third amended complaint ¶ 1, "At one point, the underlying criminal matter was

10   dismissed after a state criminalist admitted that he gave false testimony about the prosecution's

11   key evidence and laboratory test during a preliminary hearing.")

12       As a consequence of the Court's actions, every one of the allegations in this lawsuit against

13   criminalist Michael Potts pertain to criminal proceedings that were dismissed on June 14, 2004.

14       On June 15, 2004, an entirely new criminal complaint was filed against Rutledge that again

15   charged him with two counts of homicide and one count of burglary. *People v. Zachariah Judson*

16   *Rutledge* - Superior Court of California, County of Sonoma - Case No. MCR 443363; see also

17   plaintiff's third amended complaint ¶1 "Nonetheless, prosecutors re-filed the charges and the

18   case reached trial.").  At no point did criminalist Michael Potts ever participate or testify in this

19   subsequent criminal action against Rutledge.

20       Ultimately, on September 29, 2006, a jury determined that Rutledge was not guilty of the

21   criminal charges filed against him in the subsequent criminal action, and the Court ordered his

22   release from custody.

23       On August 20, 2007, Rutledge filed this lawsuit against eight individuals, as well as the

24   County of Sonoma, the Sonoma County Sheriff's Department, and the Sonoma County District

25   Attorney's Office.

26       As previously mentioned, twelve separate claims for relief comprise plaintiff's third

27   amended complaint.  Eight of these twelve claims for relief are made against criminalist Michael

28   Potts (*i.e*, 1st - Intentional/Negligent Infliction of Emotional Distress;  2nd - False Arrest and False

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.          Rutledge v. Co. of Sonoma, et al.
                                                                        C 07-04274-CW

1   Imprisonment  (42 U.S.C. §1983);  3rd  - False Arrest (Cal. Govt. Code § 810 et seq.);  4th - False

2   Imprisonment (Cal.Govt. Code §810 et seq.);  5th - False Imprisonment (Cal.Govt. Code §810 et

3   seq.);  7th - Conspiracy;  9th - Denial of Fair Trial (Cal. Govt. Code § 810 et seq.); and 12th -

4   Malicious Prosecution).

5       The dilatory manner in bringing these claims for relief against defendant Michael Potts

6   obviates the need to review their substance in more detail.  Instead, focus is placed straight on

7   the intractable procedural barriers that are created by the untimeliness of this lawsuit, which

8   necessitates the dismissal of the claims for relief against defendant Michael Potts.

9       **B.  Grounds for these Motions**

10      Several procedural impediments prevent the inclusion of defendant Michael Potts in this

11  lawsuit.  Somewhat startlingly, the allegations in plaintiff's third amended complaint – especially

12  in the pertinent claims for relief against defendant Michael Potts – are identical to those already

13  made in his second amended complaint.   Accordingly, the same impediments that previously led

14  this Court to dismiss plaintiff's second amended complaint are again present in his third

15  amended complaint.

16      Defendant Potts' prior motion to dismiss the plaintiff's second amended complaint

17  generally asserted that California law requires that a person file a "claim" with the relevant

18  public agency that employs the individual.  (Cal. Gov. Code §950.2).  The specific contours and

19  requirements of California's law were outlined in the motion and in subsequent pleadings.  After

20  a hearing on the matter, the Court dismissed plaintiff's state law claims against ". . .Mr. Potts for

21  false arrest and imprisonment in violation of the Fourth Amendment, as well as his claims

22  against Mr. Potts for the common law torts of false imprisonment and negligent and intentional

23  infliction of emotional distress. . . ." (Order Granting Defendant Potts' Motion to Dismiss

24  "Order" p. 26, lines 20-24).  The Court provided plaintiff an opportunity to amend the complaint

25  ". . . if he can truthfully allege additional facts sufficient to conclude that these claims are not

26  barred by his failure to file an administrative claims with the State Board with six months from

27  the date of their accrual." (Order p. 26, lines 25-28).  Despite this opportunity, plaintiff's counsel

28  failed to do so.  Instead of alleging any additional facts in the third amended complaint,

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.                     Rutledge v. Co. of Sonoma, et al.
                                                                                        C 07-04274-CW

1   plaintiff's counsel repeated exactly the same allegations in the second amended complaint.[2]  As

2   a result of this failure, plaintiff's state law claims for relief in his third amended complaint

3   against defendant Michael Potts (*i.e.*, 1st, 3rd, 4th, 5th, and 9th) are barred.

4        Secondly, the statute of limitations regarding a claim for relief for false arrest or false

5   imprisonment accrues once the individual is bound over by a magistrate or arraigned on charges.

