1   Michael D. Senneff, Esq. (SB 039388)
    Bonnie A. Freeman, Esq. (SB 180502)
2   SENNEFF FREEMAN & BLUESTONE, LLP
    50 Old Courthouse Square, Suite 401
3   P.O. Box 3729
    Santa Rosa, CA 95402-3729
4   Telephone:    707-526-4250
    Facsimile:    707-526-0347
5
6   Attorneys for Defendants County of Sonoma (also sued as Sonoma County Sheriff's Department and
    Sonoma County District Attorney's Office), Stephan Passalacqua, J. Michael Mullins, Greg Jacobs,
7   Christine M. Cook, Russel L. Davidson and James Patrick Casey

8                        UNITED STATES DISTRICT COURT

9                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  ZACHARIAH JUDSON RUTLEDGE,                NO. CV 07-04274 CW

11              Plaintiff,                    ANSWER TO THIRD AMENDED COMPLAINT
                                              OF DEFENDANTS COUNTY OF SONOMA,
12        v.                                  STEPHAN PASSALACQUA, J. MICHAEL
                                              MULLINS, GREG JACOBS, CHRISTINE M.
13  COUNTY OF SONOMA, MICHAEL                 COOK, RUSSEL L. DAVIDSON AND JAMES
    POTTS, et al.,                            PATRICK CASEY
14
                Defendants.
15
    _____/          DEMAND FOR JURY TRIAL
16

17          Come now defendants COUNTY OF SONOMA (also sued as Sonoma County Sheriff's

18  Department and Sonoma County District Attorney's Office), STEPHAN PASSALACQUA, J. MICHAEL

19  MULLINS, GREG JACOBS, CHRISTINE M. COOK, RUSSEL L. DAVIDSON AND JAMES

20  PATRICK CASEY (herein "County Defendants") and respond to plaintiff Zachariah Judson Rutledge's

21  Third Amended Complaint (herein "Complaint") as follows:

22                      **GENERAL RESPONSE TO PARAGRAPHS**

23                           **1 through 209, inclusive**

24          These answering defendants consist of a public entity, two elected officials and several

25  individuals who are employees of the Sonoma County Sheriff's Department or the Sonoma County

26  District Attorney's Office. These defendants filed a joint answer rather than separate answers on behalf

27  of each. Isolated facts alleged may be known to some but not all answering defendants. Under such

28  circumstances, many allegations have been denied based upon a lack of information and belief.

SENNEFF
FREEMAN
BLUESTONE

1  Defendants do not concede, by answering the factual allegations in the Third Amended Complaint, that

2  the facts contained therein are relevant to the subject matter of this lawsuit and/or are admissible for any

3  purpose in this lawsuit.

4  <center>**INTRODUCTION**</center>

5      1.    County defendants admit that plaintiff was acquitted of charges of burglary and of two

6  murders which occurred in 1998 in Case No. SCR32528, after two days of jury deliberations, and that

7  charges were re-filed after Case No. MCR-443363 was dismissed.  County defendants otherwise deny,

8  generally and specifically, the remaining allegations of Paragraph 1.

9      2.    County defendants deny, generally and specifically, the allegations of Paragraph 2.

10  <center>**GENERAL ALLEGATIONS**</center>

11      3.    County defendants admit that the Court has jurisdiction of the plaintiff's constitutional

12  claims brought pursuant to 42 U.S.C. §§1983, 1985 and 1988 and may exercise pendent jurisdiction of

13  the state law claims.

14      4.    County defendants deny, generally and specifically, the allegations of Paragraph 4.

15      5.    County defendants admit the allegations of Paragraph 5.

16      6.    County defendants admit the allegations of Paragraph 6.

17      7.    County defendants deny, generally and specifically, the allegations of Paragraph 7.

18      8.    County defendants deny, generally and specifically, the allegations of Paragraph 8.

19      9.    County defendants neither admit nor deny the allegations of Paragraph 9 with regard to

20  SENIOR CRIMINALIST MICHAEL POTTS.

21      10.    County defendants neither admit nor deny the allegations of Paragraph 10 which pertain

22  to SENIOR CRIMINALIST MICHAEL POTTS.

23      11.    County defendants admit the allegations of Paragraph 11 as they pertain to defendant

24  RUSSEL L. DAVIDSON.

25      12.    County defendants deny, generally and specifically, the allegations of Paragraph 12.

26      13.    County defendants admit the allegation of Paragraph 13 as they pertain to defendants

27  MULLINS, PASSALACQUA, CASEY, JACOBS and COOK, and the SONOMA COUNTY DISTRICT

28  ATTORNEY'S OFFICE in actions taken within the course and scope of employment and under color

SENNEFF
FREEMAN
BLUESTONE

of law.

