1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  JOHN P. DEVINE, State Bar No. 170773
   Deputy Attorney General
4   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
5   Telephone:  (415) 703-5522
    Fax:  (415) 703-5480
6   Email:  John.Devine@doj.ca.gov

7  Attorneys for Defendant Michael Potts

8

9                IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO CIVIL DIVISION

12

13  ZACHARIAH JUDSON RUTLEDGE,                Case No.  C 07-04274-CW

                                    Plaintiff,
14                                            **REPLY BY DEFENDANT
                                              MICHAEL POTTS TO
15        v.                                  PLAINTIFF'S OPPOSITION TO
                                              MOTION TO DISMISS
    COUNTY OF SONOMA,                         PLAINTIFF'S THIRD AMENDED
16                                            COMPLAINT**

                                   Defendants.
17                                            **Date:  September 16, 2008
                                              Time:  2:00 p.m.**
18                                            **Courtroom: C, 15th Flr.
                                              Judge: Hon. Claudia Wilken**

19

20        COMES NOW Defendant Michael Potts and files the following reply to Plaintiff Zachariah

21  J. Rutledge's opposition to his motion to dismiss.  This reply is based on the accompanying

22  memorandum of points and authorities.

23                **MEMORANDUM OF POINTS AND AUTHORITIES**

24                              **INTRODUCTION**

25        Plaintiff seeks money damages based upon twelve separate claims for relief, which

26  comprise plaintiff's third amended complaint.  Eight of these twelve claims for relief are made

27  against criminalist Michael Potts (*i.e*, 1st - Intentional/Negligent Infliction of Emotional Distress;

28  2nd - False Arrest and False Imprisonment  (42 U.S.C. §1983);  3rd - False Arrest (Cal. Govt.

**Reply by Defendant Michael Potts to Plaintiff's Opposition**          Rutledge v. Co. of Sonoma
**to Motion to Dismiss Plaintiff's Third Amended Complaint**                      C 07-04274-CW

1

1    Code § 810 et seq.);  4th - False Imprisonment (Cal. Govt. Code §810 et seq.);  5th - False

2    Imprisonment (Cal. Govt. Code §810 et seq.); 7th - Conspiracy;  9th - Denial of Fair Trial (Cal.

3    Govt. Code § 810 et seq.); and 12th - Malicious Prosecution).

4         Regarding the state law claims, defendant made a motion to dismiss the first, third, fourth,

5    fifth, and ninth claims for relief because of plaintiff's failure to file a timely government claim

6    prior to his filing the lawsuit.   In opposing plaintiff's motion to dismiss, plaintiff only asserts

7    that the third claim for relief (*i.e.*, state law claim for false arrest) is not barred by his failure to

8    file a timely government claim, but he fails to address the untimeliness of the government claim

9    as it relates to the first, fourth, fifth, and ninth claims for relief.  Consequently, he has waived

10   any opposition to these latter claims for relief and they ought to be dismissed with prejudice.

11        The plaintiff also made a claim for relief based upon malicious prosecution (*i.e.*, twelfth),

12   partly based upon state law.  Defendant opposed it, citing the immunity afforded against

13   malicious prosecution by California Government Code section 821.6.  While plaintiff cursorily

14   acknowledges this point, he does not advance any factual or legal arguments to show why it is

15   not applicable to the instant circumstances. (Pl. Opp. pp. 23-24 *passim*).  Accordingly, the

16   twelfth claim for relief for malicious prosecution ought to be dismissed with prejudice.

17        Notwithstanding the arguments that plaintiff did make in his opposition, the remaining

18   claims for relief in the third amended complaint ought to be dismissed with prejudice.

19        The federal law claim for relief for false arrest and false imprisonment (*i.e.*, 2nd) is barred by

20   the applicable statute of limitations.

21        The state law claim for relief for false arrest (*i.e.*, 3rd) is barred by the failure to file a state

22   governmental claim.

