IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZACHARIAH JUDSON RUTLEDGE,

    Plaintiff,

  v.

COUNTY OF SONOMA, et al.,

    Defendants.
    _____/

No. C 07-4274 CW

ORDER GRANTING IN PART DEFENDANT POTTS' MOTION TO DISMISS

    Defendant Michael Potts moves to dismiss all of the claims asserted against him by Plaintiff Zachariah Rutledge or, in the alternative, for a more definite statement.  Defendants County of Sonoma, Sonoma County Sheriff's Department, Sonoma County District Attorney's Office, Stephan Passalacqua, J. Michael Mullins, Greg Jacobs, Christine M. Cook, Russel L. Davidson, James Patrick Casey and Beau M. Martin[1] (collectively, the County Defendants) join in Mr. Potts' motion with respect to Plaintiff's seventh and twelfth causes of action for conspiracy to violate his civil rights and

---

[1] Plaintiff's claims against Mr. Martin in the second amended complaint were previously dismissed without prejudice.  The third amended complaint does not identify Mr. Martin as a defendant or contain any allegations against him.  Mr. Martin is therefore no longer a party to this action.

for malicious prosecution. Plaintiff opposes the motion. The matter was heard on September 16, 2008. Having considered oral argument and all of the papers submitted by the parties, the Court grants the motion in part and denies it in part.

BACKGROUND

This case arises out of Plaintiff's prosecution for two murders that occurred in 1998. Plaintiff was acquitted of these crimes after a jury trial. He now charges malfeasance by a number of the individuals who were involved in his prosecution.

Plaintiff claims that in August, 2000, Defendant Potts, a criminalist for the California Department of Justice, authored a forensic laboratory report containing false statements. Specifically, Plaintiff alleges the report falsely stated that a paint sample found on a knife at the crime scene had the same sequence of colored layers as a paint sample collected from Plaintiff's residence. As alleged in the third amended complaint, this false statement was "included in the forensic laboratory report with malice and reckless disregard of the truth." Compl. ¶ 19.

In May, 2002, Mr. Potts allegedly colluded with Defendant Casey, a Deputy District Attorney, and Defendant Davidson, a detective with the Sonoma County Sheriff's Department, to present an affidavit containing the false evidence described above to a magistrate in order to secure a warrant for Plaintiff's arrest. Plaintiff claims that Mr. Casey and Mr. Davidson also omitted exculpatory evidence from the affidavit "in an effort to deceive and mislead the magistrate into issuing the requested Arrest Warrant." Id. ¶ 29.

2

1    According to the complaint, on November 15, 2002, Mr. Potts
2 provided the following false testimony at Plaintiff's preliminary
3 hearing:

> [T]he paint on the knife matches the paint on the other
> two items [from Plaintiff's residence], not only in
> color, but also layer sequence and type of paint.
> . . . [W]e're talking about separate layers and four
> different colored layers as well.  And also the paint on
> this is the architectural type paint in that it's
> different in chemical composition from paint that you
> would find like, for instance, on automobiles and things
> of that nature. . . . It not only matches in color, in
> other words, the color of the paint on People's 13 and 13
> is the same as the paint on the knife, but also it's
> [sic] layer sequence, and the colors of each of those
> layers is the same that appears on the knife [and]
> matches the same chemical composition of each of those
> layers that you can see on People's 12 and 13.

12 Id. ¶ 45.  Mr. Potts also allegedly stated at the hearing that
13 "there was a million to one chance that the paint would match."
14 Id. ¶ 50.

15    Plaintiff claims that this testimony was based on an obsolete
16 and inapplicable article on paint comparison, and that Mr. Potts
17 was aware of this fact and the consequent weakness in his report.
18 In fact, according to the complaint, Mr. Potts informed Mr. Casey
19 that he needed to perform additional tests on the paint in order to
20 confirm the match between the paint on the knife and the paint
21 retrieved from Plaintiff's residence.  Plaintiff further alleges
22 that Mr. Casey and Mr. Potts concealed the many infirmities in the
23 forensic report by failing to disclose all of Mr. Potts' bench
24 notes during discovery.  Had these notes been provided, Plaintiff
25 claims, he would have been able to demonstrate the unreliability of
26 Mr. Potts' testimony.