6   (See *Wallace v. Kato*, __ U.S. __, 127 S.Ct. 1091 (2007); see also *Matthews v. Macanas*, 990

7   F.2d 467, 469 (9th Cir. 1993), "Where false arrest or illegal search and seizure is alleged, the

8   claim accrues from the date of the wrongful act.").  Plaintiff's arraignment on criminal charges

9   initially took place on June 6, 2002. (RJN Ex. A, page 2). At that point, the time for a cause of

10   action for false arrest or false imprisonment, which must be brought within one year of the date

11   of the accrual, started to run.[3]  Although this one year period could have been tolled for up to

12   two years because of plaintiff's imprisonment in the Sonoma County Jail, plaintiff still would

13   have needed to bring any causes of action alleging false arrest and false imprisonment under 42

14   U.S.C. section 1983 (*i.e.*, plaintiff's 2nd claim for relief) by June 6, 2005.  Since this was not

15   done,  plaintiff's federal law claims for relief based upon his alleged false arrest or false

16   imprisonment ought to be dismissed with prejudice.

17

---

18       2.  "PLAINTIFF filed timely claims for damages with both COUNTY and the State of

19 California, which possess jurisdiction over all defendants.  Said claims were subsequently denied and the complaint filed in this case was filed within a six-month period after the denials." (Pl. 3rd

20 Am. Compl. ¶ 90). As mentioned, this averment repeats verbatim the one in plaintiff's prior complaint, which was dismissed by this Court. "PLAINTIFF filed timely claims for damages with

21 both COUNTY and the State of California, which possess jurisdiction over all defendants.  Said claims were subsequently denied and the complaint filed in this case was filed within a six-month

22 period after the denials." (Pl. 2nd Am. Compl. ¶49).

23

24       3.  In 2002, the California Legislature enlarged to two years the statute of limitations for personal injury and wrongful death claims.  Cal. Code Civ. Proc.§ 335.1 (added by Stats. 2002, ch.

25 448 § 2 (S.B. 688) (West Supp. 2003).  Previously, the period of limitations for such claims was one year.  Cal. Code Civ. Proc. § 340(3) (amended by Stats. 1982 ch. 517, p. 2334, § 97; Stats. 2002, ch.

26 448 (S.B. 688), § 3) (West 1982).  The effective date of the new legislation was  January 1, 2003. The two year limitation was not retroactive, except for claims that arose from the September 11,

27 2001, terrorism attack, and it does not apply to acts or omissions occurring, or causes of action accruing, before the effective date of the statute.  *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir.

28 2004).

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.                    Rutledge v. Co. of Sonoma, et al.
C 07-04274-CW

7

1    Additionally, regarding plaintiff's twelfth claim for relief for malicious prosecution –

2    partially based upon state law – public employees acting within the scope of employment are

3    personally immune from liability for the prosecution of judicial or administrative proceedings

4    even if they act maliciously and without probable cause.  (Cal. Government Code §821.6).

5    Regarding the twelfth claim for relief for malicious prosecution based upon federal law, with a

6    lone exception, plaintiff's allegations mirror those that he made in his second amended

7    complaint.  (*Cf.* Pl. 2nd Am. Compl. ¶¶ 156 - 160 & Pl. 3rd Am. Compl.¶¶ 204-209).  The lone

8    exception is the following allegation: "The constitutional violations alleged herein were made

9    under color of law and was [sic] accomplished by the use of threats, intimidation, or coercion."

10   (Pl. 3rd Amend. Cmplt. ¶ 205).  But this single new allegation with respect to malicious

11   prosecution impermissibly incorporates claims based on procedural due process.  (See 3rd Am.

12   Compl. ¶ 3 - "This action arises under the First, Fourth, Fifth, and Fourteenth Amendments to

13   the Constitution of the United States."; see also 3rd Am. Compl. ¶ 8). This allegation contravenes

14   not only this Court's prior Order, but also well-established case law. (Order p. 20, line 5 - p.21,

15   line 1;  *Albright v. Oliver*, 510 U.S. 266 (1994).

16   Finally, defendant Michael Potts seeks the dismissal or a more definite statement regarding

17   the remaining federal claims for relief  that are vaguely pled against him (*i.e.*, 7th  and 12th ).  For

18   instance, plaintiff's seventh claim for relief for conspiracy does so without the requisite detail.

19   (*Johnson v. State of California*, 207 F.3d 650 (9th Cir. 2000), appeal after remand 321 F.3d 791

20   (9th 2003)).  Indeed, plaintiff's claim for relief for conspiracy in the third amended is identical to

21   his claim for relief for conspiracy in his seconded amended complaint, which was previously

22   dismissed by this Court. (*Cf.* Pl. 2nd Am. Compl. ¶¶ 132-138 & Pl. 3rd Am. Compl. ¶¶ 175-181).