14.    County defendants admit the allegation of Paragraph 14 as they pertain to defendants MULLINS, PASSALACQUA and the SONOMA COUNTY DISTRICT ATTORNEY'S OFFICE in actions taken within the course and scope of employment and under color of law.

15.    County defendants admit the allegation of Paragraph 15 as they pertain to defendants CASEY, JACOBS and the SONOMA COUNTY DISTRICT ATTORNEY'S OFFICE in actions taken within the course and scope of employment and under color of law.

16.    County defendants deny, generally and specifically, the allegations of Paragraphs 16.

17.    County defendants neither admit nor deny the statements in Paragraph 17.

### FACTUAL ALLEGATIONS

18.    County defendants neither admit nor deny the allegations of Paragraph 18 which pertain to defendant MICHAEL POTTS

19.    County defendants deny, generally and specifically, the allegations of Paragraph 19.

20.    County defendants admit that Davidson drafted a Declaration in Support of Warrant of Arrest, which was dated May 8, 2002. County defendants deny, generally and specifically, the remaining allegations of Paragraph 20.

21.    County defendants deny the allegations of Paragraph 21 insofar as DAVIDSON'S power to arrest plaintiff is conferred by law.

22.    County defendants admit the allegations of Paragraph 22 insofar as DAVIDSON authored a Declaration in Support of Warrant of Arrest, which was dated May 8, 2002.  County defendants otherwise deny, generally and specifically, the remaining allegations of Paragraph 22.

23.    County defendants admit that the May 8, 2002 Declaration in Support of Warrant of Arrest submitted by DAVIDSON to the Magistrate included statements of DAVIDSON, but otherwise deny the allegations of Paragraph 23 except for those portions which constitute a direct quote from the Declaration in Support of Warrant of Arrest submitted on May 8, 2002.

24.    County defendants deny, generally and specifically, the allegations of Paragraph 24.

25.    County defendants deny, generally and specifically, the allegations of Paragraph 25.

26.    County defendants deny, generally and specifically, the allegations of Paragraph 26.

1      27.    County defendants lack information and belief sufficient to admit or deny the allegations

2  of Paragraph 27 and therefore deny such allegations based on lack of information and belief.

3      28.    County defendants deny, generally and specifically, the allegations of Paragraph 28.

4      29.    County defendants deny, generally and specifically, the allegations of Paragraph 29.

5      30.    County defendants deny, generally and specifically, the allegations of Paragraph 30.

6      31.    County defendants deny, generally and specifically, the allegations of Paragraph 31.

7      32.    County defendants deny, generally and specifically, the allegations of Paragraph 32.

8      33.    County defendants deny, generally and specifically, the allegations of Paragraph 33.

9      34.    County defendants deny, generally and specifically, the allegations of Paragraph 34.

10     35.    County defendants deny, generally and specifically, the allegations of Paragraph 35.

11     36.    County defendants allege that Casey reviewed the warrant and affidavit for arrest and

12  determined that sufficient evidence supported the filing of criminal charges, but deny, generally and

13  specifically, the allegations of Paragraph 35.

14     37.    County defendants deny that Casey arrested plaintiff on May 8, 2002. County defendants

15  admit that plaintiff was arrested on or about May 8, 2002.

16     38.    County defendants deny, generally and specifically, the allegations of Paragraph 38.

17     39.    County defendants deny, generally and specifically, the allegations of Paragraph 39.

18     40.    County defendants deny, generally and specifically, the allegations of Paragraph 40.

19     41.    County defendants deny, generally and specifically, the allegations of Paragraph 41.

20     42.    County defendants deny, generally and specifically, the allegations of Paragraph 42.

21     43.    County defendants admit that plaintiff did not resist his arrest. County defendants neither

22  admit nor deny the remaining allegations of Paragraph 43, which state a legal conclusion, not a factual

23  allegation.

24     44.    County defendants neither admit nor deny the allegations of Paragraph 44, which state

25  a legal conclusion, not a factual allegation.

26     45.    County defendants deny, generally and specifically, the allegations of Paragraph 45.

27     46.    County defendants lack information and belief sufficient to admit or deny the allegations

28  of Paragraph 46 and therefore deny such allegations based on lack of information and belief.

SENNEFF
FREEMAN
BLUESTONE

NO.: C-07–04274 CW: County Defs' Answer to Third Amended Complaint/Jury Demand                4

47.    County defendants admit that an order was issued on or about October 30, 2002, but the order, which is judicially noticeable, speaks for itself.

48.    County defendants deny, generally and specifically, the allegations of Paragraph 48.

49.    County defendants admit the first half of the sentence in Paragraph 49 up to the word "Study" but deny, generally and specifically, the remaining allegations of Paragraph 49.