23        The federal law claims for relief for conspiracy and malicious prosecution (i.e., 7th and 12th)

24   do not state a cause of action.

25        For these reasons the Court is requested to dismiss the third amended complaint against

26   defendant Michael Potts with prejudice.

27   ///

28

**Reply by Defendant Michael Potts to Plaintiff's Opposition**           Rutledge v. Co. of Sonoma
**to Motion to Dismiss Plaintiff's Third Amended Complaint**                 C 07-04274-CW

1

**ARGUMENT**

2

**I**

3

4

**PLAINTIFF ENTIRELY FAILS TO REBUT DEFENDANT'S ASSERTION IN HIS MOTION TO DISMISS THAT PLAINTIFF DID NOT FILE A TIMELY BOARD OF CONTROL CLAIM**

5        The motion to dismiss made by defendant sought the dismissal of the first, third, fourth,

6    fifth, and ninth claims for relief because plaintiff failed to file a timely government claim prior to

7    his filing the lawsuit.

8        In opposing plaintiff's motion to dismiss, plaintiff only asserts that the third claim for relief

9    (*i.e.*, state law claim for false arrest) is not barred by his failure to file a timely government

10   claim.  His opposition to plaintiff's motion to dismiss remains utterly silent about the

11   untimeliness, as it relates to his first, fourth, fifth, and ninth claims for relief.

12       Consequently, he has waived any opposition to the these claims for relief ought to be

13   dismissed with prejudice.

14

**II**

15

16

17

**PLAINTIFF FAILS TO REBUT DEFENDANT'S ASSERTION THAT HE IS ENTITLED TO IMMUNITY, PURSUANT TO CALIFORNIA GOVERNMENT CODE SECTION 821.6, FROM A CLAIM FOR RELIEF BASED UPON STATE LAW FOR MALICIOUS PROSECUTION**

18       The plaintiff made a claim for relief based upon malicious prosecution (*i.e.*, twelfth), partly

19   based upon state law.

20       In his motion to dismiss, defendant raised the legal point that he was entitled to immunity

21   against malicious prosecution by California Government Code section 821.6. (Pl. Mot. to

22   Dismiss p.14 line 13 - p.15 line 6).

23       While plaintiff acknowledges that defendant raised this issue, he does not advance any

24   factual or legal arguments to show why it is not applicable to the instant circumstances. (Pl. Opp.

25   pp. 23-24 *passim*).

26       Therefore, the Court should dismiss the twelfth claim for relief for malicious prosecution.

27   //

28   //

**Reply by Defendant Michael Potts to Plaintiff's Opposition**                                      Rutledge v. Co. of Sonoma
**to Motion to Dismiss Plaintiff's Third Amended Complaint**                                       C 07-04274-CW

**III**

**PLAINTIFF'S CLAIMS FOR RELIEF BASED UPON
ALLEGATIONS OF FALSE ARREST AND FALSE IMPRISONMENT
ACCRUED WELL BEFORE HE FILED EITHER HIS BOARD OF
CONTROL CLAIM OR HIS LAWSUIT**

Plaintiff's opposition to defendant's motion to dismiss states, "A Fourth Amendment violation occurs where 'the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading.' *Liston v. County of Riverside* (9th Cir. 1997), 120 F.3d 965, 973." (Pl. Opp. p. 16, lines 15-17).

Michael Potts only authored a forensic laboratory report on August 3, 2000.[1] (Pl. 3rd Am. Compl. ¶ 18).

According to plaintiff's third amended complaint, "On, or about, May 8, 2002, CASEY, commanded DAVIDSON to draft a Declaration in Support of Warrant of Arrest, which was date May 8, 2002." (Pl. 3rd Am. Compl. ¶ 20). "On, or about, May 8, 2002, CASEY made the decision to arrest PLAINTIFF." (Pl. 3rd Am. Compl. ¶ 36). "On, or about, May 8, 2002, CASEY ordered DAVIDSON to arrest PLAINTIFF."[2] (Pl. 3rd Am. Compl. ¶ 21). "On, or about,  May 8, 2002, DAVIDSON authored a Declaration in Support of Warrant of Arrest. . ." (Pl. 3rd Am. Compl. ¶ 22). "On, or about May 8, 2002, CASEY, DAVIDSON and DOES 11-20 arrested PLAINTIFF." (Pl. 3rd Am. Compl. ¶ 37).