27    On January 27, 2004, Mr. Potts allegedly sent Defendant
28 Jacobs, who by that time had taken over the prosecution of the case

3

from Mr. Casey, a letter in which he admitted to "over-simplifying" his discussion of the examination he had performed on the paint samples. In particular, the letter stated:

> My response [at the preliminary hearing] implies that I conducted a chemical analysis of the paint on the molding. In fact, I had only performed a microscopical computation of the paint on the knife with the paint on the molding. . . . Furthermore, in reviewing the transcript, it could be interpreted that I performed an analysis on each individual colored layer of paint on the knife. In fact, because the paint on the knife was in the form of a smear, I was unable to fully separate the paint transfers into distinct individual layers; and therefore, analysis was conducted on more than one layer at the time.

Id. ¶ 60. According to the complaint, the "precise date when PLAINTIFF discovered the January 27, 2004, letter from POTTS to JACOBS is unknown at this time." Id. ¶ 62.

Although the complaint does not disclose this, the Court takes judicial notice of the fact that on March 8, 2004, Plaintiff moved to dismiss the charges against him based on "recently discovered misrepresentations made by senior criminalist Michael Potts of the California Department of Justice at the preliminary examination." County Defs.' Req. for Judicial Notice (Docket No. 23) Ex. A (criminal docket) at 13. In ruling on Plaintiff's motion, the presiding judge reviewed the entirety of the evidence presented at the preliminary hearing. She found that Mr. Potts' testimony was central to the prosecution's case:

> [U]pon weighing all the evidence, the evidence produced at the preliminary hearing and considering the undisclosed evidence and the effect of the undisclosed evidence and the effect of the testimony of Mr. Potts, this Court finds that there is a reasonable probability that the magistrate would not have found probable cause [in the absence of Mr. Potts' testimony].
>
> The Court finds that the exculpatory value of the suppressed evidence outweighs the possible incriminating

4

> evidence presented against the defendant at the preliminary hearing.
>
> But during one of the arguments that [Mr. Rutledge's counsel] made that this Court finds compelling, it's not only what wasn't produced, it's what was produced.
>
> I think there's sufficient reason for this Court to turn over the preliminary hearing based upon what was not produced, but I'm more concerned about what was produced, and the effect of having this marginal testimony remaining and the effect of Mr. Potts's statement that based upon all of his analysis it was a million to 1 that all of these layers matched. It had to have had an unbelievable -- well, completely believable effect upon the magistrate, and it completely outweighs the rest of this evidence so the Court is granting the motion.

Pl.'s Third Req. for Judicial Notice (Docket No. 55) at 32-33.

Accordingly, the case was dismissed on June 14, 2004 and Plaintiff was ordered released. The next day, the prosecution filed another complaint against Plaintiff. The action proceeded to trial, after which Plaintiff was acquitted.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964 (2007).

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to a consideration of the

5

allegations in the pleadings, the court may also consider matters of which judicial notice may be taken, and doing so does not convert the motion into one for summary judgment. United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 1993).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

I.   State Law Claims

   A.   Immunity From Malicious Prosecution Claims

California Government Code § 821.6 states, "A public employee is not liable for an injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Mr. Potts argues that this provision bars Plaintiff's state law claims for malicious prosecution. Plaintiff responds to this argument only by asserting that a plaintiff may pursue a Fourth Amendment claim for malicious prosecution. This is irrelevant to Mr. Potts' immunity from the malicious prosecution claims based on state law. The Court finds that those claims are barred by § 821.6, and dismisses them with prejudice.