23   Further, plaintiff's twelfth claims for relief contains only vague allegations, in part related to

24   substantive due process rights, which cannot form the basis for a §1983 malicious prosecution

25   action.

26   For these reasons, all the various claims for relief against defendant Michael Potts ought to

27   be dismissed.

28   ///

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.                    Rutledge v. Co. of Sonoma, et al.
                                                                                 C 07-04274-CW

8

1
**ARGUMENT**

2
**I**

3
**PLAINTIFF'S FAILURE TO FILE A STATUTORILY MANDATED**
**"CLAIM" WITH THE CALIFORNIA VICTIM COMPENSATION**

4
**AND GOVERNMENT CLAIMS BOARD – A CONDITION**
**PRECEDENT TO ANY LAWSUIT AGAINST A PUBLIC EMPLOYEE**

5
**BASED UPON STATE LAW – BARS ALL OF HIS STATE LAW**
**CLAIMS FOR RELIEF IN THIS LAWSUIT**

6

7    Plaintiff's third amended complaint contains six separate claims for relief for monetary

8    damages based upon state law.  They are as follows:

9           1.    First Cause of Action - Intentional/Negligent Infliction of Emotional

10                Distress - Entitling Relief under CGC § 810 et seq.

11          2.    Third Cause of Action - False Arrest - Entitling Relief Under CGC § 810 et

12                seq, CCC § 51 et seq and CCC § 52 et seq.

13          3.    Fourth Cause of Action - False Imprisonment - Entitling Relief Under CGC §

14                810 et seq, CCC § 51 et seq and CCC § 52 et seq.

15          4.    Fifth Cause of Action - False Imprisonment - Entitling Relief Under CGC §

16                810 et seq, CCC § 51 et seq and CCC § 52 et seq.

17          5.    Ninth Cause of Action - Violation of Constitutional Rights, To Wit:  Denial

18                of A Fair Trial and Denial of Due Process - Entitling Relief Under CGC § 810 et

19                seq, CCC § 51 et seq and CCC § 52 et seq.

20          6.    Twelfth Cause of Action - Malicious Prosecution - Entitling Relief Under CGC

21                § 810 et seq, CCC § 51 et seq and CCC § 52 et seq.

22    As raised by defendant Michael Potts in his previous motion to dismiss, a claim for relief

23    for damages against a State of California government entity or government employee is barred

24    unless a "claim" was timely submitted to, and was rejected by, the Victim Compensation and

25    Government Claims Board.  (Cal. Gov. Code §§ 900.2, 911.2, 945.4, 950.2; *Blair v. Superior*

26    *Court* (1990) 218 Cal.App.3d 221, 223). The filing of a "claim" is a condition precedent to the

27    maintenance of an action under state law and an integral part of the cause of action.  (*Karim-*

28    *Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 627 (9th Cir.1988) (construing California

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.          Rutledge v. Co. of Sonoma, et al.
                                                                                        C 07-04274-CW

9

1   law); *Williams v. Horvath*, 16 Cal.3d 834, 842 (1976 )).  Indeed, the Ninth Circuit has held that

2   California Government Code section 911.2,[4/] which sets forth the time limits for presenting a

3   "claim," does not create a mere procedural requirement, but instead provides elements of, and

4   conditions precedent to, plaintiff's state claims.  (*Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.

5   1969)).  More specifically, California Government Code section 950.2 mandates that "'a cause

6   of action against a public employee . . . for injury resulting from an act or omission in the scope

7   of his employment as a public employee is barred' unless a timely claim has been filed against

8   the employing public entity."[5/]  (*Fowler v. Howell*, 42 Cal.App.4th 1746, 1750 (1996)).

9      **A.   Despite The Court Previously Dismissing With Leave To Amend All The State**
        **Law Causes of Action For Failure To File A Timely Claim, Plaintiff's Counsel**
10      **Has Made Exactly The Same Averments In This Complaint As Those In The**
        **Already Dismissed Complaint**

11

12      In the Court's prior Order dated July 1, 2008, dismissing all of the state law related claims

13  for relief in plaintiff's second amended complaint – except the one related to malicious

14  prosecution –  this Court fully explicated the relevant provisions of the California Tort Claims

15  Act, along with the applicable decisional authority.  (Order pp. 21-26).  In dismissing all the

16  state law related causes of actions because of plaintiff's failure to file a timely claim with the

17  State of California Board of Claims, the Court provided plaintiff an opportunity to amend his

18  complaint. More particularly, the Court afforded plaintiff an opportunity to amend the complaint

19  ". . . if he can truthfully allege additional facts sufficient to conclude that these claims are not

20  barred by his failure to file an administrative claims with the State Board with six months from

21  the date of their accrual." (Order p. 26, lines 25-28).  Notwithstanding this opportunity,

22

23      4.  California Government Code §911.2(a) states, "A claim relating to a cause of action for
24  death or injury to person. . .shall be presented. . .not later than six months after the accrual of the
    cause of action. . . ."