50.    County defendants admit that Potts testified during the November 2002 preliminary hearing, but deny the remaining allegations of Paragraph 50, as the testimony is transcribed and the transcription provides the best record of what Mr. Potts testified to.

51.    County defendants deny, generally and specifically, the allegations of Paragraph 51.

52.    County defendants deny, generally and specifically, the allegations of Paragraph 52.

53.    County defendants deny, generally and specifically, the allegations of Paragraph 53.

54.    County defendants lack information and belief sufficient to admit or deny the allegations of Paragraph 54 and therefore deny such allegations based on lack of information and belief.

55.    County defendants deny, generally and specifically, the allegations of Paragraph 55 insofar as they infer a duty, which is a question of law.

56.    County defendants deny, generally and specifically, the allegations of Paragraph 56.

57.    County defendants deny, generally and specifically, the allegations of Paragraph 57.

58.    County defendants deny, generally and specifically, the allegations of Paragraph 58

59.    County defendants deny, generally and specifically, the allegations of Paragraph 59 insofar as they infer a duty, which is a question of law.

60.    County defendants admit the statements set forth in quotation marks in Paragraph 60 insofar as the statements within the quotations are direct quotes from the letter of MICHAEL POTTS dated January 27, 2004.  In all other respects County defendants deny, generally and specifically, the allegations of Paragraph 60.

61.    County defendants admit the allegations of Paragraph 61.

62.    County defendants lack information and belief sufficient to admit or deny the allegations of Paragraph 62 and therefore deny such allegations based on lack of information and belief.

63.    County defendants lack information and belief sufficient to admit or deny the allegations

1 | of Paragraph 62 and therefore deny such allegations based on lack of information and belief.

2 |    64. County defendants lack information and belief sufficient to admit or deny the allegations

3 | of Paragraph 64 and therefore deny such allegations based on lack of information and belief.

4 |    65. County defendants admit the allegations of Paragraph 65.

5 |    66. County defendants admit the allegations of Paragraph 66.

6 |    67. County defendants deny, generally and specifically, the allegations of Paragraph 67.

7 |    68. County defendants admit the allegations of Paragraph 68.

8 |    69. County defendants admit the allegations of Paragraph 69.

9 |    70. County defendants deny, generally and specifically, the allegations of Paragraph 70.

10 |    71. County defendants deny, generally and specifically, the allegations of Paragraph 71.

11 |    72. County defendants deny, generally and specifically, the allegations of Paragraph 72.

12 |    73. County defendants deny, generally and specifically, the allegations of Paragraph 73.

13 |    74. County defendants deny, generally and specifically, the allegations of Paragraph 74.

14 |    75. County defendants deny, generally and specifically, the allegations of Paragraph 75.

15 |    76. County defendants deny, generally and specifically, the allegations of Paragraph 76.

16 |    77. County defendants deny, generally and specifically, the allegations of Paragraph 77.

17 |    78. County defendants deny, generally and specifically, the allegations of Paragraph 78.

18 |    79. County defendants deny, generally and specifically, the allegations of Paragraph 79.

19 |    80. County defendants deny, generally and specifically, the allegations of Paragraph 80.

20 |    81. County defendants deny, generally and specifically, the allegations of Paragraph 81.

21 |    82. County defendants deny, generally and specifically, the allegations of Paragraph 82.

22 |    83. County defendants deny, generally and specifically, the allegations of Paragraph 83.

23 |    84. County defendants admit the first sentence in Paragraph 84.  The second sentence

24 | constitutes a misstatement of law and is neither admitted nor denied.

25 |    85. County defendants admit the factual allegations of Paragraph 85, but to the extent they

26 | include a conclusion of law with regard to causation, County defendants deny the allegations of Paragraph

27 | 85.

28 |    86. County defendants deny, generally and specifically, the allegations of Paragraph 86.

SENNEFF
FREEMAN
BLUESTONE

1    87.    County defendants admit the statements appearing in quotations in Paragraph 87 insofar

2  as they are direct quotes of defendant COOK.   County defendants otherwise deny, generally and

3  specifically, the allegations of Paragraph 87.

4    88.    County defendants admit that on or about October 27, 2006, plaintiff's attorney send a

5  request for retraction in writing to the District Attorney's office.

6    89.    County defendants admit the allegations of Paragraph 89.

7    90.    County defendants admit that plaintiff filed a Governmental Claim with the COUNTY

8  OF SONOMA and otherwise deny, generally and specifically, the remaining allegations of Paragraph 90.

9    91.    County defendants deny, generally and specifically, the allegations of Paragraph 91.