As a result, plaintiff's third amended complaint does not state a cause of action against defendant Michael Potts for false arrest.

Even if he could – and he cannot –  the second claim for relief for false arrest and false imprisonment under 42 U.S.C. section 1983 is barred by the applicable statute of limitations.  As raised by defendant in his motion to dismiss, the Supreme Court recently noted, "While we have

---

1.  Plaintiff avers broadly that statements in it were false, but does not identify the false statements. (Pl. 3rd Am. Compl. ¶ 24).

2.  *Df.* "CASEY, POTTS, and DAVIDSON agreed to present a false affidavit containing false evidence to the magistrate through the Declaration in Support of Warrant of Arrest that was dated May 8, 2002." (Pl. 3rd Am. Compl. ¶ 25).

**Reply by Defendant Michael Potts to Plaintiff's Opposition**                          Rutledge v. Co. of Sonoma
**to Motion to Dismiss Plaintiff's Third Amended Complaint**                          C 07-04274-CW

4

1    never stated so expressly, the accrual date of a §1983 cause of action is a question of federal law

2    that is not resolved by reference to state law." (*Wallace v. Kato*, 127 S.Ct. 1091, 1095, 166

3    L.Ed. 2d 973, 980 (2007)).  The Court clarified that "False arrest and false imprisonment

4    overlap; the former is a species of the latter." (*Ibid.*)  In analyzing and applying the statute of

5    limitations for false imprisonment, the *Wallace* decision emphasized that "Reflective of the fact

6    that false imprisonment consists of detention without legal process, a false imprisonment ends

7    once the victim becomes held pursuant to such process – when, for example, he is bound over by

8    a magistrate or arraigned on charges." (*Id.* at 1096). (Def. Mot. to Dismiss p. 13, lines 10-18).

9        Plaintiff cites the Ninth Circuit's *Kimes* decision in support of the date of accrual, but that

10    case had absolutely nothing to do with false arrest or false imprisonment. (Pl. Opp. p. 16, lines

11    15-17).  Meanwhile, he entirely avoids any mention or discussion of the Ninth Circuit's

12    *Matthews* decision – discussing the accrual dates for false arrest and false imprisonment –  cited

13    by defendant in his motion to dismiss. (Pl. Mot. to Dismiss p. 13, line 19 - p. 14, line 2). In

14    Matthews the Court of Appeal observed, "Where false arrest or illegal search and seizure is

15    alleged, the claim accrues from the date of the wrongful act." (*Matthews v. Macanas*, 990 F.2d

16    467, 469 (9th Cir. 1993) citing *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983)).[3]

17        Therefore, plaintiff's federal law claims for relief due to his alleged false arrest or false

18    imprisonment ought to be dismissed with prejudice.

19        Regarding plaintiff's state law claim for false arrest, it becomes apparent that the initial

20    criminal case against was entirely terminated on June 14, 2004.  A review of the transcript of the

21    proceedings that day, especially pages 33-35, reveal that the Court dismissed the criminal

22    charges against plaintiff and released him. (*People v. Zachariah Judson Rutledge* - Superior

23

24        3. Again, the *Matthews* case involved contentions that an FBI agent submitted an affidavit
     for a search warrant that purportedly omitted material facts and included false statements, which
25    caused the plaintiff to be the alleged victim of an unlawful and warrantless arrest. In upholding the
     bar of Matthews' claim that the FBI agent and others "conspired to deprive them of their
26    constitutional rights under the *Fourth Amendment*" by the expiration of the applicable statute of
     limitations, the Court of Appeals noted the following: "In this case, Matthews was arrested on
27    September 13, 1989.  He did not file suit until January 22, 1991, well after the limitations period had
28    run. (*Id.* at  468-469).