Although the County Defendants do not explicitly move to

6

dismiss the state law malicious prosecution claims against them, their notice of joinder refers to the portion of Mr. Potts' motion containing his immunity argument. The Court will construe this as an invocation of immunity under § 821.6. Because the statute applies with equal force to the County Defendants, the state law claims against them for malicious prosecution are dismissed with prejudice.

B. Compliance with the Tort Claims Act

California's Tort Claims Act (TCA) includes a requirement that "one who sues a public employee on the basis of acts or omissions in the scope of the defendant's employment [must] have filed a claim against the public-entity employer." Briggs v. Lawrence, 230 Cal. App. 3d 605, 613 (1991); Cal. Gov't Code § 950.2. Mr. Potts moves to dismiss the following state law claims on the ground that Plaintiff failed to file a timely claim, as required by the TCA: 1) the first cause of action, for intentional and negligent infliction of emotional distress; 2) the third cause of action, brought pursuant to California Civil Code § 52.1[2] for violation of Plaintiff's right against unreasonable seizure under the Fourth Amendment of the U.S. Constitution and its analog in the California Constitution; 3) the fourth cause of action, brought pursuant to California Civil Code § 52.1 for violation of Plaintiff's right

---

[2] Section 52.1 imposes civil liability on a person who, "whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]." Cal. Civ. Code § 52.1(a).

7

against unreasonable seizure under the California Constitution;[3] 4) the fifth cause of action, for the common law tort of false imprisonment; 5) the ninth cause of action, brought pursuant to California Civil Code § 52.1 for denial of due process in violation of the Fifth Amendment of the U.S. Constitution and its analog in the California Constitution; and 6) the twelfth cause of action, brought pursuant to California Civil Code § 52.1 and common law for malicious prosecution.[4]  As discussed above, Plaintiff's state law malicious prosecution claims in the twelfth cause of action are barred by California Government Code § 821.6.  The Court therefore need not and does not determine whether these claims are also barred by Plaintiff's failure to comply with the TCA.  The Court will thus address only the TCA's application to Plaintiff's other claims.

The TCA provides in relevant part, "A claim relating to a cause of action for death or for injury to person . . . shall be presented . . . not later than six months after the accrual of the cause of action."  Cal. Gov't Code § 911.2(a).  Plaintiff filed an administrative claim with the California Victim Compensation and Government Claims Board (the Board) on March 6, 2007.  Accordingly, any claim that accrued prior to September 6, 2007 is barred.

The parties dispute when Plaintiff's claims accrued.

---

[3] The fourth cause of action appears to be redundant of the third; the former is entitled, "False Imprisonment" while the latter is entitled, "False Arrest," but both causes of action allege violations of § 52.1 based on infringement of the same constitutional right by the same conduct.

[4] The twelfth cause of action is actually four claims in one: it asserts malicious prosecution claims under 42 U.S.C. §§ 1983 and 1985 in addition to the malicious prosecution claims under § 52.1 and common law.

8

According to the complaint, Plaintiff became aware of the conduct giving rise to them sometime between January 27, 2004, when Mr. Potts wrote the letter concerning his testimony at the preliminary hearing, and March 8, 2004, when Plaintiff moved to dismiss the action based on Mr. Potts' testimony. Because a claim "accrues when a party knows or has reason to know of the injury which is the basis of the cause of action," Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996) (internal quotation marks omitted), his claims accrued no later than March 8, 2004. His state law claims are thus barred because Plaintiff failed to file an administrative claim within six months of March 8, 2004.

Plaintiff argues that his claims did not accrue until much later. He notes that, when an unlawful seizure claim is asserted against a defendant for making false statements in an affidavit submitted in support of an arrest warrant, the plaintiff must demonstrate that the arrest would not have occurred or been perpetuated but for the false statement. See Liston v. County of Riverside, 120 F.3d 965, 972-73 (9th Cir. 1997). Plaintiff also notes that his arrest warrant was supported, not just by statements attributed to Mr. Potts, but also by statements attributed to two other individuals. These individuals, James Lewis and Debbie Becker, also testified at Plaintiff's preliminary hearing. Plaintiff argues that he did not know, nor could he have been expected to know, that he had an unlawful seizure claim until their statements were demonstrated to be insufficient to provide probable cause for his arrest and imprisonment. According to Plaintiff, this did not occur until 2006. In March of that year, "during an interview of JAMES LARRY LEWIS, JR. by PLAINTIFF'S investigator,