25      5.  California Government Code §950.2 states, "Except as provided in Section 950.4, a cause
26  of action against a public employee of former public employee for injury resulting from an act or
    omission in the scope of his employment as a public employee is barred if an action against the
27  employing public entity for such injury is barred under Part 3 (commencing with Section 900) of
    this division or under Chapter 2 (commencing with Section 945) of Part 4 of this division.  This
28  section is applicable even though the public entity is immune from liability for the injury."

Deft. Pott's NOM & MTD Pltf's 3ʳᵈ Amed. Cmplt., etc.; Ps &As.          Rutledge v. Co. of Sonoma, et al.
                                                                        C 07-04274-CW

1 plaintiff's counsel failed to do so.  Instead of alleging any additional facts in the third amended

2 complaint,  plaintiff's counsel repeated exactly the same allegations in the second amended

3 complaint, as the following reflects:

4      PLAINTIFF filed timely claims for damages with both COUNTY and the State of
       California, which possess jurisdiction over all defendants.  Said claims were
5      subsequently denied and the complaint filed in this case was filed within a six-month
       period after the denials.
6  (Pl. 3rd Am. Compl. ¶ 90).

7      PLAINTIFF filed timely claims for damages with both COUNTY and the State of
       California, which possess jurisdiction over all defendants.  Said claims were
8      subsequently denied and the complaint filed in this case was filed within a six-month
       period after the denials.
9  (Pl. 2nd Am. Compl. ¶49).

10     Given this circumstance, where plaintiff's counsel has blatantly ignored the Court's

11 conditional grant of leave to amend the complaint, the present causes of action based upon state

12 law ought to be again summarily dismissed.  Moreover, plaintiff's counsel ought to be

13 sanctioned under the inherent authority of this Court for violating the provisions of Rule 11(b)(1-

14 4) of the  Federal Rules of Civil Procedure.[6]

15     **B.  Since Plaintiff Failed To File A Timely Claim, Which Is Statutorily
          Unexcused By His Incarceration, The Court Should Again Dismiss All
16        The Causes of Action Based Upon State Law**

17     The latest date for the accrual of any state law claim for relief against defendant Michael

18 Potts occurred in March 2004, when plaintiff and his criminal attorney (also one of his two

19 attorney in this lawsuit) filed a motion to dismiss pending criminal charges because of the

20 alleged malfeasance of Mr. Potts.[7]  (RJN Ex. A, pages 13-14). But plaintiff did not file the

21

22     6.  This is not the only instance where plaintiff's counsel simply and plainly ignored the
Court's extensive prior Order granting defendant Michael Potts' motion to dismiss.  For instance,
23 the allegations regarding the seventh claim for relief for conspiracy claim are exactly the same as
those in the prior complaint, and the allegations regarding the twelfth claim for relief are essentially
24 the same as those in the prior complaint.  In so doing, plaintiff's counsel has not only caused defense
counsel to make another motion to dismiss, but plaintiff's counsel have also needlessly forced this
25 Court to wade through allegations and issues that were previously, and extensively, considered by
26 it.

27     7.  Pursuant to 12(b)(1), a district court must dismiss an action if it lacks jurisdiction over
the subject matter of the suit. See Fed. R. Civ. Pro. 12(b)(1).  Unlike a motion under 12(b)(6), the
28 Court is not required to accept all of the non-moving party's factual allegations as true.  Instead, the

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.          Rutledge v. Co. of Sonoma, et al.
                                                                       C 07-04274-CW

11

1    requisite claim with the Victim Compensation and Government Claims Board until March 2007.

2    (RJN Ex. B ).