10    92.    County defendants deny, generally and specifically, the allegations of Paragraph 92.

11    93.    County defendants deny, generally and specifically, the allegations of Paragraph 93.

12                    **ACCRUAL OF ACTION FOR FALSE ARREST**

13    94.    County defendants admit the allegations of Paragraph 94.

14    95.    County defendants admit the allegations of Paragraph 95.

15    96.    County defendants deny, generally and specifically, the allegations of Paragraph 96.

16    97.    County defendants deny, generally and specifically, the allegations of Paragraph 97.

17    98.    County defendants deny, generally and specifically, the allegations of Paragraph 98.

18    99.    County defendants deny, generally and specifically, the allegations of Paragraph 99.

19    100.   County defendants deny, generally and specifically, the allegations of Paragraph 100.

20    101.   County defendants deny, generally and specifically, the allegations of Paragraph 101.

21    102.   County defendants deny, generally and specifically, the allegations of Paragraph 102.

22              **TOLLING– WHILE CRIMINAL CHARGES WERE PENDING**

23    103.   County defendants neither admit nor deny the allegations and statements contained in

24  Paragraph 103.

25    104.   County defendants neither admit nor deny the allegations and statements contained in

26  Paragraph 104.

27    105.   County defendants neither admit nor deny the allegations and statements contained in

28  Paragraph 105.

SENNEFF
FREEMAN
BLUESTONE

1  106.   County defendants neither admit nor deny the allegations and statements contained in

2  Paragraph 106.

3  107.   County defendants neither admit nor deny the allegations and statements contained in

4  Paragraph 107.

5  108.   County defendants neither admit nor deny the statements contained in Paragraph 108, as

6  it is merely a legal conclusion.

7  **TOLLING– WHILE PLAINTIFF WAS IMPRISONED**

8  109.   County defendants admit that California Code of Civil Procedure § 352.1 is a statute

9  regarding tolling and rely on the specific wording of the statute rather than the plaintiff's allegations of

10  what the statute states.

11  110.   County defendants admit that plaintiff was released on September 26, 2006 from custody.

12  111.   County defendants neither admit nor deny the statement in Paragraph 111

13  as it is merely a legal conclusion.

14

15  **FIRST CAUSE OF ACTION**
**INTENTIONAL/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**[Cal.Govt.C. §810 et seq.]**
16  **(ALL DEFENDANTS)**

17  112.   County defendants incorporate by this reference as though fully set forth the responses in

18  Paragraphs 1 through 111, inclusive.

19  113.   County defendants deny, generally and specifically, the allegations of Paragraph 113.

20  114.   County defendants deny, generally and specifically, the allegations of Paragraph 114.

21  115.   County defendants deny, generally and specifically, the allegations of Paragraph 115.

22  116.   County defendants deny, generally and specifically, the allegations of Paragraph 116.

23  117.   County defendants deny, generally and specifically, the allegations of Paragraph 117.

24  118.   County defendants deny, generally and specifically, the allegations of Paragraph 118.

25  119.   County defendants deny, generally and specifically, the allegations of Paragraph 119.

26  ///

27  ///

28  ///

SENNEFF
FREEMAN
BLUESTONE

**SECOND CAUSE OF ACTION**
**FALSE ARREST AND FALSE IMPRISONMENT**
[42 U.S.C. §§1983 and 1985]
**(DEFENDANTS COUNTY OF SONOMA, SONOMA COUNTY SHERIFF'S DEPARTMENT**
**[sic], CASEY, JACOBS, DAVIDSON and POTTS)**

120.    County defendants incorporate by this reference as though fully set forth the responses in Paragraphs 1 through 119, inclusive.

121.    County defendants deny, generally and specifically, the allegations of Paragraph 119.

122.    County defendants deny, generally and specifically, the allegations of Paragraph 122.

123.    County defendants deny, generally and specifically, the allegations of Paragraph 123.

124.    County defendants deny, generally and specifically, the allegations of Paragraph 124.

125.    County defendants deny, generally and specifically, the allegations of Paragraph 125.

126.    County defendants deny, generally and specifically, the allegations of Paragraph 126.

127.    County defendants deny, generally and specifically, the allegations of Paragraph 127.

128.    County defendants deny, generally and specifically, the allegations of Paragraph 128.

129.    County defendants deny, generally and specifically, the allegations of Paragraph 129.

**THIRD CAUSE OF ACTION**
**FALSE ARREST**
**Entitling relief under CGC § 810 et seq. and CCC § 52.1**
**(DEFENDANTS: COUNTY OF SONOMA, SHERIFF, CASEY, DAVIDSON, POTTS)**

130.    County defendants incorporate by this reference as though fully set forth the responses in Paragraphs 1 through 129, inclusive.