**Reply by Defendant Michael Potts to Plaintiff's Opposition**                              Rutledge v. Co. of Sonoma
**to Motion to Dismiss Plaintiff's Third Amended Complaint**                              C 07-04274-CW

1  Court of California, County of Sonoma - Case No. MCR 398506, SCR-32528).  The following

2  colloquy among those present, including plaintiff's current counsel, is instructive:

3          Mr. Nick:        Your honor, there's an order from the Court that defendant be

4                           released forthwith.

5          Ms. Cook:        On this case, correct.

6          Mr. Nick:        The sheriff's department doesn't have the authority to ignore that order.

7                           So if they're going to go through the process of refiling a complaint,

8                           they need to do it here and now, otherwise, they can rearrest the

9                           defendant at a time when their office makes a decision that that has

10                          occurred.  The defendant just can't sit there in jail while they determine

11                          what to do.

12         Ms. Cook:        This happens on a daily basis, and I'm sure that you Honor is aware of

13                          that. What will happen is the sheriff will begin processing the defendant

14                          on the current dismissal.  In the meantime, our office will generate the

15                          appropriate paperwork unrelated to this case.

16         The Court:       I think it's a timing case, Mr. Nick.  If the paperwork gets there before

17                          the defendant is released, he will be held on the new paper . . .

18  (Pl. Request for Judicial Notice, Ex. 10 - Transcript of Hearing June 14, 2004, 34:15 - 35:4).

19  Whatever legal twists and verbal turns plaintiff's counsel makes in the opposition to get around

20  the failure to file a timely  government claim for false arrest, at the absolute latest, the accrual of

21  plaintiff's false arrest claim for relief based state law occurred on  June 14, 2004.  On that date

22  he was released, only to be rearrested on new charges. (*People v. Zachariah Judson Rutledge* -

23  Superior Court of California, County of Sonoma - Case No. MCR 443363).

24                                                **IV**

25         **PLAINTIFF'S THIRD AMENDED COMPLAINT DOES NOT
           CONTAIN ENOUGH DEFINITENESS TO SUPPORT A**
26         **CONSPIRACY CLAIM FOR RELIEF**

27         Plaintiff  has not adequately pled that defendant Michael Potts reached an agreement with

28  other parties to inflict a wrong or injury on plaintiff.  Indeed, plaintiff's opposition cites any

**Reply by Defendant Michael Potts to Plaintiff's Opposition**                    Rutledge v. Co. of Sonoma
**to Motion to Dismiss Plaintiff's Third Amended Complaint**                       C 07-04274-CW

1  number of things – informing the Deputy District Attorney about the paucity of scientific studies

2  and writing a letter to the Deputy District Attorney about his testimony in the preliminary

3  hearing – that cannot be expected to be actions in furtherance of a conspiracy.  (Pl. Opposition

4  *passim*; Pl. 3rd Am.Compl ¶¶ 48, 60).

5       Therefore, the allegations as to any conspiracy involving defendant Potts require a more

6  definite statement.

7                                         **CONCLUSION**

8       For the reason stated above, defendant Michael Potts again requests that the Court dismiss

9  the third amended complaint with prejudice.

10              Dated:  September 2, 2008.

11                              Respectfully submitted,

12                              EDMUND G. BROWN JR.
                                Attorney General of the State of California

13

14

15                              /s/ John P. Devine
                                JOHN P. DEVINE
16                              Deputy Attorney General

17                              Attorneys for Defendant Michael Potts

18

19  Reply by Deft. Potts to Pltf's Oppos. to MTD 3rd Amend. Cmplt

20  SF2008400170

21

22

23

24

25

26

27

28

**Reply by Defendant Michael Potts to Plaintiff's Opposition**                              Rutledge v. Co. of Sonoma
**to Motion to Dismiss Plaintiff's Third Amended Complaint**                              C 07-04274-CW