9

PLAINTIFF discovered that the statements made by LEWIS to DAVIDSON in the underlying criminal action, and the statements that he made during the preliminary hearing, were false." Compl. ¶ 64. Similarly, during Plaintiff's trial, which took place between August 4, 2006 and September 29, 2006, he allegedly learned that Ms. Becker's statements were false.[5]

Notwithstanding these allegations, Plaintiff cannot show that he did not know or have reason to know of the injury allegedly inflicted by Mr. Potts until 2006, because he moved to dismiss the case against him in March, 2004 based on that same injury. In ruling on his motion, the presiding judge found that Mr. Potts' testimony at the preliminary hearing was overwhelming in comparison to the "marginal" testimony of other witnesses, and concluded that there was a reasonable likelihood that probable cause would not have been found absent Mr. Potts' testimony. Plaintiff was thus aware, or should have been aware, of all of the facts necessary to state his claims against Mr. Potts in 2004, and his argument that his claims accrued at a later date is not persuasive. Accordingly, his first, third, fourth, fifth and ninth causes of action are dismissed with prejudice for failure to comply with the TCA's claims-presentation requirements.

## II. Claims Under 42 U.S.C. § 1983

### A. Timeliness of Plaintiff's Fourth Amendment Claim

Mr. Potts argues that Plaintiff's second cause of action,

---

[5] Although Plaintiff states in his opposition that he discovered the falsity of the statements on September 15, 2006, the complaint does not specify the exact date. This is potentially a material fact because, even accepting the general premise of Plaintiff's argument, he may only proceed with claims that accrued after September 6, 2006.

10

brought pursuant to 42 U.S.C. § 1983 for false arrest and imprisonment in violation of the Fourth Amendment, should be dismissed because he did not file this action within the applicable two-year limitations period.[6]  Mr. Potts incorrectly assumes, however, that this claim accrued when Plaintiff was arraigned.  In support of this position, he cites Wallace v. Kato, __ U.S. __, 127 S. Ct 1091 (2007), in which the Supreme Court held that a Fourth Amendment claim for unlawful arrest, where the arrest is followed by criminal proceedings, accrues at the time the plaintiff is detained pursuant to legal process -- "when, for example, he is bound over by a magistrate or arraigned on charges." Id. at 1096.  However, the Court has already found that Wallace is distinguishable because it did not involve a delay in the plaintiff's discovery of the conduct that gave rise to his cause of action.  Wallace does not displace the rule that a claim "accrues when a party knows or has reason to know of the injury which is the basis of the cause of action." Kimes, 84 F.3d at 1128 (internal quotation marks omitted).  Taking the allegations in the complaint as true, Plaintiff's claim accrued no earlier than January 27, 2004, when Mr. Potts wrote the letter to Mr. Jacobs.

In addition, § 1983 claims are subject to the tolling provisions of state law.  Hardin v. Straub, 490 U.S. 536, 542 (1989).  California law provides that, if a cause of action accrues while an individual is imprisoned on criminal charges, the

---

[6] Mr. Potts argues that the one-year period that applied to § 1983 claims before January 1, 2003 should apply to Plaintiff's claim.  However, as discussed below, Plaintiff's claim did not accrue until January 27, 2004 at the earliest.  Because the claim accrued after the January 1, 2003 effective date of the two-year limitations period, the longer period applies.