3        No exceptions from these requirements regarding a "claim" are made because an individual

4    is incarcerated.   Quite the contrary, as this Court previously observed, the tolling provision that

5    ordinarily applies to the statute of limitations for those imprisoned does not similarly apply when

6    a "claim" is required to be presented against a "public entity or public employee."  (Cal. Code of

7    Civ. Pro. §352.1(b)).  California Code of Civil Procedure section 352.1(b) provides, in relevant

8    part, that "This section does not apply to an action against a public entity or public employee

9    upon a cause of action form which a claim is required to be presented. . . ."  The Ninth Circuit

10   has not only acknowledged this limitation, but also delineated the contours of it.  In *Ellis v. City*

11   *of San Diego*, 176 F.3d 1183, (9th Cir. 1999), the Ninth Circuit Court of Appeals clarified,

> As noted above, §352.1(b) limits the tolling provisions of subsection (a) so
> that they do not apply to any "action against a public entity or public
> employee upon a cause of action for which a claim is required to be
> presented in accordance with . . . the Government Code." . . . *Cal.*
> *Government Code* § 911.2 sets the time period for presentation of a claim
> relating to death or personal injury at six months.  Applications for an
> extension of time to file a late claim may be made within one year after the
> accrual of the injury, however, there is no discretion to grant applications
> made after that date.  *See Cal. Gov't Code* §911.4 (West 1995); *Santee v.*
> *Santa Clara County Office of Educ.*,  220 Cal.App. 3d 702, 713, 269
> Cal.Rptr. 605 (1990).

18    Consequently, plaintiff and his counsel's failure to file a timely "claim" again require the

19   dismissal of all the claims for relief based upon state law.

20   ///

21   ///

22   ///

23   ///

24

25   party moving under Rule 12(b)(1) may submit evidence indicating that the district court lacks
26   subject matter jurisdiction. "It then becomes necessary for the party opposing the motion to present
     affidavits or any other evidence to satisfy its burden of establishing that the court, in fact, possesses
27   subject matter jurisdiction." *Ass'n of Am. Med. Colleges v. United States*, 213 F.3d 770, 778 (9th Cir.
     2000) (noting that a district court "obviously does not abuse its discretion by looking to this extra-
28   pleading material in deciding the issue, even if it becomes necessary to resolve factual disputes").

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.                    Rutledge v. Co. of Sonoma, et al.
                                                                                                C 07-04274-CW

12

## II

**PLAINTIFFS' CLAIMS FOR RELIEF BASED UPON ALLEGATIONS OF FALSE ARREST AND FALSE IMPRISONMENT ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

Plaintiff's second claim for relief is for false arrest and false imprisonment under 42 U.S.C. section 1983.

While 42 U.S.C. section 1983 provides a federal claim for relief, in many aspects it looks to the law of the State, including the length of the statute of limitations. (*Owens v. Okure*, 488 U.S. 235, 249-250 (1989)).

But as the United States Supreme Court recently noted, "While we have never stated so expressly, the accrual date of a §1983 cause of action is a question of federal law that is not resolved by reference to state law." (*Wallace v. Kato*, 127 S.Ct. 1091, 1095, 166 L.Ed. 2d 973, 980 (2007)). The Court clarified that "False arrest and false imprisonment overlap; the former is a species of the latter." (*Ibid.*) In analyzing and applying the statute of limitations for false imprisonment, the *Wallace* decision emphasized that "Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process – when, for example, he is bound over by a magistrate or arraigned on charges." (*Id.* at 1096).

In essence, the recent *Wallace* decision reflects that taken by the Ninth Circuit several years ago. The Court observed, "Where false arrest or illegal search and seizure is alleged, the claim accrues from the date of the wrongful act." (*Matthews v. Macanas*, 990 F.2d 467, 469 (9th Cir. 1993) citing *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983)). The *Matthews* case involved contentions that an FBI agent submitted an affidavit for a search warrant that purportedly omitted material facts and included false statements, which caused the plaintiff to be the alleged victim of an unlawful and warrantless arrest. In upholding the bar of Matthews' claim that the FBI agent and others "conspired to deprive them of their constitutional rights under the *Fourth Amendment*" by the expiration of the applicable statute of limitations, the Court of Appeals noted the following:

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.                    Rutledge v. Co. of Sonoma, et al.
C 07-04274-CW

13

1    In this case, Matthews was arrested on September 13, 1989.  He did not file suit until
     January 22, 1991, well after the limitations period had run.
2  (*Id*. at  468-469).

3      Plaintiff's arraignment on criminal charges initially took place on June 6, 2002. (RJN Ex.

4  A, page 2). At that point, the time for claims for relief based upon both false arrest or false

5  imprisonment, which must be brought within one year of the date of the accrual, began to run.

6  (See footnote 3, *supra*).

7      Although this one year period arguably would have been tolled for two years because of

8  plaintiff's confinement in the Sonoma County Jail, plaintiff still would have needed to bring any

9  causes of action alleging false arrest and false imprisonment under 42 U.S.C. section 1983 (*i.e.*,

10  plaintiff's 2nd claim for relief) by June 6, 2005.  This was not done.[8]

11      Accordingly, plaintiff's federal law claims for relief due to his alleged false arrest or false

12  imprisonment ought to be dismissed with prejudice.