131.    County defendants admit that on or about May 8, 2002, defendant DAVIDSON executed an arrest warrant for the arrest of plaintiff and otherwise deny, generally and specifically, the allegations contained in Paragraph 131.

132.    County defendants deny, generally and specifically, the allegations of Paragraph 132.

133.    County defendants deny, generally and specifically, the allegations of Paragraph 133.

134.    County defendants deny, generally and specifically, the allegations of Paragraph 134.

135.    County defendants deny, generally and specifically, the allegations of Paragraph 135.

136.    County defendants deny, generally and specifically, the allegations of Paragraph 136.

137.    County defendants deny, generally and specifically, the allegations of Paragraph 137.

SENNEFF
FREEMAN
BLUESTONE

1    138.    County defendants deny, generally and specifically, the allegations of Paragraph 138.

2    139.    County defendants deny, generally and specifically, the allegations of Paragraph 139.

3    140.    County defendants deny, generally and specifically, the allegations of Paragraph 140.

4    141.    County defendants deny, generally and specifically, the allegations of Paragraph 141.

5
**FOURTH CAUSE OF ACTION**
**FALSE IMPRISONMENT**
6
**Entitling relief under CGC § 810 et seq. and CCC § 52.1**
**(DEFENDANTS: COUNTY OF SONOMA, SHERIFF, CASEY,**
7
**JACOBS, DAVIDSON, and POTTS)**

8    142.    County defendants incorporate by this reference as though fully set forth the responses in

9    Paragraphs 1 through 141, inclusive.

10    143.    County defendants deny, generally and specifically, the allegations of Paragraph 143.

11    144.    County defendants deny, generally and specifically, the allegations of Paragraph 144.

12    145.    County defendants deny, generally and specifically, the allegations of Paragraph 145.

13    146.    County defendants deny, generally and specifically, the allegations of Paragraph 146.

14    147.    County defendants deny, generally and specifically, the allegations of Paragraph 147.

15    148.    County defendants deny, generally and specifically, the allegations of Paragraph 148.

16    149.    County defendants deny, generally and specifically, the allegations of Paragraph 149.

17    150.    County defendants deny, generally and specifically, the allegations of Paragraph 150.

18    151.    County defendants deny, generally and specifically, the allegations of Paragraph 151.

19    152.    County defendants deny, generally and specifically, the allegations of Paragraph 152.

20    153.    County defendants deny, generally and specifically, the allegations of Paragraph 153.

21
**FIFTH CAUSE OF ACTION**
**FALSE IMPRISONMENT - COMMON LAW TORT**
22
**Entitling relief under CGC § 810 et seq. and CCC § 52.1**
**(DEFENDANTS: COUNTY OF SONOMA, SHERIFF, CASEY,**
23
**JACOBS, DAVIDSON, and POTTS)**

24    154.    County defendants incorporate by this reference as though fully set forth the responses in

25    Paragraphs 1 through 153, inclusive.

26    155.    County defendants deny, generally and specifically, the allegations of Paragraph 155.

27    156.    County defendants deny, generally and specifically, the allegations of Paragraph 156.

28    157.    County defendants deny, generally and specifically, the allegations of Paragraph 157.

SENNEFF
FREEMAN
BLUESTONE

158.   County defendants deny, generally and specifically, the allegations of Paragraph 158.

159.   County defendants deny, generally and specifically, the allegations of Paragraph 159.

160.   County defendants deny, generally and specifically, the allegations of Paragraph 160.

161.   County defendants deny, generally and specifically, the allegations of Paragraph 161.

162.   County defendants deny, generally and specifically, the allegations of Paragraph 162.

163.   County defendants deny, generally and specifically, the allegations of Paragraph 163.

164.   County defendants deny, generally and specifically, the allegations of Paragraph 164.

165.   County defendants deny, generally and specifically, the allegations of Paragraph 165.

### SIXTH CAUSE OF ACTION
### DEFAMATION, SLANDER AND LIBEL
### Entitling relief under CGC § 810 et seq.
### (DEFENDANT COOK)

166.   County defendants incorporate by this reference as though fully set forth the responses in Paragraphs 1 through 165, inclusive.

167.   County defendants deny, generally and specifically, the allegations of Paragraph 167.

168.   County defendants deny, generally and specifically, the allegations of Paragraph 168.

169.   County defendants admit that on or about October 26, 2006, plaintiff's attorney sent a letter requesting a retraction from Defendant Cook.