11

limitations period is tolled for up to two years. See Cal. Civ. Proc. Code § 352.1(a). Accordingly, the limitations period for Plaintiff's Fourth Amendment false arrest claim was tolled for two years, until January 27, 2006 at the earliest.[7] He therefore had until at least January 27, 2008 to file this lawsuit. Because this action was filed on August 20, 2007, Mr. Potts has not established that Plaintiff's second cause of action is untimely.[8]

B.   Sufficiency of the Allegations in the Complaint

Mr. Potts argues that the portion of Plaintiff's twelfth cause of action that is brought pursuant to § 1983 for malicious prosecution in violation of the Fourth Amendment should be dismissed because the complaint lacks factual allegations sufficient to state such a claim.[9] In his reply brief, he makes the same argument about Plaintiff's second cause of action for false arrest and imprisonment in violation of the Fourth Amendment. The Court previously dismissed these claims without prejudice because the complaint did not specify what Mr. Potts' allegedly false statements were or how they were false. Accordingly, the Court found that the complaint was not sufficient to put Mr. Potts

---

[7] Because the Court concludes that Plaintiff's claims are timely pursuant to the two-year tolling provision of § 352.1(a), it need not determine whether Mr. Potts is a "peace officer," which would trigger an even longer tolling provision. See Cal. Gov't Code § 945.3.

[8] At the oral argument on Mr. Potts' first motion to dismiss, he conceded that Plaintiff's claim would not be time-barred if his allegations concerning the date on which he learned of the conduct giving rise to it are true. His present position is inconsistent with his earlier one.

[9] Although the twelfth cause of action refers to Plaintiff's right to due process, the Court will construe the claim, as it did in its previous order, as one for malicious prosecution in violation of the Fourth Amendment.

12

on notice of what he was alleged to have done and how those acts gave rise to civil liability for Fourth Amendment violations.  The third amended complaint, however, contains a number of new factual allegations concerning Mr. Potts' statements and the role those statements played in Plaintiff's initial arrest and his imprisonment pending trial.  These new allegations are sufficiently precise to state claims for false arrest and malicious prosecution under the notice pleading standard of the Federal Rules.

Mr. Potts similarly asserts that Plaintiff's seventh cause of action, brought pursuant to §§ 1983 and 1985 for conspiracy to violate his constitutional rights, lacks the requisite specificity.  This assertion is part of Mr. Potts' broader argument that the third amended complaint generally is "so vague and ambiguous that it precludes [him] from framing a responsive pleading or raising additional legal issues that might subject this lawsuit to dismissal."  Mot. at 16.  Mr. Potts' argument with respect to the seventh cause of action is not thoroughly developed; he asserts simply that the conspiracy claim is "exactly the same as that in [the] second amended complaint."  Id.  But the complaint contains additional factual allegations concerning Mr. Potts' role in Plaintiff's prosecution.  The Court finds that the complaint contains sufficient allegations concerning Mr. Potts' collusion with Mr. Casey and Mr. Davidson to state a claim for conspiracy.

As stated above, the County Defendants join in Mr. Potts' motion to dismiss the seventh and twelfth causes of action on the ground that the complaint lacks sufficient allegations to state a claim.  However, they have not filed their own memorandum of law, and Mr. Potts' motion does not discuss the adequacy of the

13

complaint with respect to the claims against them. The Court will not sua sponte evaluate the sufficiency of the allegations against each of the County Defendants when they have not done so themselves. Accordingly, the claims against the County Defendants will not be dismissed on this ground.

The Court also denies Mr. Potts' motion for a more definite statement. Apart from asserting in general terms that the complaint is vague and ambiguous, he has pointed to no specific shortcoming that is not already discussed above. The complaint contains sufficient allegations to put him on notice of the claims against him and to enable him to frame a responsive pleading.

## CONCLUSION

For the foregoing reasons, Mr. Potts' motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff's first, third, fourth, fifth and ninth causes of action against Mr. Potts are dismissed with prejudice. The state law malicious prosecution claims against all Defendants, which are contained in the twelfth cause of action, are also dismissed with prejudice. Any party who has not yet filed an answer to the third complaint must do so within ten days of the date of this order.

IT IS SO ORDERED.

Dated: 9/26/08

CLAUDIA WILKEN
United States District Judge