13                                      **III**

14        **PLAINTIFF'S ALLEGATIONS CONCERNING**
           **MALICIOUS PROSECUTION ARE BARRED NOT ONLY**
15        **BY A STATE LAW IMMUNITY, BUT BY THE  FAILURE**
           **TO ALLEGE SUFFICIENT FACTS TO SUPPORT IT**
16

17      Plaintiff's twelfth claim for relief for malicious prosecution is partially based upon state

18  law.  Public employees acting within the scope of employment, however, are personally immune

19  from liability for the prosecution of judicial or administrative proceedings even if they act

20  maliciously and without probable cause.  More specifically, under California Government Code

21  _____

22      8.  Plaintiff's third amended complaint contains allegations about tolling while criminal
     charges were pending  because California Government Code section 945.3 prevents the filing of
23   civil actions against peace officers by a person with pending criminal charges. (Pl. 3rd Am. Compl.
     ¶¶ 103-108).  The problem with plaintiff's allegations, as they relate to defendant Michael Potts,
24   arise because he is not a peace officer, but a senior criminalist with California Department of Justice,
     Bureau of Forensic Services, who authored a forensic laboratory report. (Pl. 3rd Am.Compl. ¶ 9).
25   Despite a lengthy search, defendant's counsel has not located any legal authority, and indeed
     plaintiff's counsel has cited none, for the proposition that a criminalist is a peace officer.  Plaintiff's
26   counsel does vaguely cite the definition of a criminalist by the California State Personnel Board (Pl.
     3rd Am. Compl. ¶ 103). But the definition of a criminalist by the California State Personnel Board
27   reveals that a criminalist's duties are more akin to a scientist, requiring graduation from college with
     a major in one of the physical or biological sciences.  (RJN Ex. C *passim*.)
28

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.                    Rutledge v. Co. of Sonoma, et al.
                                                                                C 07-04274-CW

1  section 821.6,

2      A public employee is not liable for injury caused by his instituting or
       prosecuting any judicial or administrative proceeding within the scope of his
3      employment, even if he acts maliciously and without probable cause.

4  The immunity is absolute, and directly applicable to defendant Michael Potts.

5      Consequently, defendant Michael Potts is immune for any portion of the malicious

6  prosecution based upon state law.

7      Regarding the twelfth claim for relief for malicious prosecution based upon federal law,

8  with a lone exception, plaintiff's allegations mirror those that he made in his second amended

9  complaint.  (*Cf.* Pl. 2nd Am. Compl. ¶¶ 156 - 160 & Pl. 3rd Am. Compl.¶¶ 204-209).  The lone

10 exception is the following allegation: "The constitutional violations alleged herein were made

11 under color of law and was [sic] accomplished by the use of threats, intimidation, or coercion."

12 (Pl. 3rd. Am. Comp. ¶ 205).  But this single new allegation with respect to malicious prosecution

13 impermissibly incorporates claims based on procedural due process.  (See 3rd Am. Compl. ¶ 3 -

14 "This action arises under ... the First, Fourth, Fifth, and Fourteenth Amendments to the

15 Constitution of the United States."; see also 3rd Am. Compl. ¶ 8). This allegation contravenes not

16 only this Court's prior Order, but also well-established case law. (Order p. 20, line 5 - p.21, line

17 1;  *Albright v. Oliver*, 510 U.S. 266 (1994).

18     Additionally, lack of specificity prevents defendant Michael Potts, as well as the Court,

19 from determining the applicable statute of limitations.  Nonetheless, it is important to recall the

20 third amended complaint nowhere alleges that defendant Michael Potts participated or testified

21 in the criminal proceeding where Rutledge eventually obtained his acquittal.

22     Accordingly, the malicious prosecution claim for relief (i.e., twelfth) should be dismissed

23 with prejudice.

24 ///

25 ///

26 ///

27 ///

28 ///

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.                    Rutledge v. Co. of Sonoma, et al.
                                                                                   C 07-04274-CW

15

1

## IV

2

### THE ALLEGATIONS IN PLAINTIFF'S THIRD AMENDED COMPLAINT ARE SO VAGUE THAT THEY ARE SUBJECT EITHER TO A MOTION FOR DISMISSAL UNDER RULE 12(b)(6) OR MOTION FOR MORE DEFINITE STATE UNDER RULES 12(e)

3

4

5   Federal Rules of Civil Procedure Rule 8(a) requires, in pertinent part, that a complaint

6   contain "a short and plain statement of the claim", while Rule 8(d)(1) requires "[e]ach allegation

7   must be simple, concise and direct."  Dismissal is warranted under Rule 12(b)(6) if the pleading

8   fails to state a claim.  Moreover, dismissal is warranted under Rule 12(e) if pleadings are so

9   vague and ambiguous such as to deprive the opponent of the reasonable opportunity to "frame a

10  responsive pleading".