170.   County defendants admit that no retraction was made, but otherwise deny the allegations of Paragraph 170.

171.   County defendants deny, generally and specifically, the allegations of Paragraph 171.

172.   County defendants deny, generally and specifically, the allegations of Paragraph 172.

173.   County defendants deny, generally and specifically, the allegations of Paragraph 173.

174.   County defendants deny, generally and specifically, the allegations of Paragraph 174.

### SEVENTH CAUSE OF ACTION
### CONSPIRACY PURSUANT TO 42 U.S.C. §§ 1983 and 1985
### (ALL DEFENDANTS)

175.   County defendants incorporate by this reference as though fully set forth the responses in Paragraphs 1 through 174, inclusive.

176.   County defendants neither admit nor deny the statements contained in Paragraph 176 as

1  |  there are no factual allegations against any specific defendant which can be admitted or denied.

2  |  177.  County defendants deny, generally and specifically, the allegations of Paragraph 177.

3  |  178.  County defendants deny, generally and specifically, the allegations of Paragraph 178.

4  |  179.  County defendants deny, generally and specifically, the allegations of Paragraph 179.

5  |  180.  County defendants deny, generally and specifically, the allegations of Paragraph 180.

6  |  181.  County defendants deny, generally and specifically, the allegations of Paragraph 181.

7

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF CONSTITUTIONAL RIGHTS – PROCEDURAL DUE PROCESS**
**CLAIMS, TO WIT: DENIAL OF A FAIR TRIAL**
**Entitling relief under 42 U.S.C. Sections 1983 and 1985**
**(ALL DEFENDANTS EXCEPT POTTS)**

8

9

10  |  182.  County defendants incorporate by this reference as though fully set forth the responses in

11  |  Paragraphs 1 through 181, inclusive.

12  |  183.  County defendants deny, generally and specifically, the allegations of Paragraph 183.

13  |  184.  County defendants deny, generally and specifically, the allegations of Paragraph 184.

14  |  185.  County defendants deny, generally and specifically, the allegations of Paragraph 185.

15  |  186.  County defendants deny, generally and specifically, the allegations of Paragraph 186.

16

**NINTH CAUSE OF ACTION**
**VIOLATION OF CONSTITUTIONAL RIGHTS – TO WIT: DENIAL OF A FAIR TRIAL**
**AND DENIAL OF DUE PROCESS**
**Entitling relief under CCC § 52.1 and CGC § 810 et seq.**
**(ALL DEFENDANTS)**

17

18

19  |  187.  County defendants incorporate by this reference as though fully set forth the responses in

20  |  Paragraphs 1 through 186, inclusive.

21  |  188.  County defendants deny, generally and specifically, the allegations of Paragraph 188.

22  |  189.  County defendants deny, generally and specifically, the allegations of Paragraph 189.

23  |  190.  County defendants deny, generally and specifically, the allegations of Paragraph 190.

24  |  191.  County defendants deny, generally and specifically, the allegations of Paragraph 191.

25  |  192.  County defendants deny, generally and specifically, the allegations of Paragraph 192.

26  |  193.  County defendants deny, generally and specifically, the allegations of Paragraph 193.

27  |  ///

28  |  ///

SENNEFF
FREEMAN
BLUESTONE

**TENTH CAUSE OF ACTION**
**VIOLATION OF CONSTITUTIONAL RIGHTS BY FAILING TO ADEQUATELY**
**TRAIN AND SUPERVISE DEPUTY DISTRICT ATTORNEYS**
**Entitling relief under 42 U.S.C. Sections 1983 and 1985**
**(DEFENDANTS: COUNTY, DA'S OFFICE, and MULLINS)**

194.   County defendants incorporate by this reference as though fully set forth the responses in Paragraphs 1 through 193, inclusive.

195.   County defendants deny, generally and specifically, the allegations of Paragraph 195.

196.   County defendants deny, generally and specifically, the allegations of Paragraph 196.

197.   County defendants deny, generally and specifically, the allegations of Paragraph 197.

198.   County defendants deny, generally and specifically, the allegations of Paragraph 198.

**ELEVENTH CAUSE OF ACTION**
**VIOLATION OF CONSTITUTIONAL RIGHTS BY FAILING TO ADEQUATELY**
**TRAIN AND SUPERVISE DEPUTY DISTRICT ATTORNEYS**
**Entitling relief under 42 U.S.C. Sections 1983 and 1985**
**(DEFENDANTS: COUNTY, DA'S OFFICE, and PASSALACQUA)**

199.   County defendants incorporate by this reference as though fully set forth the responses in Paragraphs 1 through 198, inclusive.