11  Plaintiff's third amended complaint, just as his second amended complaint, is so vague and

12  ambiguous that it precludes defendant Michael Potts from framing a responsive pleading or

13  raising additional legal issues that might subject this lawsuit to dismissal.

14  For instance, plaintiff's twelfth claim for relief broadly alleges violations of his

15  constitutional rights, which ostensibly include substantive due process rights.  (Pl. 3rd Am.

16  Compl. ¶¶ 8-9, 204-205 )  But claims for relief that contain allegations related to substantive due

17  process rights cannot form the basis for a §1983 malicious prosecution action.  (*Albright v.*

18  *Oliver*, 510 U.S. 266 (1994); see also Order p. 20, line 5 - p.21, line 1).  While plaintiff does

19  summarily mention a violation of his constitutional rights, he does so without adequately

20  specifying those violations, and just as importantly, when they allegedly occurred.

21  Another example of the failure to state a claim appears in plaintiff's seventh claim for relief

22  for conspiracy does so without the requisite detail.  *Johnson v. State of California*, 207 F.3d 650

23  (9th Cir. 2000), appeal after remand, 321 F.3d 791 (9th 2003). Indeed, as mentioned earlier, the

24  claim for relief for conspiracy is exactly the same as that in his second amended complaint. (*Cf.*

25  Pl. 2nd Am. Compl. ¶¶ 132-138 & Pl. 3rd Am. Compl. ¶¶ 175-181).

26  Therefore, defendant Michael Potts moves for dismissal, or alternatively for a more definite

27  statement in the event that these claims for relief in plaintiff's third amended complaint are not

28  dismissed.

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.                    Rutledge v. Co. of Sonoma, et al.
C 07-04274-CW

16

**CONCLUSION**

1

2          Plaintiff's third amended complaint is again replete with procedural impediments requiring

3    its dismissal.  This is not surprising, since so many of the allegations in his claims for relief are a

4    verbatim recitation of allegations in his previously dismissed second amended complaint.  First

5    and foremost, plaintiff's claims for relief against defendant Michael Potts based upon state law

6    ought to be dismissed again because he did not file the required "claim" with the State of

7    California's Victim Compensation and Government Claims Board.  Secondly, since plaintiff's

8    claim for relief based upon false arrest and false imprisonment were not filed before the

9    expiration of the applicable statute of limitations, it must be dismissed with prejudice.

10   Additionally, plaintiff's claim for relief for malicious prosecution is subject to the same

11   arguments, as well as the state law immunity.  Moreover,  as a result of plaintiff's failure to state

12   a claim with particularity regarding the violation of any constitutional rights (*i.e.*, aside from ill-

13   defined substantive due process rights) during his criminal proceedings, along with the time that

14   the alleged violations purportedly occurred, the malicious prosecution claim for relief should

15   also be dismissed with prejudice**.**

16          Dated:  August 12, 2008.

17                                  Respectfully submitted,

18                                  EDMUND G. BROWN JR.
                                    Attorney General of the State of California

19

20

21                                  s/s/ John P. Devine
                                    JOHN P. DEVINE
22                                  Deputy Attorney General

23                                  Attorneys for Defendant Michael Potts

24

25

26

27

28

Deft. Pott's NOM & MTD Pltf's 3ʳᵈ Amed. Cmplt., etc.; Ps &As.                    Rutledge v. Co. of Sonoma, et al.
                                                                                                              C 07-04274-CW

17

1

**TABLE OF CONTENTS**

2

**Page**

3    MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4        PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5            A.  Nature Of This Action; Plaintiff's Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

6            B.  Grounds for these Motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

7    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

8    I        PLAINTIFF'S FAILURE TO FILE A STATUTORILY MANDATED
             "CLAIM" WITH THE CALIFORNIA VICTIM COMPENSATION AND
9            GOVERNMENT CLAIMS BOARD –  A CONDITION PRECEDENT TO
             ANY LAWSUIT AGAINST A PUBLIC EMPLOYEE BASED UPON
10           STATE LAW –  BARS ALL OF HIS STATE LAW CLAIMS FOR RELIEF
             IN THIS LAWSUIT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

11
         A.      Despite The Court Previously Dismissing With Leave To Amend All
12               The State Law Causes of Action For Failure To File A Timely Claim,
                 Plaintiff's Counsel Has Made Exactly The Same Averments In This
13               Complaint As Those In The Already Dismissed Complaint . . . . . . . . . . . 10