200.   County defendants deny, generally and specifically, the allegations of Paragraph 200.

201.   County defendants deny, generally and specifically, the allegations of Paragraph 201.

202.   County defendants deny, generally and specifically, the allegations of Paragraph 202.

203.   County defendants deny, generally and specifically, the allegations of Paragraph 203.

**TWELFTH CAUSE OF ACTION**
**FOURTH AMENDMENT MALICIOUS PROSECUTION**
**UNDER *ALBRIGHT V. OLIVER*, 510 U.S. 266**
**AND COMMON LAW TORT**
**Entitling relief under 42 U.S.C. Sections 1983 and 1985, and**
**CCC § 52.1 and CGC § 810 et seq.**
**(ALL DEFENDANTS)**

204.   County defendants incorporate by this reference as though fully set forth the responses in Paragraphs 1 through 203, inclusive.

205.   County defendants deny, generally and specifically, the allegations of Paragraph 205.

206.   County defendants deny, generally and specifically, the allegations of Paragraph 206.

207.   County defendants deny, generally and specifically, the allegations of Paragraph 207.

208.   County defendants deny, generally and specifically, the allegations of Paragraph 208.

1    209.    County defendants deny, generally and specifically, the allegations of Paragraph 209.

2                                    **AFFIRMATIVE DEFENSES**

3            AS AND FOR A SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

4    complaint, County Defendants allege that the complaint fails to state facts sufficient to constitute a cause

5    of action against any of said defendants.

6            AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

7    complaint, County Defendants allege that should plaintiff recover damages against them, County

8    Defendants should be entitled to have the amount reduced or eliminated to the extent that plaintiff's

9    negligence and/or fault caused the damages herein.

10           AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

11   complaint, County Defendants allege that plaintiff assumed the risk of the matters referred to in the

12   complaint and that he knew and appreciated the nature of the risk, and that he voluntarily accepted the

13   risk.

14           AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

15   complaint, County of Sonoma, Stephan Passalacqua and J. Michael Mullins allege that they are immune

16   from liability pursuant to immunity provided by the 11th Amendment to the United States Constitution.

17           AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

18   complaint, County Defendants allege that in the event they are held liable to plaintiff, which liability is

19   expressly denied, and the other persons, firms or entities not specifically named in the complaint, are

20   likewise held liable, these defendants are entitled to percentage contribution of the total liability from said

21   unnamed parties in accordance with the principals of equitable indemnity and comparative contribution.

22           AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

23   complaint herein, and each claim for relief thereof, County Defendants allege that at all times mentioned

24   in plaintiff's complaint, these defendants acted in good faith with the reasonable belief as to the

25   lawfulness of their actions.

26           AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

27   complaint, County Defendants allege that should plaintiff recover damages against defendants, or any

28   of them, these defendants should be entitled to have the amount reduced or eliminated the extent that

SENNEFF
FREEMAN
BLUESTONE

NO.: C-07–04274 CW: County Defs' Answer to Third Amended Complaint/Jury Demand                    14

1  plaintiff failed take reasonable steps to mitigate those damages.

2      AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the
3  complaint herein, and each claim for relief thereof, County Defendants allege that at all times mentioned
4  in plaintiff's complaint, the actions of these defendants were privileged under the surrounding
5  circumstances.

6      AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the
7  complaint herein, and each claim for relief thereof, County Defendants allege that at all times mentioned
8  in plaintiff's complaint that defendants had reasonable and probable cause to detain and restrain plaintiff
9  based on the California Penal Code.

10      AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the
11  complaint herein, and each claim for relief thereof, these individual County Defendants allege that at all
12  times mentioned in plaintiff's complaint the actions of the defendants, and each of them, were based
13  exclusively upon bona fide law enforcement considerations with a reasonable belief that their actions
14  were lawful, and as such they are protected by the qualified immunity privilege.

15      AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the
16  complaint herein, and each claim for relief thereof, County Defendants allege that plaintiff failed to
17  exhaust administrative remedies.

18      AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the
19  complaint herein, and each claim for relief thereof, County Defendants allege that any injuries suffered
20  by plaintiff were caused by supervening events over which these defendants have no control.

21      AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the
22  complaint herein, and each claim for relief thereof, County Defendants allege that by way of a plea of
23  comparative negligence, plaintiff was negligent in and about the matters and activities alleged; that said
24  negligence contributed to and was a proximate cause of plaintiff's alleged injuries and damages, if any,
25  or was the sole cause thereof; and if plaintiff is entitled to recover damages against defendants by virtue
26  of this complaint, defendants pray that the recovery be diminished or extinguished by reason of the
27  negligence of the plaintiff in proportion to the degree of fault attributable to him.

28      AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

SENNEFF
FREEMAN
BLUESTONE

NO.: C-07–04274 CW: County Defs' Answer to Third Amended Complaint/Jury Demand                15

1  complaint, defendants allege that they are immune from liability pursuant to the provisions of California

2  Government Code §§ 815 through 846, inclusive, Civil Code §47 et seq., and California Penal Code §§

3  833 through 851.85, inclusive.