14       B.      Since Plaintiff Failed To File A Timely Claim, Which Is Statutorily
                 Unexcused By His Incarceration, The Court Should Again Dismiss All
15               The Causes of Action Based Upon State Law  . . . . . . . . . . . . . . . . . . . . . 11

16   II       PLAINTIFFS' CLAIMS FOR RELIEF BASED UPON ALLEGATIONS OF
             FALSE ARREST AND FALSE IMPRISONMENT ARE BARRED BY
17           THE APPLICABLE  STATUTE OF LIMITATIONS  . . . . . . . . . . . . . . . . . . . . 13

18   III      PLAINTIFF'S ALLEGATIONS CONCERNING MALICIOUS
             PROSECUTION ARE BARRED NOT ONLY BY A STATE LAW
19           IMMUNITY, BUT BY THE  FAILURE TO ALLEGE SUFFICIENT
             FACTS TO SUPPORT IT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

20
     IV       THE ALLEGATIONS IN PLAINTIFF'S THIRD AMENDED COMPLAINT
21           ARE SO VAGUE  THAT THEY  ARE SUBJECT EITHER TO A MOTION
             FOR DISMISSAL UNDER RULE 12(b)(6) OR MOTION FOR MORE
22           DEFINITE STATE UNDER RULES 12(e)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

23   CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

24

25

26

27

28

Deft. Pott's NOM & MTD Pltf's 3ʳᵈ Amed. Cmplt., etc.; Ps &As.                    Rutledge v. Co. of Sonoma, et al.
                                                                                 C 07-04274-CW

1

# TABLE OF AUTHORITIES

2

Page(s)

3    **Cases:**

4    *Albright v. Oliver*,
     510 U.S. 266 (1994)                                                      8, 15, 16

5

     *Ass'n of Am. Med. Colleges v. United States*,
6    213 F.3d 770, 778 (9th Cir. 2000)                                             12

7    *Blair v. Superior Court*
     (1990) 218 Cal.App.3d 221, 223                                                9

8
     *Ellis v. City of San Diego*,
9    176 F.3d 1183, (9th Cir. 1999)                                               12

10   *Fowler v. Howell*,
     42 Cal.App.4th 1746, 1750 (1996)                                             10

11
     *Johnson v. State of California*,
12   207 F.3d 650 (9th Cir. 2000)                                               8, 16

13   *Karim- Panahi v. Los Angeles Police Dept.*,
     839 F.2d 621, 627 (9th Cir.1988)                                              9

14
     *Matthews v. Macanas*,
15   990 F.2d 467, 469 (9th Cir. 1993)                                          7, 13

16   *Maldonado v. Harris*
     *370 F.3d 945, 954 (9th Cir. 2004)*                                           7

17
     *Owens v. Okure*,
18   488 U.S. 235, 249-250 (1989)                                                 13

19   *Venegas v. Wagner*,
     704 F.2d 1144, 1146 (9th Cir. 1983)                                          13

20
     *Wallace v. Kato*,
21   127 S.Ct. 1091, 1095, 166 L.Ed. 2d 973, 980 (2007)                           13

22   *Williams v. Horvath*,
     16 Cal.3d 834, 842 (1976 )                                                   10

23
     *Willis v. Reddin*,
24   418 F.2d 702, 704 (9th Cir. 1969)                                            10

25

26

27

28

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.                    Rutledge v. Co. of Sonoma, et al.
                                                                                 C 07-04274-CW

-ii-

1

**TABLE OF AUTHORITIES (Cont'd.)**

2

**Page(s)**

3

**Statutes:**

4

Cal. Code of Civ. Proc.

5

§ 335.1    7
§ 340(3)    7
§ 352.1(b)    12

6

7

Cal. Gov. Code

8

§ 810    6
§ 821.6    8, 14
§ 900.2    9
§ 911.2    9, 10
§ 945.3    14
§ 950.2    6, 9, 10

9

10

11

Cal. Penal Code

12

§§ 187(a) & 459    4

13

**Constitutional Provisions:**

14

42 U.S.C. section 1983    *passim*

15

**Court Rules:**

16

Federal Rules of Civil Procedure

17

Rule 8(a)    16

18

Rule 8(d)(1)    16

19

Rule 11(b)(1-4)    11

20

Rule 12(b)(1)    1, 11, 12

21

Rule 12(b)(6)    1, 11, 16

22

Rule 12(e)    2, 16

23

24

25

26

27

28

Deft. Pott's NOM & MTD Pltf's 3rd Amed. Cmplt., etc.; Ps &As.      Rutledge v. Co. of Sonoma, et al.
C 07-04274-CW