4      AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

5  complaint, County Defendants allege that the alleged defamatory statements of which plaintiff complains

6  related to a matter of public concern and thus is constitutionally protected in the absence of fault. The

7  defendants were not negligent in broadcasting the statements complained of, and are protected by

8  constitutional privilege.

9      AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

10 complaint, County Defendants allege that the statements complained of in plaintiff's complaint were not

11 false.

12     AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

13 complaint, County Defendants allege that the statements complained of in the complaint were made by

14 defendants in good faith, honestly and not maliciously.

15     AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

16 complaint, County Defendants allege that statements complained of in the complaint were made by

17 defendants during the course of a judicial proceeding and were clearly related to that proceeding in which

18 the defendant was participating.

19     AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

20 complaint, County Defendants allege that the defendants are public entity and its employees, and the

21 statements complained of by plaintiff were made in the exercise of discretion properly vested in

22 defendants as a result of their employment by the public entity and were within the scope of defendants'

23 employment, and thus the statements are immune to a cause of action for slander under Section 815.2 and

24 820.2 of the Government Code.

25     AS AND FOR A FURTHER SEPARATE, DISTINCT AND AFFIRMATIVE DEFENSE to the

26 complaint, County Defendants allege that plaintiff's complaint is barred by the applicable statute of

27 limitations.

28     WHEREFORE, County defendants pray judgment as follows:

SENNEFF
FREEMAN
BLUESTONE

1        1.     In favor of County defendants and against plaintiff;

2        2.     For costs of suit incurred, including attorney's fees incurred as a result of this litigation;

3  and

4        3.     For such other and further relief as the court may deem proper.

5  DATED:     August 18, 2008

SENNEFF FREEMAN & BLUESTONE, LLP

By: _____
     Michael D. Senneff
     Bonnie A. Freeman
Attorneys for Defendants County of Sonoma,
Stephan Passalacqua, J. Michael Mullins, Greg
Jacobs, Christine M. Cook, Russel L. Davidson
and James Patrick Casey

## DEFENDANTS' DEMAND FOR TRIAL BY JURY

By way of endorsement hereon, the answering defendants hereby demand a trial by jury of this action.

DATED:     August 18, 2008

SENNEFF FREEMAN & BLUESTONE, LLP

By: _____
     Michael D. Senneff
     Bonnie A. Freeman
Attorneys for Defendants County of Sonoma,
Stephan Passalacqua, J. Michael Mullins, Greg
Jacobs, Christine M. Cook, Russel L. Davidson
and James Patrick Casey

## PROOF OF SERVICE

I am employed in Sonoma County, California. I am over the age of 18 years and not a party to the within action. My business address is 50 Old Courthouse Square, Suite 401, Santa Rosa, CA 95404. On August 18, 2008, I served the following document(s):

**ANSWER TO THIRD AMENDED COMPLAINT OF DEFENDANTS COUNTY OF SONOMA, STEPHAN PASSALACQUA, J. MICHAEL MULLINS, GREG JACOBS, CHRISTINE M. COOK, RUSSEL L. DAVIDSON AND JAMES PATRICK CASEY**

by placing a true copy thereof enclosed is a sealed envelope and served in the manner described below to:

*Attorneys for Plaintiff Rutledge:*
J. David Nick, Esq.
Editte Dalya Lerman, Esq.
45060 Ukiah Street
P.O. Box 802
Mendocino, CA 95460

Facsimile:  (707) 937-2207
Telephone: (707) 937-1711

*Attorneys for Defendant Michael Potts:*
John P. Devine, Esq.
Deputy Attorney General
State of California, Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

Facsimile: (415) 703-5480
Telephone: (415) 703-5522

&#95;&#95;X&#95;&#95; **BY U.S. MAIL:** I caused such envelope to be deposited in the mail at my business address, addressed to the addressee(s) designated and sent via first class mail to each individual stated below. I am readily familiar with Senneff Freeman & Bluestone's practice for collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Services on that same day in the ordinary course of business.

&#95;&#95;&#95;&#95; **BY HAND DELIVERY:** I caused such document to be delivered by hand to the addressee(s) designated.

&#95;&#95;&#95;&#95; **BY OVERNIGHT COURIER SERVICE:** I caused such envelope to be delivered via overnight courier services to the addressee(s) designated.

&#95;&#95;&#95;&#95; **BY FACSIMILE:** I caused said document(s) to be transmitted to the fax number(s) of the addressee(s) designated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Santa Rosa, California, on the date set forth above.

Tracy Kecskemeti